United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Ricardo Sanchez, Jr., | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-80693-Civ-Scola |
| | ) | |
| United States of America, | ) | |
| Respondent | ) | |

### Order Requiring Discovery and Scheduling Conference

This matter is before the Court upon an independent review of the record.  It is **ordered and adjudged** as follows:

1. Within 30 days of this Order, the parties must meet and confer regarding discovery and scheduling issues, as set out in Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b).  When conferring regarding discovery, the parties should be cognizant that, pursuant to Rule 6(a), Rules Governing Section 2255 Proceedings in the United States District Courts, leave of court is required **prior** to conducting discovery. Should either party request discovery, they must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.  The parties should also consider that the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings in the United States District Courts, may be applied to this proceeding.

2. Within 10 days of the parties' discovery-and-scheduling conference, the parties must submit a joint proposed scheduling order in line with Local Rule 16.1(b)(3). If the parties believe that this case is uniquely complex and requires more time than the times allotted in Local Rule 16.1(a)(2), the parties must set out the reasons justifying a more protracted schedule.

3. Joint Proposed Scheduling Order.  The parties must provide time limits as to the following: (1) Movant's legal memorandum in support of the motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. §2255,(2) Respondent's response and memorandum to the motion to vacate, set aside or correct sentence and memorandum filed pursuant to 28 U.S.C. §2255, (3) Movant's traverse and any reply memorandum to the Respondent's response

and memorandum, (4) deadline to amend pleadings, and (5) proposed date of evidentiary hearing.

4. Within 10 days of the parties' discovery-and-scheduling conference, the parties must also file a joint-discovery-plan-and-conference report, as set forth in Federal Rule of Civil Procedure 26(f)(3) and Local Rule 16.1(b)(2). The parties should note that Federal Rule of Civil Procedure 26(f)(3)(B) and Local Rule 16.1(b)(2)(C) requires the joint-discovery-plan-and-conference report to indicate the parties' proposed time limit to complete discovery.

5. Discovery Motion Procedures. Discovery motions (which must contain the Local Rule 7.1(a)(3) certification of good-faith conference) will be handled on an **expedited briefing schedule** and with a **shortened page limitation**, to prevent delay. The parties must file responses and replies to discovery motions no later than seven days after a motion, or response, is filed. These deadlines are inclusive of the "mailing" days allotted by the Federal and Local Rules. Any contrary deadlines that may appear on the Court's docket or the attorneys' deadline report, generated by CM/ECF, cannot modify this Order.

Any discovery motion and response, including the incorporated memorandum of law, may not exceed 10 pages. Any reply memoranda may not exceed five pages. Also, the parties should note that Federal Rule of Civil Procedure 29 permits parties to stipulate to extend the time for responding to interrogatories, requests for production, or requests for admissions, unless such extension would interfere with the deadline set for completing discovery, for hearing a motion, or for having an evidentiary hearing.

**Done and ordered**, at Miami, Florida, on May 23, 2016.

_____
Robert N. Scola, Jr.
United States District Judge