UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-80693-CV-SCOLA
(Case No. 06-80171-Cr-Hurley/Vitunac(s)(s)(s))

RICARDO SANCHEZ, JR.
          Movant,

vs.

UNITED STATES OF AMERICA,
          Respondent.
_____/

## UNITED STATES' MOTION TO ALLOW ACCESS TO PREVIOUSLY PRIVILGED MATERIAL

COMES NOW, the United States of America, and filed this Motion Requesting that the Court allow access to previously privileged material, and in support thereof states the following:

On March 31, 2009, Movants Ricardo Sanchez and Daniel Troya were convicted of multiple drug trafficking, firearms, and car jacking counts.   (DE 797,Sanchez, Counts 1, 4, 5, 6-10, 13-15)(DE 792, Troya, Counts 1, 3, 5-10, 13-16).1   Counts 6 through 10 were all death penalty eligible offenses.

As a consequence of those convictions, Sanchez and Troya were both sentenced to death (DE's 899, 900).   Sanchez and Troya both took direct appeals of their convictions and sentences and on October 2, 2013, the Eleventh Circuit Court of Appeals affirmed both the convictions and death sentences (DE 1134).   On May 3, 2016, Sanchez and Troya both filed similar, but by no means identical motions under 28 U.S.C. § 2255 motions which raised a broad range of issues

---

1 Citations to the docket sheet, denoted "DE", relate to Case No. 06-80171-Cr-Hurley.

attacking both their convictions and death sentences (DE's 1200 and 1201).

On or about July 27, the United States Attorney's Office (or undersigned) made contact with the Michael Cohen and Donnie Murell,, the attorneys who represented Sanchez during trial and the death penalty proceedings.   Both counsel indicated that they were not inclined to provide information to the United States Attorney's Office, or sit down to discuss their former representation, citing the attorney-client privilege.     Similarly, because Sanchez argues that his appellate lawyers were also ineffective, the undersigned also contacted, Sarah S. Gannett and Martin J. McClain, one of the lawyers who represented Sanchez before the Eleventh Circuit Court of Appeals.    Gannett asserted a similar position; and McClain did not respond.

Sanchez's motion seeking relief under Title 28, United States Code Section 2255, spans some one-hundred and eighty-seven pages and addresses a number of issues including:

### A. Trial counsel, guilt phase (Cohen)

Trial counsel was ineffective for failing to investigate, develop and present evidence of Sanchez's mental incompetence to stand trial

Trial counsel failed to investigate evidence of Sanchez's incompetence or request a hearing to determine Sanchez's competence to stand trial

Trial counsel Failed to take steps to ensure that Sanchez understood the nature    and consequences of the charges against him, and that he could reasonably assist counsel in his own defense

Trial counsel were Ineffective for Failing to Object to the Substitution of the Medical Examiner; reasons and records relating to this issue; Ineffective for Failing to Object to Dr. Mittleman's Testimony

Trial counsel ineffective for not challenging composition of grand jury venire

Trial counsel ineffective for not challenging composition of petit jury venire

Trial counsel unreasonably and prejudicially failed to investigate and challenge the

government's trial tool mark evidence

Trial counsel was ineffective for failing to investigate and present the testimony of a qualified expert in cellular telephone forensics

Trial counsel was ineffective for failing to object to the charges, jury instructions, and special verdict forms for Counts 7 through 10

Guilt and penalty counsel unreasonably failed adequately to challenge the firearms evidence against Sanchez relating to Haverhill and Suwanee shootings

Trial counsel unreasonably and prejudicially failed to object to improper argument in government trial rebuttal

### B. **Sanchez, Trial Counsel, penalty phase:    (Murrell )**

Trial Counsel Ineffectively Failed to Investigate, Develop and Present Expert Mental Health Testimony Regarding Mr. Sanchez's Psychiatric Disorders and the Effect of Such Disorders on Mr. Sanchez's Behavior and Functioning

Trial Counsel Unreasonably and Prejudicially Failed to Investigate and Present to the Jury Compelling Evidence that Mr. Sanchez is Intellectually Disabled and the Effects of that Disability on his Behavior and Functioning

Trial Counsel Unreasonably and Prejudicially Failed to Investigate Mr. Sanchez's Competence to Stand Trial at the Penalty Phase, and to Present Evidence to the Court that Mr. Sanchez was Incompetent

Trial counsel failed to take steps to ensure that Sanchez understood the nature    and consequences of the charges against him, and that he could reasonably assist counsel in his own defense

Trial Counsel Rendered Ineffective Assistance to Mr. Sanchez by Their Errors and Omissions in Consultation with the Mental Health Experts Retained by the Defense

Trial counsel failed to provide their experts with results of an adequate background investigation, including a neuropsychologist who administered intelligence and some neuropsychological testing to Mr. Sanchez, to do a full psychological workup

Trial penalty counsel unreasonably permitted Mr. Sanchez to be administered psychological testing, including IQ testing, repeatedly within a period of months, resulting in the skewing of Mr. Sanchez's scores due to practice effects and progressive practice effects

Trial counsel failed to ensure that any mental health professional with whom they consulted performed an evaluation on Mr. Sanchez to determine whether he suffered from symptoms of psychiatric disorder

Counsel failed to review Dr. Grant's notes with him, and failed to prepare him for cross examination

Trial Penalty counsel possessed number of documents recording mitigating information about Mr. Sanchez's family history, his own life history, and his deficits that he failed to present to the jury

Trial Penalty counsel failed to introduce into evidence Mr. Sanchez's employment records, or call witnesses to testify about these records or Mr. Sanchez's employment history which would have showed inability to hold employment or get job without family help

Trial Counsel also failed to introduce records in their possession documenting Mr. Sanchez's ingestion of his brother's seizure medication when he was two years old.

Trial Penalty counsel ineffective in crossing Dr. Michael Brannon, trial counsel failed to consult with an expert in IQ testing and to present testimony to challenge the validity of the full scale IQ score Dr. Brannon had obtained.

Trial/penalty Counsel Unreasonably and Prejudicially Failed to Investigate, Challenge, and Mitigate the Evidence Introduced in Aggravation by the Prosecution.

Guilt and penalty counsel unreasonably failed adequately to challenge the firearms evidence against Sanchez relating to Haverhill and Suwanee shootings

Penalty counsel ineffective for failing to object to improper prosecutor arguments in rebuttal closing

To adequately respond to Movant's allegations, it will be necessary for the government to

speak with those attorneys, and obtain documents and/or testimony from each of them.

Accordingly, the government moves this Court for an order directing the trial attorneys, Michael Cohen, and Donnie Murell, and their successor appellate counsel, Sarah S. Gannett, and Martin J.   McClain, to supply any and all documents, correspondence and/or regarding conversations and decisions made involving every issue alleged in the pending § 2255 petition alleging ineffective assistance of counsel.

As noted, the United States has requested that the trial and appellate attorneys provide documents and information regarding conversations between themselves and Mr. Sanchez involving trial issues raised in the guilt and penalty phases of the criminal trial.   Each attorney has declined citing lack of consent by their former client, and their belief that they cannot speak with the government unless and until there is a court finding that the attorney-client privilege has been waived to every issue raised in the 2255 petition.   The government cannot adequately respond to the issues raised by Movant in his 2255 motion without the requested information.   The trial attorneys and appellate counsel[2] have declined to comply with this request without a Court order requiring them to do so.   Sanchez's counsel representing him in this habeas action, have been contacted and they oppose this motion.

### **Memorandum of Law**

The trial attorneys are apparently following the policy of the Federal Public Defender in the Southern District of Florida, of not turning over any information relating to claims of ineffective assistance of counsel relying on the attorney-client privilege found in the American Bar Association's Model Rule of Professional Conduct Rule 1.6.

The American Bar Association's Model Rule of Professional

---

[2] The United States has received communication only from appellate attorney Sarah S. Gannett as of the filing of this motion.

Conduct 1.6, states:

Rule 1.6 Confidentiality of Information

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
(1) to prevent reasonably certain death or substantial bodily harm;
(2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;
(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;
(4) to secure legal advice about the lawyer's compliance with these Rules;
(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
(6) to comply with other law or a court order.

ABA Model Rule 1.9 addresses a lawyer's "Duties to Former Clients:"

* * *

( c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

The commentary which accompanies ABA Model Rule 1.6 explains that subparagraph (b)

"permits disclosure only to the extent the lawyer reasonably believes is necessary to accomplish

one of the " purposes specified."

6

The ABA's Standing Committee on Ethics and Professional Responsibility issued, on July 14, 2010, Formal Opinion 10-456, "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim:"

> Although an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information, that information still is protected by Model Rule 1.6 (a) unless the defendant gives informed consent to its disclosure or an exception to the confidentiality rule applies. Under Rule 1.6 (b) (5), a lawyer may disclose information protected by the rule only if the lawyer "reasonably believes [it is] necessary" to do so in the lawyer's self-defense. The lawyer may have a reasonable need to disclose relevant client information in a judicial proceeding to prevent harm to the lawyer that may result from a finding of ineffective assistance of counsel. However, It is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable.

Formal Opinion 10-456, at 1 (July 14, 2010). Because Ricardo Sanchez (Case No. 16-80693-CV-SCOLA) and Daniel Troya (Case No. 16-80700-CV-SCOLA) were tried in a single, unified prosecution, and because they have cited several identical issues in support of their separate 2255 petitions, the issues raised herein apply to all trial counsel for both movants.

ABA opinions are not binding on any attorney, even those licensed or practicing in states that have adopted the ABA Model Rules of Professional Conduct. This Court should reject Formal Opinion 10-456 because the plain language of Rule 1.6 does not require court-supervised disclosure of confidential information by lawyers defending accusations of attorney misconduct or malfeasance by former clients. This Court should also reject the Opinion's statement that attorney disclosures are only permissible with either client consent or in a judicially-supervised proceeding. Once a client makes allegations against an attorney, the lawyer may exercise his/her discretion as to whether to disclose such information as may be reasonably necessary to defend against the allegations; no court supervision is necessary.

Indeed, this advice seems to conflict with well-settled Eleventh Circuit precedent that holds that a prisoner waives the attorney-client privilege as to a particular issue when the inmate claims denial of effective assistance of counsel on that issue.   The Eleventh Circuit Court of Appeals has explicitly that when a movant in a habeas corpus motion raises a Sixth Amendment claim of ineffective assistance of counsel, he waives the attorney-client privilege as to the matters challenged.

A party "waives its attorney-client privilege when it injects into this litigation an issue that requires testimony from its attorneys, or testimony concerning the reasonableness of its attorneys' conduct." *GAB Bus. Servs., Inc. v. Syndicate*, 809 F.2d 755, 762 (11th Cir. 1987). By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, a movant puts at issue - and thereby waives - any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices.

Indeed, as far back as 1967, the Eleventh Circuit's predecessor Court noted the illogical position that a movant takes when he files a motion attacking the effectiveness of his lawyer and simultaneously attempts to use the privilege as a shield:

> We are met with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this post-conviction proceeding with respect to the factual issues raised by appellant's motion.   Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations. We are unable to subscribe to this proposition. The privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges

a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue. The rule that a client waives his privilege by attacking the attorney's performance of his duties seems to have been adopted unanimously by those courts which have dealt with the question There is no contention nor any indication in the record that the testimony elicited from the attorney in this case exceeded the scope of that waiver. Consequently, appellant's claim that his privilege was violated is baseless.

I *Laughner v. United States*, 373 F.2d 326, 327 n.1 (5th Cir. 1967)[3].(citations omitted) .

Thus, in *Laughner*, the Court rejected the argument of a § 2255 petitioner who asserted that his trial counsel should not have been permitted to testify regarding their confidential communications, even though the petitioner put those conversations at issue by attacking the attorney's performance.   The petitioner sought to vacate his conviction by arguing that his attorney provided inadequate representation.   The District Court in *Laughner*, in accordance with the instructions of the Fifth Circuit, conducted a hearing at which it heard testimony from the attorney who represented the petitioner at the time of his conviction. On the basis of that testimony, the Court denied the § 2255 motion. The Fifth Circuit Court affirmed, and rejected the petitioner's claim of a violation of the attorney privilege:

*Laughner* is the law of this Circuit and has been applied in subsequent decisions from that Court. *See Crutchfield v. Wainwright*, 803 F.2d 1103, 1121 (11th Cir. 1986) (en banc)(Edmondson, J., concurring) (noting in § 2254 proceeding that "[a]lthough the attorney-client privilege, in particular, and attorney-client confidentiality, in general, are important concerns due genuine deference, courts have never treated them as inviolable. When a defendant has challenged his

---

[3]  The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

conviction by asserting an issue that makes privileged communications relevant, he waives the privilege in respect to those communications"); *Smith v. Estelle*, 527 F.2d 430, 434 n. 9 (5th Cir. 1976) (stating that "[n]otwithstanding the fact that counsel's decision to have his client take the stand may have involved communication with his client, [petitioner] would not be able to invoke the attorney client privilege on remand in a post-conviction case" where petitioner alleged that he would not have testified at his trial but for the admission of a constitutionally invalid confession)

As *Strickland* itself emphasizes, the "reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, ... on information supplied by the defendant [and] inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions." *Strickland v. Washington*, 466 U.S. 668, 691 (1984); *see also Chandler v. United States*, 218 F.3d 1305[ 1318-19 (11th Cir. 2000) ("Because the reasonableness of counsel's acts . . . depends critically upon information supplied by the [petitioner] or the [petitioner's] own statements and acts in dealing with counsel is highly relevant to ineffective assistance claims." (citations and internal quotation marks omitted)).

> Although the precise boundaries of the waiver will vary from case to case and in many instances will require careful evaluation by the district court, there should be no confusion that a habeas petitioner alleging that his counsel made unreasonable strategic decisions waives any claim of privilege over the contents of communications with counsel relevant to assessing the reasonableness of those decisions in the circumstances.

Johnson v. Alabama, 256 F.3d 1156 1 1178-1179 (11th Cir. 2001).   Therefore, it is clear that by filing this far reaching and comprehensive habeas petition, Sanchez has waived the once applicable privileges to the extent he has put the United States in the position of countering various claims and has placed those issues before this Court for adjudication.

10

## Conclusion

Based upon the foregoing, the government respectfully requests the Court issue an Order directing the trial attorneys, Michael Cohen and Donnie Murrell for Ricardo Sanchez, and Ruben Garcia and James Eisenberg for Daniel Troya and their respective appellate counsel (Sarah Gannett and Martin McClain for Sanchez), (Barry Fisher and Robert McGlasson for Troya) to supply any and all documents, correspondence relating to issues raised in the separate 2255 petitions.   The United States also seeks an order directing the same trial and appellate attorneys to meet with the United States at a reasonable time and place in to discuss the issues raised in the separate petitions in order to enable the United States to comply with this Court -entered Scheduling Orders.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   */s Stephen Carlton*
STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401-6235
Admin. No. A5500011
Tel. (561) 209-1053
Telefax (561) 659-4526
E-mail: Stephen.Carlton@USDOJ.GOV
*Attorney for the United States*

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 29, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/    *Stephen Carlton*
            Stephen Carlton
            Assistant United States Attorney

12