United States District Court
for the
Southern District of Florida

RICARDO SANCHEZ, Jr.,                )
                        Movant        )
                                      )
v.                                    )
                                      )   Civil Action No. 16-80693-Civ-Scola
UNITED STATES OF AMERICA,             )

                        Respondent

## Order

This Matter is before the Court upon the United States' Motion to Allow Access to Previously Privileged Material. ("the Motion") (Mot. ECF No. 22).  On May 3, 2016, the Movant filed a 28 U.S.C. §2255 motion to vacate, set aside, or correct his federal death sentence. ("the §2255 motion")(Mot. ECF No. 1).[1]  On July 14, 2016, the Court entered a Scheduling Order requiring the Respondent to file a response, with an incorporated memorandum of law, to the Amended Motion on or before October 12, 2016. (Ord. ECF No. 21). The instant Motion followed.

In the Motion, the Respondent advises the Court that it contacted the Movant's trial and appellate counsel. (Mot. ECF No. 22 at 2).  According to the Respondent, counsel "indicated that they were not inclined to provide information to the United States Attorney's Office, or sit down to discuss their former representation, citing attorney-client privilege." (*Id.*)  As such, the Respondent is seeking an order from the Court directing the attorneys to "supply any and all documents, correspondence relating to issues raised in the separate 2255 petitions" and to direct the lawyers to "meet with the United States at a reasonable time and place to discuss the issues raised in the separate petition in order to enable the United States to comply with this Court's entered Scheduling Orders." (*Id.* at 11).

In other words, the Respondent is seeking to conduct discovery. Pursuant to Rule 6, of the Rules Governing Section 2255 Proceedings for the United States District Courts, a party must request discovery and "must

---

[1] On May 26, 2016, the Movant filed an Amended Motion to Vacate. (Am. Mot. ECF No. 16).

provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).  The Respondent has not done so.

It is **ordered and adjudged** as follows:

1. The Motion to Allow Access to Previously Privileged Material (**ECF No. 22**) is **DENIED**.

2. Should the Respondent make a request for leave of court to conduct discovery, it should consider controlling precedent from the Eleventh Circuit which provides that a §2255 movant can waive his attorney-client privilege if the privileged communication is relevant to his claims of ineffective assistance of counsel but "the precise boundaries of the waiver will vary from case to case, and in many instances will require careful evaluation by the district court." *Johnson v. Alabama*, 256 F.3d 1156, 1179 (2001). If Respondent seeks to conduct discovery that would require a waiver of attorney-client privilege, it must do so with the specificity required to enable the Court to make an informed evaluation of the waiver.

**Done and ordered**, at Miami, Florida, on August 4, 2016.

Robert N. Scola, Jr.
United States District Judge