UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80693-CIV-SCOLA
(CASE NO. 06-80171-CR-HURLEY)

RICARDO SANCHEZ, JR.,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

**UNITED STATES' MOTION FOR A 33-DAY EXTENSION OF TIME WITHIN WHICH TO FILE A RESPONSE TO MOVANT RICARDO SANCHEZ JR'S 28 U.S.C. § 2255 PETITION AND ANCILLARY MOTIONS**

The United States files this motion for an extension of time within which to file its response to Movant Ricardo Sanchez, Jr.'s 28 U.S.C. § 2255 Petition, Sanchez's Motion for Permission to File Over-length Discovery Motion and Consolidated Memorandum of Law and Sanchez's Motion for Leave to Interview Jurors and Consolidated Memorandum of Law,[1] and in support thereof states:

1. On February 14, 2008, a federal grand jury in the Southern District of Florida returned a 16-count third superseding indictment against petitioners Daniel Troya and Ricardo Sanchez, Jr., and co-defendants Danny Varela and Liana Lopez.[2] All of the defendants were charged with non-capital drug trafficking and firearms offenses, and Troya and Sanchez were additionally charged with capital offenses involving the deaths of two small children and their parents.[3]

2. Specifically, the grand jury charged Troya and Sanchez with: conspiring to possess with intent to distribute at least 50 grams of crack cocaine and at least five kilograms of cocaine, in violation of 21 U.S.C.

_____

[1] (CV-DE 16; DE 25; DE 26). References to DE are to entries contained in the criminal case, 06-80171-CR-Hurley, and CV-DE refers to this case, 16-80693-CV-Scola.

[2] (DE 305).

[3] *Id.* The grand jury had charged codefendants Juan C. Gutierrez and Kevin Vetere with non-capital drug trafficking offenses in earlier iterations of the indictment (DE 30; DE 113; DE 170).

1

§§ 846 and 841(b)(1)(A) (Count 1); conspiring to carjack a motor vehicle, in violation of 18 U.S.C. §§ 371 and 2119(3) (Count 5); carjacking a motor vehicle with the intent to cause serious bodily harm and death, in violation of 18 U.S.C. §§ 2119(3) and 2 (Count 6); using and carrying a firearm during and in relation to a crime of violence and a drug trafficking crime and causing the death of a person by murder with malice aforethought, in violation of 18 U.S.C. §§ 924(j)(1), 1111, and (2) (Count 7 (murder of Luis Damian Escobedo); Count 8 (murder of Luis Julian Escobedo); Count 9 (murder of Yessica Guerrero Escobedo); and Count 10 (murder of Jose Luis Escobedo)); possessing with intent to distribute at least 50 grams of crack cocaine and at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (B), and 18 U.S.C. § 2 (Count 4 (Sanchez only) and Count 13); possessing firearms after previously having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 (Count 3 (Troya only) and Count 14); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 15).[4]

3.  On January 6, 2009, Troya and Sanchez and codefendants Varela and Lopez proceeded to a jury trial.[5] After two months of trial, the jury found all of the defendants guilty of all counts of the third superseding indictment, as charged. [6]

4.  Between March 16 and April 1, 2009, Troya and Sanchez proceeded to the penalty phase of the jury trial.[7] At the conclusion of the penalty phase, the jury found that a sentence of death should be imposed on both defendants as to Counts 7 and 8 of the third superseding indictment, the counts charging the murders of Luis Damian Escobedo and Luis Julian Escobedo, respectively, and that a sentence of life imprisonment without the possibility of release should be imposed on both defendants as to Counts 6, 9, and 10.[8]

---

[4]  (DE 305).
[5]  (DE 648).  Before the trial, codefendants Vetere and Gutierrez pleaded guilty, respectively, to the drug trafficking conspiracy charged in Count 1 of the first and second superseding indictments (DE 268; DE 291).
[6]  (DE 791-93; DE 796; DE 774 at 7694-7703).
[7]  (DE 818; DE 823-25; DE 845-48; DE 855-57)
[8]  (DE 859; DE 860; DE 857 at 9813-42)

5.      On May 13, 2009, the district court conducted sentencing hearings and imposed on both Troya and Sanchez the death sentences pronounced by the jury as to Counts 7 and 8 and the life imprisonment sentences pronounced by the jury as to Counts 6, 9, and 10, with the life imprisonment sentences to run consecutively to all other sentences.[9]  In addition, the court sentenced both defendants to concurrent terms of life imprisonment as to Counts 1 and 13 and 120 months of imprisonment as to Counts 5 and 14 and a consecutive term of 60 months of imprisonment as to Count 15;[10] Troya received a concurrent term of 120 months of imprisonment as to Count 3, and Sanchez received a concurrent term of 480 months of imprisonment as to Count 4.[11]  The court sentenced each defendant to a total term of 60 months of supervised release and a special assessment of $1,100.[12]

6,      Both Sanchez and Troya filed direct appeals of their convictions and death sentences which were all ultimately affirmed.  *United States v. Troya*, *et al.*, 733 F.3d 1125 (11th Cir. 2013), *cert. denied*, ___ U.S. ___, 135 S.Ct. 2048 (2015).

7.      As noted above, the trial in this case last 18 trial days. [13]  Jury selection began on January 9, 2009, evidence presentation began on January 27, 2009, and guilt-phase closings ended on February 26, 2009.  Guilty verdicts were returned on March 5, 2009.   This was followed by the penalty phase which lasted 14 days.[14] Penalty opening statements began on March 16, 2009, evidence and closings ended on March 25, 2009; jury instructions were given on March 26, 2009, followed by the  jury's verdict which came in on April 1, 2009. All told, the trial lasted from January 9 through April 1, 2009, one fourth of the entire calendar year.  The docket sheet consists

---

[9]  (DE 895; DE 898; DE 899; DE 900; DE 955 at 30-34; DE 956 at 16-23).
[10]  (*Id.*).
[11]  (*Id.*).
[12]  (*Id.*).  The district court imposed sentences of imprisonment on the codefendants as follows: Vetere, 144 months (DE 301), later reduced to 42 months upon the government's motion (DE 970, 1058-59); Gutierrez, 216 months (DE 936); Lopez, 180 months (DE 937); Varela, life (DE 924).
[13]  (*See e.g.*, DE 751-54; DE 756-58; DE 764-67; DE 771-74)
[14]  (*See e.g.*, DE 818; DE 823-25; DE 845-48; DE 855-57).

of well over 1,000 docket entries and the record contains thousands of pages, including hundreds of exhibits admitted at trial.[15]

8.      Beginning on May 3, 2016, Sanchez filed motions collaterally attacking his conviction and death sentence, filing the most recent one, entitled "Ricardo Sanchez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255," on May 31, 2016.[16] The 188-page motion contains roughly 116 separate issues and sub-issues – and could be interpreted as containing even more given the peculiar way in which the motion is organized.[17]

9.      In the typical case, in order to assist the Court with its determination as to whether to grant an extension of time, the United States would include a detailed list of the issues presented by the Movant. However, in this case they are simply too numerous to list, but they include but are not limited to:

- a direct attack on individual members of the jury pool;

- a challenge to the federal death penalty statute;

- claims on a number of bases both legally and factually, that Sanchez is "illegible" for the death penalty and its application to Sanchez;

- additional attacks on Sanchez's competency to stand trial;

- challenges to various witnesses;

- allegations of serious prosecutorial misconduct relating to the production of discovery and closing arguments;

---

[15]  (*See* Docket Sheet, *United States v. Varela, et al.*, Case No. 06-80171-CR-HURLEY; *See also* DE 814; DE 815; DE 849).

[16]  (CV-DE 16).

[17]  Codefendant Troya, who as noted was also convicted and sentenced to death, likewise filed collateral attack motions, the latest "Daniel Troya's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255," was filed on May 31, 2016. *Troya v. United States*, Case No. 16-80700-CV-Scola (CV-DE 25). Troya's motion is 455-pages in length, and was filed with a corresponding Appendix that contains 1,250 pages [CV-DE 5-1 through 5-25 and 6-1 through 6-41. Contemporaneous with the filing of this motion, the United States is also filing a similar motion in Troya's case seeking an extension of time.

- ineffective assistance of counsel claims pertaining to the guilt phase of Sanchez's trial;

- ineffective counsel claims for the failure of Sanchez's trial counsel to investigate the case properly and present certain evidence;

- claims that Sanchez's trial counsel failed to object to the charging instrument in various ways, the jury instructions and the verdict;

- allegations that Sanchez's trial counsel failed to seek appropriate assistance with regard to Sanchez's mental health;

- claims that Sanchez's trial counsel failed to properly impeach or "discredit" certain witnesses called by the United States;

- claims that Sanchez's trial counsel made errors with regard to the mitigation evidence;

- arguments that Sanchez's trial counsel was ineffective for failing to act with regard to the prosecution's alleged misconduct during the penalty phase.

- challenges to the conditions under which Sanchez is currently incarcerated, and the length of time he will be in custody prior to his execution;

- an attack on the security measures employed during the trial and their effect on the proceedings and Sanchez's constitutional rights; and

- a claim that Sanchez is entitled to relief as a consequence of the cumulative impact of the "Constitutional and Statutory Violations described" in Sanchez's motion. [18]

  As noted, this is just a summary of the primary allegations that are made, with almost none of the dozens of subparts mentioned.

10. Further, a number of Sanchez's claim are rather expansive and undeveloped and require additional investigation by the United States. To cite just one of the many instances, Sanchez makes much of the fact that while codefendant Varela was convicted of various offenses and was alleged to be in charge of the drug

---

[18] (*See e.g.,* CV-DE 16-1 at 5-185).

conspiracy, he was not charged with the murders of the two children and their parents in this case. The infirmities in this claim result in the United States having to prepare a more detailed response for a number of reasons. First, Sanchez appears to present no prima facie good faith evidence demonstrating that the United States had the requisite evidence to charge and convict Varela of the murders. Second, Sanchez uses this claim to accuse the United States of withholding exculpatory evidence, again with no support. Third, Sanchez fails to explain how Varela's guilt in the murders would somehow exculpate Sanchez. At best, all three defendants might have been found guilty of the murders – and yet Sanchez makes a very serious accusation against the United States which requires a diligent and considered response.

11.     Significantly Sanchez (and Troya) have filed an extensive motion seeking discovery in a number of categories and also seek to interview jurors.[19] Amongst the many documents that Sanchez requests are any documents related to the claim that the United States had evidence that Varela was involved in the quadruple homicides of the parents and their two young children.[20] The United States is preparing a detailed response to the discovery request, but the fact remains that it must now investigate and respond to this accusation that evidence was hidden from Sanchez without any concrete idea of what type of evidence Sanchez is referring to, because the claim is presented in a barebones fashion. There are many examples of these types of blunderbuss accusations and claims in Sanchez's motion –however meritless they may be, they nevertheless require investigation and a detailed response. Further, since as in this example, Sanchez does not cite to any real evidence that supports his claim, only to information relative to the manner in which the case was charged and discussions regarding the drug conspiracy, the United States is almost required to work on a blank slate.

12.     This case proceeded to trial with three prosecutors representing the United States, one of whom

---

[19] (*See e.g.,* CV-DE 25; CV-DE 26). Troya has also filed motions seeking discovery and to interview jurors as well. The responses to both motions are also due shortly. *Troya v. United States*, Case No. 16-80700-CV-Scola (CV-DE 33; CV-DE 34).

[20] (CV-DE 25-1 at 7-9).

had minimal participation and was from the Department of Justice in Washington, D.C.  Of the other two primary Assistant United States Attorneys that were assigned and working on this case from the investigatory through the penalty stages, only one, the undersigned, remains in the U.S. Attorney's Office. That means that the facets of the trial which were not handled by the undersigned must be examined carefully in order to acquire a more detailed knowledge of the record to respond appropriately and thoroughly to Sanchez's allegations pertaining to those areas.

13.      On June 24, 2016, pursuant to a Court order, the parties filed a Joint Status Report and Proposed Scheduling Order.[21]  In that joint proposed filing, the parties recommended to the Court that the case should be put on a Complex Track and that discovery would be completed by the time period allowed under the local rules for such cases, that is, 365 days.[22]  The parties also proposed that pleadings would be amended within 90 day of the close of discovery, with responses due 90 days thereafter, and any replies 90 days from that date.[23]

14.      On July 14, 2016, the Court held a status conference.[24]  Following that status conference, the Court issued an order requiring that on or before October 12, 2016, the United States file a response to Sanchez's § 2255 Petition.[25]  It also ordered: the United States to produce certain agreed to discovery on or before July 20, 2016; Sanchez to file any discovery motions on or before September 12, 2016; that the United States would file a response to any discovery motions on or before October 12, 2016, and that Sanchez would reply on or before October 24, 2016.[26]  Lastly, the Court set a discovery and status conference for December 2, 2016.[27]

---

[21]  (CV-DE 17).
[22]  (*Id.* at 2).
[23]  (*Id.* at 4).
[24]  (CV-DE 20).
[25]  (CV-DE 21 at 1).
[26]  (CV-DE 21 at 1-2).  In addition, the Court ordered that the United States respond to Troya's voluminous § 2255 motion on the same date as well.  *Troya v. United States*, Case No. 16-80700-CV-Scola (CV-DE 29 [Scheduling Order])
[27]   (CV-DE 21 at 2).

15.     In its order, the Court noted that the United States had not devoted sufficient resources to this matter. In July of 2015, the United States Supreme Court decided *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act was unconstitutional. The United States Attorney's Office for the Southern District of Florida has received in excess of 1,400 motions which assert *Johnson* claims.  Upon information and belief that exceeds the next closest federal district by at least 500 motions.  The number of motions, coupled with the short response times often mandated by the judges in this district has taxed the resources of the U.S. Attorney's Office.  The motions filed by those defendants have oftentimes resulted in expedited review and investigation by the U.S. Attorney's Office.  A significant number of these defendants are eligible for immediate release and thus all involved have worked to act as expeditiously as possible.

16.     Despite this unprecedented occurrence in the district, the United States has endeavored to comply with this Court's order by assigning a number of other Assistant United States Attorneys to this matter who have been diligently working to comply with the Court's deadlines.  Nevertheless, after a review of the record and the specific claims made by Sanchez, the United States has determined that it will need an additional 33-days within which to provide this Court with an adequate response to Sanchez's motions.[28]

17.     Given the complicated procedural history of this case, the fact that Sanchez makes allegations regarding all phases of the proceedings, that extensive discovery has been requested, including juror interviews, that the United States is also preparing a response to Troya's even more voluminous § 2255 petition, and that Sanchez and Troya were sentenced to death, the additional time is necessary in order to prepare an appropriate response.

---

[28] The request for extension takes into account this Court's policy of efficient review of these petitions but balances that with the appropriate amount of time needed to complete a comprehensive response.  Thirty-three days from the present due date of October 12, 2016, would make the response due on Monday, November 14, 2016, which would provide for an additional weekend for the United States to proofread, cite check and make final edits to the response.  If the response is completed in a satisfactory fashion before the due date, assuming the Court grants this motion, the response would then be filed early.

18.     It is anticipated that no other extensions will be sought and this request is not made for purposes of delay or for any other improper purpose.  Rather, the requested extension of time is short given the factors enumerated herein and is necessary for the due administration of justice.  The request is reasonable given the extenuating circumstances, and should not cause Sanchez any undue prejudice.[29]  Absent the granting of this motion, the United States will of course comply with the Court's order by filing responses to the § 2255 petition and the ancillary motions, but in all likelihood, those responses will not be as comprehensive or complete as they would be if the additional time were allotted by the Court.  The United States has contacted Sanchez's counsel, who have indicated they have no objection to the relief sought in this motion.

WHEREFORE the United States respectfully requests that this Court grant its motion and allow an additional 33 days, through and including November 14, 2016, within which to complete the United States' responses.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY


By:     /s Stephen Carlton
        STEPHEN CARLTON
        ASSISTANT UNITED STATES ATTORNEY
        500 S. Australian Ave., Suite 400
        West Palm Beach, Florida 33401-6235
        Admin. No. A5500011
        Tel. (561) 209-1053
        Telefax (561) 659-4526
        E-mail: Stephen.Carlton@USDOJ.GOV
        *Attorney for the United States*

---

[29]  Indeed, with regard to any prejudice that Sanchez may suffer, Sanchez does not request vacation of all the counts of conviction and release, but instead notes that he would be entitled to a new trial. (CV-DE 16-1 at 186).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 3,  2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Stephen Carlton*
Stephen Carlton
Assistant United States Attorney

11