**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-80693-CV-SCOLA**
**(Case No. 06-80171-Cr-Hurley/Vitunac(s)(s)(s))**

RICARDO SANCHEZ, JR.,
              Petitioner,

vs.

UNITED STATES OF AMERICA,
              Respondent.
_____/

**GOVERNMENT RESPONSE TO SANCHEZ'S MOTION TO RECONSIDER (CV-DE 32) THE COURT'S ORDER DISMISSING CLAIMS (CV-DE 29)**

The United States of America, through the undersigned Assistant United States Attorney, hereby answers Petitioner's Motion to Reconsider. As fully set forth below, the Court correctly followed procedural rules and Eleventh Circuit case law in reviewing Petitioner's claims and dismissing those claims that lack factual or legal support or that are procedurally barred. For all the reasons set forth herein, Petitioner's Motion for Reconsideration lacks merit and should be denied.

**RELEVANT PROCEDURAL BACKGROUND**

On May 3, 2016 Sanchez filed the instant Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV-DE 1) with sealed entries. Pursuant to Court order (CV-DE 9, 10) Sanchez filed a properly certified, unredacted version of his § 2255 motion on May 26, 2016 (CV-DE 16-1). Sanchez did not file any factual support—no affidavits, documentary evidence, or expert reports—with either of these motions and did not cite to any such materials within the body of the motions.

A few days prior to this amended filing, the Court entered an order, *sua sponte*, requiring the parties meet and confer regarding discovery and scheduling issues (including the filing of amended pleadings) pursuant to Fed. R. Civ. Pro. 26(f) and Local Rule 16.1(b). Although standard fare in general civil litigation, such orders are rarely entered in habeas proceedings, where all legal claims must be alleged within a one year deadline (*See* 28 U.S.C. § 2255(f)), and all facts supporting these claims must be included in the original petition (*See* Rule 2, Rules Governing Section 2255 Proceedings). The record is complete due to the extensive proceedings in the companion criminal case (*See* Note to Rule 7, Rules Governing Section 2255 Proceedings), and discovery is rarely available (*See* Rule 6(a), Rules Governing Section 2255 Proceedings). The court's order was the first time that the possibility of discovery or filing amended pleadings was mentioned in the record. By the time the court's order was entered, Sanchez's one-year deadline under § 2255(f) had already come and gone.

Pursuant to the Court's order, the parties conferred on the issue of discovery and scheduling and filed a Joint Status Report and Proposed Scheduling Order (CV-DE 17). This joint filing, which Sanchez never objected to, indicated that the Government opposed the availability of any discovery as a matter of law and that Sanchez anticipated filing an amended petition only in response to any new discovery received, if discovery was ordered by the Court. Hence the parties suggested that the deadline for filing amended pleadings would be 90 days from the close of discovery, if discovery was ordered by the Court. To date, discovery has not been ordered.

Following the filing of this Joint Status Report, the Court entered a Scheduling Order (CV-DE 21) on July 14, in which the Court ordered the Government to respond to the Sanchez amended petition on or before October 12, 2016, set deadlines for the filing of discovery motions and replies, and indicated that at the December 2, 2016, status conference, the Court would rule on the

discovery motion and set deadlines for the filing of amended pleadings, if necessary. The implication of the Joint Report and the Court's Scheduling Order is that unless and until the Court grants the discovery motion, the filing of an amended petition is neither anticipated or likely.

Sanchez filed his motion for discovery on September 12, 2016 (CV-DE 25).

On October 4, 2016, just prior to expiration of the initial response period set for the United States, the Court issued an order partially dismissing Sanchez's claims. (CV-DE 29). In that order, the Court dismissed Sanchez claims I, II, III, VI, VII(A), IX, and X. By paperless order also entered on October 4, 2016, the Court granted the Government an extension until November 1, 2016, to respond to all of Sanchez's remaining, non-dismissed claims (CV-DE 30).

On October 19, 2016, Sanchez filed the instant Motion to Reconsider (CV-DE 32) as well as a 1,636 page "Appendix in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and in Support of Motion to Reconsider Order Dismissing Claims" (CV-DE 33).

## MEMORANDUM OF LAW

In this Motion to Reconsider, Sanchez claims that the Court's order dismissing claims was premature in that it denied Sanchez the opportunity provide the Court with the legal basis for his claims or the opportunity to amend his petition to cure any legal deficiencies (CV-DE 32 at¶ 22); denied Sanchez the opportunity to provide the Court with the relevant facts and cut short the discovery process (CV-DE 32 at¶ 23-24); and occurred prior to filing of the Government's response (CV-DE 32 at¶ 23). There is no legal merit to any of these claims.

Sanchez claims that the Court erred in dismissing certain claims before the Government's answer was filed. The rules governing 2255 petitions clearly allow for, and indeed require, the Court to examine the petition and dismiss it "[i]f it plainly appears from the motion, any attached

3

exhibits, and the record of prior proceedings, that the moving is not entitled to relief". Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "If the motion is not dismissed, the judge must order the United States Attorney to file an answer" (*Id.*) A 2255 is unusual in the sense that, unlike other motions in Federal Court, no response is required to be filed unless and until the court specifically orders that a response be filed (*See* Rule 5, Rules Governing Section 2255 Proceedings for the United States District Courts). The propriety and requirement of early review of 2255 claims is expressly contemplated by the rules. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The Court did not err in dismissing specific claims before the government to filed a response.

Sanchez claims that the Court erred in dismissing claims before Sanchez had an opportunity to provide legal and factual support for his claims. The rules governing section 2255 proceedings specifically require 2255 motions to clearly state the factual and legal basis for their claims in the initial petition. *See* Rule 2, Rules Governing Section 2255 Proceedings for the United States District Courts. Such petitions must be filed within the strict deadlines set forth in 28 U.S.C. § 2255 (f), which deadline in Sanchez's case expired on May 4, 2016. A timely filed motion "must specify all grounds for relief and state the facts supporting each ground." Rule 2(b)(1) & (2), Rules Governing Section 2255 Proceedings for the United States District Courts. That the motion should contain all supporting facts and supporting evidence is further reinforced by the mandatory early review and possible summary dismissal of claims based solely on the "motion, any attached exhibits, and the record of prior proceedings". Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Case law also supports the notion that petitioners must support their legal claims with specific facts or risk dismissal without a hearing. See *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)(petitioner not entitled to an evidentiary

4

hearing when his claims are merely "conclusory allegations unsupported by specifics" or "contentions that in the face of the record are wholly incredible."). *Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) (noting that arguments of lawyers and unsworn affidavits of witnesses are "insufficient to carry the burden of a habeas corpus petitioner."); *Aldrich v. Wainwright*, 777 F.2d 630, 636-37 (11th Cir. 1985)(speculation that witnesses would have been helpful insufficient to carry petitioner's burden).  Sanchez omitted relevant legal argument and factual support from his initial and first amended 2255 motion at his own peril.  He is entitled to no relief now.

Sanchez is currently represented by counsel who specialize in post-conviction review of federal capital cases.   They knew, or should have known from a cursory review of the rules and relevant case law, that they had one year from the declination of Sanchez's *writ of certiorari* to file a motion pursuant to 28 U.S.C. §2255 and that this motion needed to set forth all legal and factual basis for relief, including any supporting documentation.   Instead, they chose to withhold relevant supporting documentation.   Not only did they withhold this information from their initial petition, they made no mention of the 1,623 pages of purportedly supporting documentation at any time during the proceedings until after the Court issued its order dismissing claims.

Curiously, Sanchez does not explain why these 1,623 pages of purportedly supporting documents were not filed with his initial or amended brief.  Some of the documents appear to have been available prior to the filing of the petition and clearly could have been filed as exhibits to the amended petition.  At the very least, they should have been referenced in the petition itself.  None of this was done.  Sanchez makes no attempt to place any of the 1,623 pages of material into context with the original or amended petition.   There are no citations in the either the original or amended petition alerting the Court or the Government to the existence of this material and Sanchez has failed to establish now how any of these pages relate to his petition or to any of the

claims made therein.  The filing of this "appendix" is an untimely "data dump" and should be disregarded, in its entirety, by this Court.  Sanchez also fails to explain when and how he planned to make these items available to the Court and the Government.  If the Court had not issued its order dismissing claims, when did Sanchez plan on making these items known?

Sanchez is not entitled to delay these proceedings and choose when, and how, he will cure any legal deficiencies and file supporting documentation.  The law clearly specifies that all legal claims must be pled before the expiration of the filing deadline. For Sanchez, that deadline has long passed.  The time for adding new legal claims has expired.  The time for filing supporting documentation has also passed.  This factual documentation should have been filed with the initial petition[1].

---

[1] In general in a § 2255 proceeding, if the Motion is not dismissed summarily, the court "may direct the parties to expand the record by submitting additional materials relating to the motion." Rule 7, Rules Governing Section 2255 Proceedings for the United States District Courts. Expansion of the record is "less likely" needed in proceedings pursuant to § 2255 than in ordinary habeas proceedings. *See Id*.  Further, the purpose of expanding the record under Rule 7 is to enable the judge to dispose of some *habeas* petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing. *See* Note to 28 U.S.C. § 2254, Rule 7 (also applicable to § 2255 proceedings per Note to Rule 7, Rules Governing Section 2255 Proceedings for the United States District Courts (cross referencing note 7 of the Section 2254 rules for a "full discussion of reasons and procedures for expanding the record.")).  Rule 7 is not intended as a means to supplement the record prior to the Court's initial review under Rule 4.

Furthermore, Petitioner has no absolute right to expand the record.  Expansion of the record in habeas cases "is not mandatory ... and is left to the discretion of the trial judge." *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir.1988).  The Court has the discretion to deny requests to expand the record particularly where, as herein, the petitioner cannot explain why the documents were not exhibited to the initial petitioner and has not provided any context to the documents. *See Beuke v. Houk*, 537 F.3d 618, 653–54 (6th Cir. 2008)(court did not abuse its discretion in denying motion to expand the record where petitioner failed to seize on an earlier opportunity to make the newly offered documents part of the record, failed to explain this failure, and failed to demonstrate how the nearly offered documents would further any of his constitutional claims).  Furthermore, as many of the newly offered "declarations" post-date the filing of Sanchez's petition, they should not be considered under Rule 7.  *See* Rule 7, Rules Governing Section 2255 Proceedings for the United States District Courts (providing that letters should be considered only if they predate the

Sanchez further contends that the court erred in dismissing claims before allowing him the opportunity to amend his habeas petition. The Court's order was issued on October 4, 2016 just eight days before the initial due date for the Government's response. Prior to the filing of the motion to reconsider, Sanchez had not raised the possibility of filing an amended petition prior to the filing of the Government's response. In fact, the possibility of an amended petition was raised only if the Court allowed discovery and only if the amended petition was warranted by facts divulged in discovery. Discovery has not yet been ordered in this case, and might never be ordered. *See* Rule 6, Rules Governing Section 2255 Proceedings for the United States District Courts. Indeed, the Court was in possession of Sanchez's discovery motion, and was presumably aware of its merits or lack thereof, when the order to dismiss was filed. The 1,636 pages of purported supporting documents did not come into Sanchez's possession through discovery. These pages have nothing to do with the pending discovery motion, and therefore nothing to do with the discussions concerning the filing of an amended petition in response to discovery. Sanchez had no intention of making these documents known until sometime after the December 2016 status conference, when the discovery motion was to be decided, nearly two months after the Government response was initially due to be filed.

Federal Rule of Civil Procedure 15(a) provides that a party may amend his pleading after a responsive pleading has been served only by leave of court. The rule also states that "leave shall be freely given when justice so requires." "Certainly in a capital case, the district court should be particularly favorably disposed toward a petitioner's motion to amend. Nevertheless, the granting

---

filing of the motion). To the extent that the filing of the appendix is construed as motion to expand the record on Rule 7, this Court should deny the motion and disregard the documents.

or denial of leave to amend lies within the discretion of the trial court and is subject to reversal only for abuse of discretion". *Moore v. Balkcom*, 716 F.2d 1511, 1526 (11th Cir. 1983) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Barrett v. Independent Order of Foresters,* 625 F.2d 73, 75 (5th Cir.1980); *In re Westec,* 434 F.2d 195, 203-04 (5th Cir.1970).

In the instant case, any motion to amend to include the recently filed 1,636 pages of supplemental materials should be denied by the Court due to the undue delay in providing the materials five months after the initial petition was filed, the bad faith or dilatory motive of the part of the movant, the prejudice to the Government (which received these pages days before our response was due to be filed and had an inadequate opportunity to review them), the failure to explain why these pages were not timely provided, and the futility of the amendment given that the Court has already dismissed many of the claims on procedural grounds. *See Barrett v.* 625 F.2d at 75 (holding that the trial judge had not abused his discretion where the proposed amendment was not filed until nearly ten months after the original complaint and the appellant failed to show why the proposed additional matters could not have been raised initially); *see United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009)(district court did not abuse its discretion in denying motion to amend petitioner where proposed amendment would have added further factual support for claims the court had already found legally flawed); *see also Foman,* 371 U.S. at 182 (finding that the district court had abused its discretion when it denied leave to amend for no apparent or declared reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.")

Sanchez further claims that the Court erred in dismissing claims on the basis of procedural default as this is an affirmative defense that must be raised by the Government or it is waived, and

the Court did not yet know if the Government would raise procedural default as an affirmative defense. (CV-DE 32 at 6-9). Sanchez also claims that under an unspecified rule of civil procedure, he is under "no obligation to plead that he can overcome anticipated affirmative defenses" (CV-DE 32 at 7) and that the Court erred in dismissing claims on the ground of procedural default unless it provided Sanchez with prior notice and an opportunity to be heard (CV-DE 32 at 7 ¶28). Sanchez's interpretation of procedural default issues is belied by case law in this circuit.

A petitioner is procedurally barred from raising, for the first time in this collateral attack on his conviction, issues that were capable of being raised on direct appeal, unless Petitioner can demonstrate both: "(1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982); *see also Keeney v. Tamayo-Reyes*, 112 S. Ct. 1715, 1719 (1992) (cause and prejudice standard applicable to failure to take an appeal); *accord Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 2565 (1991); *United States v. DeBernardo*, 880 F.2d 1216, 1227 (11th Cir. 1989) (failure to take an appeal may be raised as a bar to collateral relief). Where a defendant makes no showing of cause and prejudice regarding the failure to raise issues on direct appeal that are raised for the first time in a Section 2255 motion, summary dismissal of those claims is warranted. *See Parks v. United States*, 832 F.2d 1244, 1246 (11th Cir. 1987). Sanchez made no attempt to show cause or prejudice with regard to claims that could have been raised on appeal. As such, pursuant to Eleventh Circuit precedent, the Court did not err in summarily dismissing those claims under the procedural default rule.

## CONCLUSION

The rules governing Section 2255 proceedings clearly contemplate an early review of petitions, to weed out those claims that are procedurally barred or lack merit. This review is

limited to the petition, any additional exhibits attached to the petition, and the record below.

Sanchez chose not to file any additional exhibits with his petition, or even reference them within

the body of the petition.  Instead, he withheld these exhibits, and relied on self-serving summary

statements concerning new testimony and documentary evidence.  As such, Sanchez failed to

meet his burden of proof.  Furthermore, Sanchez made no effort to explain why certain claims

that could have been raised on direct appeal were not so raised and therefore failed to meet his

burden under the procedural default rule.  The Court was correct in summarily dismissing claims

that lack legal merit, factual support, or are procedurally barred. Indeed, the Court was expressly

following the rules governing Section 2255 proceedings in implementing this winnowing

procedure.  For all the foregoing reasons, Sanchez's Motion for Reconsideration should be

denied.  Furthermore, the Government requests that Sanchez's recently filed appendix (CV-DE

33 et. seq.)  be struck as an improper motion to expand under Rule 7.

                                    Respectfully submitted,

                                    WIFREDO A. FERRER
                                    UNITED STATES ATTORNEY

By:     */s Stephen Carlton*
           STEPHEN CARLTON
           ASSISTANT UNITED STATES ATTORNEY
           500 S. Australian Ave., Suite 400
           West Palm Beach, Florida 33401-6235
           Admin. No. A5500011
           Tel. (561) 209-1053
           Telefax (561) 659-4526
           E-mail: Stephen.Carlton@USDOJ.GOV
           *Attorney for the United States*

10

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     */s/ Stephen Carlton*
          Stephen Carlton
          Assistant United States Attorney

## SERVICE LIST

**Ricardo Sanchez, Jr.  v. United States**
**Case No. 16-80693-CV-SCOLA**
**United States District Court, Southern District of Florida**

**Stephen Carlton**
**Brandy Galler**
**Stephanie Evans**
Assistant U.S. Attorneys
Stephen.Carlton@usdoj.gov
Brandy.Galler@usdoj.gov
Stephanie.Evans@usdoj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
Attorney for United States
[Service via CM/ECF]


**Matthew C. Lawry**
**Aren Adjoian**
Federal Community Defender Office for the Eastern District of Pennsylvania
Curtis Center
Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
Phone:  (215) 928-0520
Fax:  (215) 928-0826
Matthew_Lawry@fd.org
Aren_Adjoian@fd.org
[Service via CM/ECF]