# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CIVIL NO. 9:16-CV-80693-RNS

| | | |
|---|---|---|
| **RICARDO SANCHEZ, JR.,** | **:** | |
| **Movant** | **:** | |
| | **:** | |
| **v.** | **:** | **THIS IS A CAPITAL CASE** |
| | **:** | |
| **UNITED STATES OF AMERICA,** | **:** | |
| **Respondent** | **:** | |

### RICARDO SANCHEZ'S REPLY IN SUPPORT OF
### MOTION FOR DISCOVERY AND CONSOLIDATED
### MEMORANDUM OF LAW

Matthew C. Lawry
Aren Adjoian
Federal Community Defender Office
 for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
Phone: (215) 928-0520
Fax: (215) 928-0826
Matthew_Lawry@fd.org
Aren_Adjoian@fd.org

Counsel for Ricardo Sanchez, Jr.

Dated:  November 15, 2016

Ricardo Sanchez files this reply in support of his motion for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Due Process Clause of the Fifth Amendment, and the Eighth Amendment.

## Legal Standard

The governing legal standard was correctly set forth in Mot. Disc. 2-4, ECF No. 25-1.  In its response, the government misstates the applicable standard in certain respects.

First, the government asserts (without citation) that the "good cause" standard set forth in *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997), "is a high bar."  Resp. Mot. Disc. 2, ECF No. 35.  This is meaningless and misleading.  *Bracy* requires only that the petitioner show "specific allegations" that give reason to believe "that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Id.*  When the petitioner's allegations go beyond "mere speculation," it is error to deny discovery.  *Bowers v. United States Parole Comm'n, Warden*, 760 F.3d 1177, 1184-85 (11th Cir. 2014).

Second, the government contends that Mr. Sanchez must show that the "evidence sought would raise sufficient doubts about the defendant's guilt to undermine confidence in the result of the trial."  Resp. Mot. Disc. 2, 6 (citing *Arthur v. Allen*, 459 F.3d 1310 (11th Cir. 2006)).  This contention is based on a misreading of *Arthur*.

In *Arthur*, the petitioner had failed to comply with the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  *Arthur v. Allen*, 452 F.3d 1234, 1244, *modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006) (per curiam).  In an attempt to overcome the statute of limitations, he submitted affidavits in support of a claim of actual innocence, and sought further discovery in support of that claim.  *Id.* at 1244-48.  In that context, in order to make a showing of potential entitlement to

1

relief, he was required not just to show that discovery could support a viable constitutional claim, but also that he could make a showing of innocence that would satisfy *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (requiring showing that "it is more likely than not that no juror would have convicted him in the light of the new evidence."). *See Arthur*, 452 F.3d at 1245. Therefore, the Eleventh Circuit tied the petitioner's discovery request to whether he had a viable innocence claim under *Schlup*. *See Arthur*, 459 F.3d at 1310.

Here, Mr. Sanchez's petition was timely filed, thus he need not first satisfy the *Schlup* standard in order to establish his entitlement to relief. Rather, it is *Bracy* alone that provides the governing standard.

The government asserts generally that discovery requests "based on mere speculation" or that amount to a "fishing expedition" may be denied. Resp. Mot. Disc. 2-3. As shown in Mr. Sanchez's original motion and herein, however, these principles have no application to Mr. Sanchez's requests, which are based on specific allegations.[1]

Finally, the government asserts generally that because it provided substantial discovery pretrial, it should not be required to provide additional discovery now. Resp. Mot. Disc. 4-5. The government cites no authority for this proposition, and we are aware of none. Obviously, to the extent that the government provided all relevant discovery pretrial, it cannot be expected to do more now. Otherwise, however, because Mr. Sanchez's current requests for discovery meet the *Bracy* standard, neither the fact that the government provided discovery pretrial nor the quantum actually provided pretrial is a basis for denying those requests.

---

[1] The government responds to arguments and citations that were not made by Mr. Sanchez but apparently by his codefendant, Mr. Troya. *See* Resp. Mot. Disc. 3-4; *United States v. Troya*, No. 16-80700, ECF No. 34 at 5-6. We note only that the fact that this is a capital case weighs in favor of granting discovery, but that regardless of this factor, discovery should be granted to Mr. Sanchez under the *Bracy* standard.

**Discovery Requests**[2]

1.      **Documents pertaining to Claim IV**

The government says that Mr. Sanchez is not entitled to discovery because he is trying

"*to develop facts*" in support of his claim.  Resp. Mot. Disc. 6 (emphasis in original).[3]  The

government errs.

Contrary to the government's apparent belief, the express purpose of discovery under

Rule 6 is to assist the petitioner in developing the facts.  *See Bracy*, 520 U.S. at 908-09

(discovery required where "specific allegations" give reason to believe "that the petitioner may,

*if the facts are fully developed*, be able to demonstrate that he is . . . entitled to relief.");  Advisory

Committee Note to Rule 6 of the Rules Governing Section 2254 Cases ("Discovery may, in

appropriate cases, *aid in developing facts* necessary to decide whether to order an evidentiary

hearing or to grant the writ following an evidentiary hearing . . . .").

The government also asserts that Mr. Sanchez is not entitled to discovery because his

request is speculative and because he has not proven that the requested records exist or would

entitle him to relief.  Resp. Mot. Disc. 6.  Again, the government errs.

Mr. Sanchez made detailed, specific allegations concerning his impairments in

intellectual functioning, neuropsychological impairments, and psychiatric symptoms, and further

alleged that all of those impairments affected him at the time of his capital trial.  Pet., ECF No.

16-1, ¶¶ 146-61.  Mr. Sanchez further made detailed, specific allegations that as a result of these

---

[2] In its Order Dismissing Claims, ECF No. 29, the Court dismissed several claims and denied discovery relating to those claims.  Given the Court's ruling and the fact that the government did not respond with respect to those claims, we do not address them in this Reply.

[3] Emphasis herein is supplied unless otherwise indicated.

impairments he was unable to rationally and properly assist counsel and did not understand the nature and consequences of the proceedings.  *Id.*, ¶¶ 162-69.

Mr. Sanchez's requests for discovery relating to those allegations are not speculative.  It is obvious that law enforcement, custodial and correctional officers were in a position to observe Mr. Sanchez's behavior and functioning at the time of trial, and it is commonplace for such officers to record their observations.  The requested discovery is relevant to a claim on which relief could be granted.  It therefore meets the *Bracy* standard.

### 2.      Documents pertaining to Claim VII.B and Claim VIII.I

The government asserts that Mr. Sanchez is not entitled to discovery related to the toolmark and firearms evidence presented at trial because some evidence was disclosed by the government during pre-trial discovery. Resp. Mot. Disc. 11, 17.

While the government disclosed some evidence related to these requests during pre-trial discovery, the government has not disclosed the underlying data supporting the conclusions reached by toolmark examiners Alison Quereau and Mark Chapman. Moreover, the government has denied Mr. Sanchez access to the physical evidence in this case, which is in its exclusive possession and control.

The government argues that Mr. Sanchez is not entitled to this discovery because his requests are speculative and because he has not proven that the requested discovery would entitle him to relief.  Resp. Mot. Disc. 11-12, 17.  Again, the government errs.

Mr. Sanchez made specific allegations that trial counsel unreasonably failed to adequately challenge the firearms evidence introduced by the government at trial, which was the sole evidence linking him to the crime scene and to the Haverhill, Suwanee, and Mercer shootings.  Pet., ECF No. 16-1, ¶¶ 282-87, ¶¶ 528-35. Mr. Sanchez further made detailed,

specific allegations that had counsel challenged the firearms evidence, counsel could have made a strong argument that the evidence was unreliable and inadmissible. *Id.*, ¶¶ 288-94, ¶¶ 536-37. Mr. Sanchez's requests for discovery relating to these allegations therefore are not speculative, as the express purpose of discovery under Rule 6 is to assist the petitioner in developing the facts. *See Bracy*, 520 U.S. at 908-09.

The government also contends that discovery should be denied because the findings of the government's experts were subject to cross-examination at trial. Resp. Mot. Disc. 12 (citing *Johnson v. Nagle*, 58 F. Supp. 2d 1303, 1340-41 (N.D. Ala. 1999)).  However, *Johnson* makes clear that "[t]he deference a court must give to an attorney's decisions depends to some extent upon whether those decisions were based on a careful and informed assessment of the available options."  58 F. Supp. 2d at 1341. The requested discovery, including access to the physical evidence comparable to that afforded at trial, would permit Mr. Sanchez to prove that trial counsel's decisions were not "based on a careful and informed assessment of the available options."  *Id.*  Because the requested discovery is related to a claim upon which relief could be granted, good cause is shown.

### 3.      Documents pertaining to Claim VII.C

The government says that it does not possess additional toll records or cell site records that it has not disclosed and that "operational data" of the cellular phone companies should be subpoenaed from these companies.  Resp. Mot. Disc. 15.  The government also asserts that Mr. Sanchez is not entitled to any third party discovery because the request is speculative.  *Id.*  The government is incorrect.  Mr. Sanchez has set forth specific allegations, supported by a sworn declaration from a cellular forensic expert, that the cellular records produced at trial were insufficient to substantiate the government's allegations that the location of an individual handset

5

could be pinpointed with any degree of precision. *Id., ¶¶* 296-304. The requested data would corroborate these specific factual allegations and are clearly relevant to Mr. Sanchez's claim that trial counsel rendered ineffective assistance in challenging the cellular evidence presented at trial. If the information and materials requested are not in the government's actual or constructive possession, Mr. Sanchez requests that the Court order discovery from the cellular carriers.

### 4.      Documents pertaining to Claim VIII

The government denies that it possesses the information and materials set forth in (a)-(d) requested with respect to Claim VIII of Mr. Sanchez's § 2255 Motion. Resp. Mot. Disc. 15-16. As set out in Mr. Sanchez's discovery motion, Mr. Sanchez is entitled to discovery that is in the government's actual or constructive possession, including in the possession of other government agencies. Items (a)-(d) request:

• law enforcement records pertaining to Mr. Sanchez's father's criminal history, including his abuse of his wife and children;

• law enforcement records documenting the investigation into crimes in the community in which Mr. Sanchez grew up, corroborating witness testimony about the violence to which Mr. Sanchez was exposed as a child;

• law enforcement records documenting the sexual abuse of Mr. Sanchez's disabled brother by a neighbor; and

• law enforcement records pertaining to racial violence and hate crimes in the neighborhood in which Mr. Sanchez grew up.

These documents, created and maintained by federal, state, and local law enforcement agencies are, if not in the government's actual possession, in the government's constructive

possession.  *See* Mot. Disc. 4 (principle of constructive possession applies to government agencies that are part of the "prosecution team").  Furthermore, the government's investigation included developing and presenting evidence of prior uncharged crimes allegedly committed by Mr. Sanchez (and relied on by the government to support non-statutory aggravating factors), and efforts to rebut Mr. Sanchez's mitigating evidence (including the evidence about the extent of abuse and dysfunction in Mr. Sanchez's family).  *See* Pet., ¶¶ 516-37.

If the information and materials he has requested are not in the government's actual or constructive possession, Mr. Sanchez requests the Court to order discovery from the agencies that possess it.

The government contends that Mr. Sanchez has not alleged why the information he seeks would entitle him to relief or "established good cause that he would be entitled to relief if discovery was ordered."  *Id*. at 16.  Mr. Sanchez, however, is not obliged to do so.  Mr. Sanchez must allege, and has alleged, only that the discovery he seeks is relevant to a claim or defense and either is admissible or is reasonably calculated to lead to the discovery of admissible evidence, not that the materials when provided would definitively establish his entitlement to relief.  Fed. R. Civ. Proc. 26(b)(1).  Discovery is warranted here because the "specific allegations before the court show reason to believe that [Mr. Sanchez] may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. at 908-09.

The requests seek information and documents in the possession of law enforcement agencies that provide contemporaneous evidence of the domestic abuse, community violence, racially-motivated intimidation and cruelty, and sexual aggression to which Mr. Sanchez, his siblings, and his mother were subjected during the formative years of Mr. Sanchez's life. Although Mr. Sanchez has proffered through sworn declarations of witnesses evidence that he

7

experienced these traumatic events, reports of law enforcement investigations of these incidents, created contemporaneous with the events themselves, are clearly relevant to his claims that he suffered these experiences and provide credible corroboration for the statements of Mr. Sanchez's family members and friends.

The requested materials are equally relevant to Mr. Sanchez's claim that his counsel was prejudicially ineffective for failing to request, inspect, and present them to the jury at the capital trial. They are materials that are, and were, relevant to Mr. Sanchez's penalty phase defense, including to specific factors in mitigation that the jury considered, *e.g.*, (18) he grew up in a home with an alcoholic father; (19) he and his family were subjected to violence by his father as a result of his father's drinking; (20) he and his siblings grew up in fear of their father because of his drinking; (21) he was exposed to criminal activity by family members as a child; (23) his family system normalized crime, violence and substance abuse; (37) while growing up, he was exposed to many of the risk factors identified by the Department of Justice; (38) because of his exposure to the Department of Justice identified risk factors, his "framework" to make the right decisions was flawed.

**Conclusion**

For the reasons set forth herein and in Mr. Sanchez's previous submissions, Mr. Sanchez respectfully requests that this Court grant the discovery requests discussed above, relating to Claims IV, VII.B and VIII.I, VII.C, and VIII.  Should this Court grant the pending motion for reconsideration in whole or in part, Mr. Sanchez requests leave to brief his requests for discovery with respect to any reinstated claims as to which he had previously sought discovery.

Respectfully submitted,

/s/ Matthew Lawry
Matthew C. Lawry
Aren Adjoian
Federal Community Defender Office
for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
Phone: (215) 928-0520
Fax: (215) 928-0826
Matthew_Lawry@fd.org
Aren_Adjoian@fd.org

Counsel for Ricardo Sanchez, Jr.

Dated: November 15, 2016

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by

the Court's CM/ECF service on this 15th day of November, 2016, on the following individuals:

Stephen Carlton
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 820-8711
Fax: (561) 659-4526
stephen.carlton@usdoj.gov
Counsel for the United States

Brandy Galler
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 820-8711
Fax: (561) 659-4526
brandy.galler@usdoj.gov
Counsel for the United States

/s/ Matthew Lawry
Matthew C. Lawry