## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CIVIL NO. 9:16-CV-80693-RNS

| | | |
|---|---|---|
| **RICARDO SANCHEZ, JR.,** | : | |
| **Movant** | : | |
| | : | |
| **v.** | : | **THIS IS A CAPITAL CASE** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

## REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO RECONSIDER
## ORDER DISMISSING CLAIMS

Matthew C. Lawry
Aren Adjoian
Federal Community Defender Office
 for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
Phone: (215) 928-0520
Fax: (215) 928-0826
Matthew_Lawry@fd.org
Aren_Adjoian@fd.org

Counsel for Ricardo Sanchez, Jr.

Dated:  November 17, 2016

**Response as to Procedural History**

The government asserts that the Joint Status Report and Scheduling Order (ECF No. 17) "anticipated" that an amended petition would only be filed "in response to any new discovery received . . . ." Resp. Mot. Recon. 2, ECF No. 40. The government also asserts that the "implication" of the joint status report "is that unless and until the Court grants the discovery motion, the filing of an amended petition is neither anticipated nor likely." *Id.* at 3. Those assertions are incorrect.[1]

The joint status report specifies a closing date for any amendments to the petition, i.e. "within 90 days of the close of discovery." Jt. Status Rpt. 2. Nothing in the document – which is primarily concerned with the timing of various filings – states or implies any limitations upon the content of a motion to amend, or the circumstances under which a motion to amend may be filed.

**Response as to Legal Arguments**

As shown below, most of the government's argument is based on misinterpretations of the Federal Rules of Civil Procedure and the Rules Governing Section 2255 Proceedings, and much of it concerns the propriety of the Appendix filed by Mr. Sanchez and of putative amendment(s) to the section 2255 Motion. We note what the government's response does *not* contain – any specific or meaningful argument in response to Mr. Sanchez's detailed showing that the Court erred in dismissing claims on the ground of procedural default *sua sponte*, without notice and an opportunity to respond, Mot. Recon. ¶¶ 25-35, ECF No. 32, and that the Court erred in denying the individual claims as meritless. *Id.* ¶¶ 38-96.

The government makes numerous erroneous and unsupported assertions about the rules governing section 2255 proceedings. These may be summarized as follows: (1) a section 2255 motion must not only "specify all the grounds for relief" and "state the facts supporting each ground for relief," Rule 2(b)(1-2), Rules Governing Section 2255 Proceedings, *but also* "contain all . . . supporting evidence," Resp. Mot. Recon. 4, "including any supporting documentation," *id.* at 5, and include all "relevant legal argument" in the motion itself, *id.*; (2) if a claim as defined in Rule 2(b) has been timely filed, the petitioner must file a motion to amend if she seeks to argue the law supporting her claims, respond to a court's or opposing counsel's suggestion

---

[1] Also incorrect and unsupported is the related assertion that "the possibility of an amended petition was raised only if the Court allowed discovery and only if the amended petition was warranted by facts divulged in discovery." *Id.* at 7. Nothing in the record supports this assertion.

that one or more claims may be procedurally defaulted, or provide additional documentation in support of the properly pled claim; and (3) if the petitioner were to seek to amend a timely-filed claim for any of these purposes after the running of the statute of limitations, such an amendment would be barred by the statute of limitations.[2]

All of these assertions are contrary to existing law and procedure.

(1)      Rule 2(b) sets forth exactly what a § 2255 motion must include: specification of all the moving party's "grounds for relief," and a statement of "the facts supporting each ground." It says nothing about filing "documentation" supporting the properly pled grounds for relief, nor does it say anything about providing "legal argument" in support of a ground for relief. The government's argument is not supported by the text of Rule 2(b). Nor is it supported by a decision of any court or any order from this Court.

Rather, the government's argument is directly contrary to existing law and practice. To begin with, the Rules Governing Section 2255 Proceedings provide a form to be used by § 2255 petitioners. The form instructs petitioners to state "[s]upporting facts," but *not* to "argue or cite law. Just state the specific facts that support your claim." *See* Rules Governing Section 2255 Proceedings, Appendix of Forms. If the government were correct, the form would function as a trap for petitioners who, in following the instructions, would forfeit their rights to argue the law and provide supporting documents.

Moreover, the leading treatise on habeas practice has this to say about the fact pleading requirement of Rule 2(c) of the Rules Governing Section 2254 Proceedings:[3]

> Although the Habeas Rules *do not require* that every item of relevant evidence or every relevant legal authority be catalogued in the pleading, especially given that many of the relevant facts may not surface until fact-development proceedings

---

[2] The government contends: "*The law clearly specifies* that all legal claims must be pled before the expiration of the filing deadline. For Sanchez, that deadline has long passed. The time for adding new legal claims has expired. The time for filing supporting documentation has also passed. This factual documentation should have been filed with the initial petition." *Id*. at 6 (emphasis added). But the government cites no authority to support these contentions, particularly the last two.

[3] Rule 2(c) of the Rules Governing Section 2254 Proceedings is essentially identical to Rule 2(b) of the Rules Governing Section 2255 Proceedings, and the form of a § 2255 motion is therefore "basically the same" as the form of a § 2254 petition. 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice & Procedure* § 41.4[b] (6th ed. 2011) (hereafter "Hertz & Liebman").

(for example, discovery and a hearing) are made available, the rules do require that the petitioner include in the statement of each claim *enough supporting facts to distinguish it from claims of its generic type*, and to justify a decision for the petitioner once the alleged facts are proven.

1 Hertz & Liebman § 11.6 (emphasis supplied) (footnotes and citations omitted).

Applicable case law also directly refutes the government's argument. Courts have repeatedly held that a habeas petition or motion need not contain elaborate citations to legal authority or legal argument. *See, e.g., Jones v. Jernison*, 20 F.3d 849, 853 (8th Cir. 1994) ("No statute or rule requires that a petition identify a legal theory or include citations to legal authority."); *Johnson v. Puckett*, 929 F.2d 1067, 1070 (5th Cir. 1991) (petition alleging historical absence of black grand jury foremen in jurisdiction and denial of due process adequately alleged due process violation: "Traditionally, a petition need only 'allege the facts concerning the applicant's commitment or detention'; it need not plead the law.") (footnotes omitted); *Pringle v. Court of Common Pleas*, 778 F.2d 998, 1002 n.4 (3d Cir. 1985) (petitioner adequately notified court "of her basic constitutional claim, and did not need to refer to every case supporting her contention.").

Similarly, courts have repeatedly made clear that as long as a petition states the relevant facts, it need not contain supporting documents. *See, e.g.*, *Paige v. Birkett*, 2006 WL 273619, *6 (E.D. Mich. Jan. 31, 2006) (nothing in habeas statute or rules "requires a habeas petitioner to attach . . . evidentiary material to his petition for writ of habeas corpus."); *United States ex rel. Bonner v. Warden, Statesville Correctional Center*, 422 F. Supp. 11, 14 (N.D. Ill. 1976) (habeas petition "need not contain evidentiary material.").

The decisions cited by the government, Resp. Mot. Recon. 4-5, are not to the contrary. Despite the government's suggestion, *Blackledge v. Allison*, 431 U.S. 63 (1977), says nothing about attaching supporting documents to a petition. What *Allison* holds is that even when presenting a disfavored claim – that his guilty plea was induced by false statements by his counsel – the petitioner need only provide "specific factual allegations," *id.* at 76, to avoid summary dismissal. And the Supreme Court remanded because the lower courts had erred in summarily denying relief without "'careful consideration and plenary processing of [his claim,] including full opportunity for presentation of the relevant facts.'" *Id.* at 82-83 (quoting *Harris v. Nelson*, 394 U.S. 286, 298 (1969)). *Allison* strongly supports Mr. Sanchez's position, not the

government's. Because, like Mr. Allison, Mr. Sanchez provided specific factual allegations in his § 2255 Motion, he is entitled to the same "full opportunity for presentation of the relevant facts."

Neither *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001), nor *Aldrich v. Wainwright*, 777 F.2d 630 (11th Cir. 1985), cited by the government, supports the government's position. Notably, both *Johnson* and *Aldrich* were cases in which relief was denied following evidentiary hearings held to test the petitioner's allegations. *See Johnson*, 256 F.3d at 1165, 1168-69 (discussing district court's denial of relief following extensive proceedings and an evidentiary hearing); *Aldrich*, 777 F.2d at 632, 636-37 (petitioner proved deficient performance but failed to prove prejudice despite full evidentiary hearing in state post-conviction proceedings). *Johnson* and *Aldrich* do not authorize summary dismissal prior to the filing of the government's answer, let alone endorse the government's argument that supporting documentation must be attached to a petition.

All that the applicable rules require is that the petitioner provide specific factual allegations in support of his claims. *See, e.g.*, *Smith v. Wainwright*, 777 F.2d 609, 616 (11th Cir. 1985) ("As a general rule, a habeas petitioner must allege specific errors in counsel's performance to support a claim for ineffective assistance of counsel."). When the petitioner does that, and when the allegations support a claim on which relief can be granted, the claim is properly pled and it is error to dismiss the claim without holding an evidentiary hearing. *Id.* at 616-20.

Here, the government makes no assertion that the claims as pled in the Motion fail to meet that standard, nor would such an assertion be credible given the detailed allegations set forth therein. Nor does the government make any assertion that the claims as pled in the Motion are untimely; rather, the government has conceded that the claims were timely filed. Resp. Mot. Vac. 28, ECF No. 37.

(2)     Because the claims as pled in the Motion are properly pled and timely, the subsequent filing of documentation or legal authority and argument in support of the claims is permitted because it does not fundamentally alter the existing claim. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) ("supplemental evidence . . . did not fundamentally alter the legal claim"). Accordingly, filing supporting documents or legal argument is not an amendment and does not require the filing of a motion for leave to amend.

(3)     To the extent that the Court or the government suggests that any of the claims in the Motion are defective in any respect, the Rules contemplate that amendment to correct any deficiencies should be granted:

> [A] need to amend the petition may arise when either the district court or the [government] suggests that the petition is defective in form or that it fails to state a cause of action or to plead facts sufficient to justify relief. The Advisory Committee Notes to the Habeas Rules invite amendment in such situations, and the federal courts long have permitted such amendments that cure formal, procedural, or substantive defects in the petition and state tenable claims for relief.

1 Hertz & Liebman § 17.2 (footnotes omitted).[4]

If amendment is necessary, whether in response to any discovery provided by the government or for any other reason, an amendment of the existing claims would not be untimely, because it would relate back to those claims. The government ignores this well-established principle.

In habeas cases, additional facts may be pled in support of an initial claim when the facts are of the same "time and type." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'arise out of the conduct, transaction, or occurrence.'" *Id*. (quoting Fed. R. Civ. P. 15(c)(2)). Under this rule, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id*. at 664.

Relation back is not a novel or arcane principle of law. *See* Fed. R. Civ. P. 15(c), 1937 advisory committee's note ("'Relation back' is a well recognized doctrine of recent and now more frequent application."). The application of relation back to habeas proceedings was recently summarized as follows:

---

[4] Under Rules 12(b)(6) and 15 of the Federal Rules of Civil Procedure, when a claim is dismissed for failure to state a cause of action, the court will ordinarily specify whether the dismissal is with or without prejudice to filing an amended claim. Dismissals should be without prejudice unless an amendment would be futile. *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1248-49 (11th Cir. 2015) (vacating and remanding in part where plaintiff was not given opportunity to amend complaint with respect to claim that was frivolous, but affirming dismissal where amendment would have been futile). The Order Dismissing Claims, ECF No. 29, does not specify whether it is with or without prejudice. At a minimum, this Court should specify that its order is without prejudice to the filing of curative amendments.

> Despite the running of the statute of limitations, if a prisoner amends or supplements his § 2255 motion after the statute of limitations expires, the new claims are still timely if they relate back to one of the claims in the original motion. For an untimely claim to relate back in a § 2255 proceeding, it "must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). "[I]n order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Id*. An amendment that serves to expand facts or cure deficiencies in an original claim relates back to the original claim. *Dean v. United States*, 278 F.3d 1218, 1223 (11th Cir. 2002).

*Carrero-Gomez v. United States*, No. 11–cv–22216–KMM. 2012 WL 668264 at *1 (S.D. Fla. 2012).

An amendment will relate back to the original pleading if it "adds facts and specificity to the original claim." *Dean*, 278 F.3d at 1222. Though *Davenport* and *Dean* predate *Mayle*, both remain good law. *Davenport* is cited with approval in *Mayle*, 544 U.S. at 653, 657, and the subsequent case law discussed in this section confirms that the Eleventh Circuit's pre-*Mayle* analysis of relation back in habeas cases remains in force. This is true even where the initial claim is insufficient on its own to state a claim for relief. *See id.*; *see also Ciccotto v. United States*, 613 F. App'x 855, 859 (11th Cir. 2015) (claim that court erred in not considering mitigating factors, such as background and mental health, related back to bare-bones claim that sentence was "too harsh" in light of record and cooperation); *Williams v. Fla. Dep't of Corr.*, 391 F. App'x 806, 807, 810-11 (11th Cir. 2010) (claims that appellate counsel performed deficiently in failing to argue claims relating to particular jury instruction and sufficiency of the evidence related back to general claim that appellate counsel "failed, on direct appeal, to raise arguments concerning [unidentified] fundamental errors in the trial proceedings"); *Mabry v. United States*, 336 F. App'x 961, 964-65 (11th Cir. 2009) (claim that counsel failed to advise client that appeal waiver allowed him to appeal overruling of particular objection to prior conviction as sentence enhancer related to general allegation that counsel ineffectively allowed client to forego appellate rights).

These principles dispose of most of the government's arguments. The petition properly pled the facts in support of Mr. Sanchez's claims. Mr. Sanchez had every right to provide additional legal argument and documentation of his claims after filing the petition; he violated no

6

rule, local or national, by doing so. Finally, to the extent any amendment of the existing claims is or becomes necessary, such amendments are timely because they relate back to the timely filing of the petition itself.

We briefly reply to the government's other arguments.

The government points out that a district court has the authority to review and dismiss a petition pre-answer under Rule 4(b) of the Rules Governing Section 2255 Proceedings. Resp. Mot. Recon. 3-4. Mr. Sanchez, however, did not contend that this Court had no authority under Rule 4(b), but instead argued that it had exercised its authority improperly. *See* Mot. Recon. 4-19. The government barely responds to those detailed arguments.

The government argues that the Court correctly dismissed some of Mr. Sanchez's claims as procedurally barred without notice and prior to an answer having been filed, asserting that Mr. Sanchez's contention that this was improper "is belied by case law in this circuit." Resp. Mot. Recon. 8-9. Once again, the government's argument is devoid of any merit or support.

Both the decisions of the United States Supreme Court and of the Eleventh Circuit that the government cites stand only for the proposition that a § 2255 petitioner's claim may be dismissed on the ground of procedural default if (a) the claim was not raised on direct appeal, and (b) the petitioner is unable to show cause and prejudice (or some other basis) to excuse the default. But that is not the issue in this case, and Mr. Sanchez has never disputed that a district court – after the issue has been properly raised and the prisoner has had an opportunity to show cause and prejudice but has failed to do so – may deny a claim on the basis of procedural default. Rather, the issue here is whether it is proper to dismiss a claim on the basis of procedural default where the government has not raised procedural default as an affirmative defense, and the Court has not given the petitioner notice of its intent to raise the issue *sua sponte* and an opportunity to respond. The cases cited by the government are irrelevant to that issue.

The Eleventh Circuit law relied on by the government consists solely of *United States v. DeBernardo*, 880 F.2d 1216 (11th Cir. 1989), and *Parks v. United States*, 832 F.2d 1244 (11th Cir. 1987). *DeBernardo* merely mentions the concept of procedural bar, 880 F.2d at 1227, before deciding that it did not apply on the facts of that case. In *Parks*, the prisoner "made no showing of cause to explain this failure to raise the issues of which he now complains on direct appeal." 832 F.2d. at 1246. The decision contains no discussion of the procedural context in which the

7

issue arose. As far as appears from the decision, the prisoner never attempted to make any showing of cause and prejudice.

Contrary to the government's assertion, nothing in those decisions belies Mr. Sanchez's arguments that procedural default is an affirmative defense; that a petitioner is under no obligation to plead that he can overcome affirmative defenses; and that at a minimum the Court should have granted Mr. Sanchez notice and an opportunity to be heard on the procedural default issue.[5]

Rather, the issue raised in the motion for reconsideration was this Court's decision to raise the affirmative defense of procedural default *sua sponte*, and then to dismiss multiple claims on that ground without providing Mr. Sanchez notice and an opportunity to respond. Mot. Recon. 5-8. That argument – unlike the government's – *is* supported by Eleventh Circuit law. *See id.* at 6-7 (citing *Esslinger v. Davis*, 44 F.3d 1515, 1528 & n.45 (11th Cir. 1995), and *Nguyen v. United States*, 420 F. App'x 875, 878 (11th Cir. 2011)). The government does not address these controlling decisions.

The government repeatedly accuses undersigned counsel of improper conduct and bad faith. *See*, *e.g.*, Resp. Mot. Recon. 5 (counsel "knew, or should have known from a cursory review of the rules and relevant case law, that they had one year . . . [to file the § 2255 motion] and that this motion needed to set forth all legal and factual basis for relief, including any supporting documentation."); *id.* at 6 (the appendix "is an untimely 'data dump'"); *id.* ("Sanchez is not entitled to delay these proceedings"); *id.* at 7 ("Sanchez had no intention of making these documents known until sometime after the December 2016 status conference"); *id.* at 8 (alleging

---

[5] The government points out that Mr. Sanchez did not specify the rule of procedure providing that he has no obligation to plead that he can overcome affirmative defenses. Resp. Mot. Recon. 9. But it is plain from the controlling decisions cited in support of that proposition, *see* Mot. Recon. 6, that the applicable rule of procedure is Fed. R. Civ. P. 8. *See Vance v. Terrazas*, 444 U.S. 252, 269 n.11 (1980) (citing Rule 8 in support of the "well established" rule that an "affirmative defense must be pleaded and proved by the party attempting to rely on it"); 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1276 (3d ed. 2016) (noting in discussion of Rule 8 that a plaintiff is "not under any obligation to plead on the subject of [an] anticipated defense"). *See also Twin City Fire Ins. Co. v. Hartman, Simon & Woods, LLP*, 609 F. App'x 972, 976-78 (11th Cir. 2015) (applying Fed. R. Civ. P. 12(b)(6); reversing district's court dismissal of complaint on the basis of affirmative defense of waiver); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (same with respect to affirmative defense of statute of limitations).

8

bad faith or dilatory motive). Like the government's other contentions, these attacks on counsel's conduct and speculation about counsel's intentions are unsupported and baseless.

In particular, undersigned counsel could not "know" that all "supporting documentation" and legal arguments had to be filed within one year of the denial of certiorari review, because, as set forth above, no rule, statute, or other authority requires such a practice. As with most of its other arguments, the government has not cited – and cannot cite – anything to support its accusations about what undersigned counsel "knew or should have known."[6] Undersigned counsel are not seeking to delay these proceedings, nor acting in bad faith, but simply representing our death sentenced client zealously and in compliance with all applicable rules.

---

[6] Undersigned counsel has nearly thirty years of capital habeas experience, primarily in Florida and Pennsylvania. During that time and in numerous cases, no court or opposing counsel has suggested that all legal arguments or supporting documentation must be filed at the same time as a fact petition. In many jurisdictions, the rules explicitly provide for separating fact pleading from legal argument. *See, e.g.*, Local Rule 9.4.3 of the Eastern District of Pennsylvania (specifying that a memorandum of law should be filed within sixty days of the filing of the petition). No doubt a district court or an individual judge could specify a different procedure, with which counsel would then comply. But neither the Southern District of Florida nor this Court has done so.

## Conclusion

For the foregoing reasons and those set forth in his prior submissions, Mr. Sanchez respectfully requests that the Court reconsider and revoke its dismissal order; provide Mr. Sanchez with an opportunity to demonstrate cause and prejudice for any claims subject to procedural default; provide Mr. Sanchez with an opportunity to amend and cure any pleading deficiencies in his claims; order discovery; and grant such other relief as is necessary and proper.

Respectfully submitted,


/s/ Matthew Lawry
Matthew C. Lawry
Aren Adjoian
Federal Community Defender Office
for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
Phone: (215) 928-0520
Fax: (215) 928-0826
Matthew_Lawry@fd.org
Aren_Adjoian@fd.org

Counsel for Ricardo Sanchez, Jr.

Dated: November 17, 2016

10

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically by

the Court's CM/ECF service on this 17th day of November, 2016, on the following individuals:

Stephen Carlton
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 820-8711
Fax: (561) 659-4526
stephen.carlton@usdoj.gov
Counsel for the United States

Brandy Galler
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 820-8711
Fax: (561) 659-4526
brandy.galler@usdoj.gov
Counsel for the United States

/s/ Matthew Lawry
Matthew C. Lawry