United States District Court
for the
Southern District of Florida

RICARDO SANCHEZ, Jr.,           )
      Movant                    )
                           )
v.                              )  Civil Action No. 16-80693-Civ-Scola
                           )
UNITED STATES OF AMERICA,        )
      Respondent                )

### Order to Show Cause

This matter is before the Court upon a *sua sponte* review of the record. The Movant Ricardo Sanchez is in the custody of the United States Bureau of Prisons after having been sentenced to death for the October 13, 2006, murders of two young children: Luis Damian Escobedo (three years old) and Luis Julian Escobedo (four years old). (Verdict, Case No. 06-CR-80171 (Hurley, J), ECF No. 796). The Movant was also sentenced to life imprisonment for the murder of the children's parents, Jose Luis Escobedo and his wife Yessica Escobedo. The Movant's convictions and sentences were affirmed on direct appeal. *United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013). The United States Supreme Court has denied a writ of certiorari. *Sanchez v. United States*, 135 S.Ct. 2048 (2015).

On May 26, 2016, the Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ("Amended Motion") (Am. Mot. ECF No. 16-1). The Movant argued eleven claims for relief with multiple sub-claims: (I) juror misconduct, (II) death sentence based on impermissibly vague statute (carjacking), (III) ineligible for the death penalty (mental retardation, brain dysfunction, mental disorders), (IV) trial counsel was ineffective for failing to investigate competency to stand trial, (V) trial counsel was ineffective for failing to object when the government substituted a medical examiner who had not conducted the autopsy of the victims, (VI) *Brady* violations (six specific instances and one cumulative effect), (VII) trial counsel was ineffective during the guilt phase for failing to: challenge the composition of the jury, investigate and challenge "toolmark" evidence, investigate and present the testimony of cellular forensic expert, object to the charges in counts 7-10 and jury instructions, and object to prosecutor's closing arguments, (VIII) trial counsel

was ineffective during the penalty phase for failing to: investigate and present personal background and psychological and social development, present evidence of neurological impairments, investigate psychiatric disorders, to investigate intellectual disability, investigate competence to stand trial, properly consult with mental health experts, identify the Movant's traumatic background and disabilities, impeach the testimony of government expert, investigate aggravation evidence, object to prosecutorial misconduct, object to jury instructions, and cumulative effects of errors, (IX) death sentence violates the Eighth Amendment, (X) security measures used during trial denied the Movant due process, a jury trial, and the presumption of innocence, and (XI) cumulative effects of errors. (Am. Mot. ECF No. 16-1). The Movant did not file a Memorandum of Law or an Appendix attaching any documents supporting his claims. Perhaps, more notably, the Movant did not assert any claims of ineffective assistance of appellate counsel.

Pursuant to Rule 4, *Rules Governing Section 2255 Proceedings*, the Court began its initial review of the Movant's claims. The Court determined that, at a minimum, some of the claims were not subject to dismissal. The Court conducted a status conference on July 14, 2016. (Or. ECF No. 21). Following the status conference, the Court issued its scheduling order requiring the Government to respond to the Movant's claim in his Motion to Vacate, Set Aside, or Correct Sentence. (Am. Mot. ECF No. 21). The Court granted leave for the Movant to file a reply. (*Id.*) The Court then conducted a more detailed review of the Movant's claims and determined that certain, but not all, of his claims should be dismissed.

Before the due date of the Government's Response, the Court issued an order which dismissed Claim I and Claim X as procedurally barred, Claims III, VI, and IX were procedurally defaulted but also were claims which "plainly appear[]. . .that the moving party is not entitled to relief." (Or. ECF No. 29 at 4). Claims II and VII(A) were not procedurally barred but were dismissed because they are claims in which the Movant is clearly not entitled to relief. (*See id.* at 3-4). The Court ordered the Government to respond to the remaining claims. The Movant has moved for reconsideration of the Court's Order Dismissing Claims. (Mot. ECF No. 32). During the course of adjudicating the Movant's motion to reconsider, the Court learned that the Movant was represented by the same counsel in both his direct appeal and his §2255 proceedings.

### *Facts*

On April 29, 2009, following a guilty verdict and the imposition of the death sentence, trial counsel filed a Motion to Declare Defendants Indigent for Appellate Purposes and for Substitution of Appellate Counsel. (Mot., Case No. 06-CR-80171 (Hurley, J), ECF No. 878). Trial counsel argued to the Court that "[n]one of the counsel appointed for trial purposes" were qualified to provide the experienced legal counsel necessary to file an appeal in this case. (*Id.*) In fact, trial counsel argued that "[i]ndeed, no lawyer in the State of Florida has ever represented a defendant under these unique circumstances." (*Id.*) Trial counsel sought the appointment of the Federal Community Defender Office for the Eastern District of Pennsylvania (FCDO). This public defender's office "is extremely experienced in representing federal capital defendants." (*Id.*) Trial counsel also sought the appointment of Martin McClain, Esq. a Florida lawyer, whose "practice is primarily limited to appellate and habeas corpus matters in capital cases…" (*Id.* at 3). On May 20, 2009, the Court granted the motion and appointed both the FCDO and Mr. McClain as counsel "for appellate purposes." (Or. ECF No. 817 at 2). The direct appeal was filed and denied by the Eleventh Circuit on October 2, 2013. *See United States v. Troya, et al.*, 733 F.3d 1125 (11th Cir. 2013). On behalf of the Movant, the FCDO filed a petition for writ of certiorari in the United States Supreme Court.

On July 14, 2014, during the pendency of the certiorari petition, the FCDO filed an Unopposed Motion to Confirm Continued Appointment of Counsel. (Mot., Case No. 06-CR-80171 (Hurley, J), ECF No. 1136). The motion argued, pursuant to 18 U.S.C. § 3599(e), that the Movant was entitled to the appointment of counsel in every subsequent stage of any available judicial proceedings unless counsel is substituted upon the motion of counsel. (*Id.* at 3). Rather than seek the substitution of counsel, FCDO sought to continue their representation of the Movant for "any § 2255 proceeding." (*Id.* at 2). The FCDO represented to the Court that "[c]ounsel from the FCDO have also consulted with the Federal Capital Habeas Project of the Office of Defender Services of the Administrative Office of the United States Court ('§ 2255 Project'), which similarly encourages the FCDO's continuing representation." (*Id.* at 4). The FCDO specifically sought the "appointment of the office, rather than a specific individual." (*Id.*). The FCDO advised that they conferred with the Movant and he "desires that the FCDO continue representing him." (*Id.*). Finally, the FCDO advised that Mr. McClain "intends to seek leave of Court to withdraw as counsel upon the conclusion of proceedings in the United States

Supreme Court, at which point he will have completed his appellate representation." (*Id.* at 6).

On July 15, 2014, the Court granted the motion and confirmed "the continuing appointment of the Federal Community Defender Office for the Eastern District of Pennsylvania (FCDO) to represent [the Movant] in all post-conviction proceedings." (Or., Case No. 06-CR-80171 (Hurley, J), ECF No. 1137). On October 23, 2015, Matthew Lawry and Aren Adjoian gave notice of their appearances on behalf of the FCDO. (Notice, Case No. 06-CR-80171 (Hurley, J), ECF No. 1164). Mr. Lawry and Mr. Adjoian have filed the Amended Motion in this case. (*See* Am. Mot., ECF No. 16). In other words, the FCDO has represented the Movant in both his direct appeal and his § 2255 proceedings.

### *Analysis*

A motion to vacate brought pursuant to 28 U.S.C.§ 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *See Lynn v. United States*, 365 F.3d 1225 (11th Cir. 2004). One of the potential claims to be raised in a § 2255 motion is ineffective assistance of trial counsel. However, a movant can also collaterally attack his sentence via a § 2255 motion based on ineffective assistance of appellate counsel. Further, should a substantive claim be procedurally defaulted because it was not raised on direct appeal, the movant can overcome the procedural default rule by showing that his trial or appellate counsel was ineffective. Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland v. Washington.*

Under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). The United States Supreme Court has explained, this rule "is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). There are exceptions to this general rule which are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence. *See Lynn*, 365 F.3d at 1234. Under the cause and prejudice exception, a § 2255 movant can avoid

application of the procedural default bar by "show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Id.* Cause can be shown by ineffective assistance of counsel. *See Coleman v. Thompson,* 501 U.S. 722 (1991) ("Attorney error that constitutes ineffective assistance of counsel is cause.").

Given the procedural posture of this case, the Court must inquire whether the FCDO has a conflict of interest which would preclude their continued representation of the Movant in the instant proceedings. The Movant was represented by the FCDO on direct appeal. If the Movant were to raise an ineffective assistance of appellate counsel claim *either* as substantive claim or to overcome an applicable procedural bar, the FCDO would have to argue their own ineffectiveness. The Court is concerned that this may be a conflict of interest.

This issue is one not seen frequently by United States District Courts in the context of 28 U.S.C. § 2255. Indeed, other than federal capital defendants, there is no statutory entitlement to the assistance of counsel in a 28 U.S.C. §2255 proceeding. *See* 18 U.S.C. § 3006A(a)(2). However, the United States Supreme Court has twice considered this issue in the 28 U.S.C. §2254 context. *See Martel v. Clair,* 132 S.Ct. 1276 (2012); *Christeson v. Roper,* 135 S.Ct. 891 (2015). The Court finds these cases instructive and the legal reasoning applicable here. "We have also recognized that the legal principles applicable to § 2254 proceedings generally apply to § 2255 motions to vacate." *Rhode v. United States,* 583 F.3d 1289 (11th Cir. 2009) (citing *Gay v. United States,* 816 F.2d 614, 616 n. 1 (11th Cir. 1987)).

In *Martel,* the Court established the legal standard for the substitution of counsel in capital cases. "The statute contemplates that appointed counsel may be 'replaced … upon motion of the defendant,' § 3599(e) … Even in the absence of that provision, a court would have to ensure that the defendant's statutory right to counsel was satisfied throughout the litigation; for example, the court would have to appoint new counsel if the first lawyer developed a conflict with or abandoned the client." *See id.* at 1279-80.

In *Christeson,* appointed attorneys, who had missed the filing deadline, could not be expected to argue that the defendant was entitled to the equitable tolling of the statute of limitations based on their own ineffectiveness. Therefore, the defendant requested substitute counsel who would not be laboring under a conflict of interest. "Advancing such a claim would have

required [the lawyers] to denigrate their own performance. Counsel cannot reasonably be expected to make such an argument, which threatens their professional reputation and livelihood. *See* Restatement (Third) of Law Governing Lawyers § 125 (1998)." *Id.* at 894. The Court observed that in a similar context in *Maples v. Thomas*, 132 S.Ct. 912, 925, n. 8 (2012), a "significant conflict of interest" arises when an attorney's "interest in avoiding damage to [his] own reputation" is at odds with his client's "strongest argument—i.e., that his attorneys had abandoned him." *Id.*

Recently, in a case with analogous facts, a district judge ordered a non-capital defendant to either retain new counsel or proceed *pro se* to file an amended motion where the defendant retained the same attorney who had filed the defendant's direct appeal to file her §2255 motion. *See United States of America v. Wright,* 13-CR-00103-BMM (D. Montana, Oct. 6, 2016, Morris, J.). The Court found:

> It generally would be inadvisable for the attorney who represented the defendant at trial, at sentencing, *or* on direct appeal to file a § 2255 motion for the client. A § 2255 motion typically presents a defendant's first and last opportunity to raise and develop an evidentiary record on any matter not previously presented for judicial review. Nothing before the Court suggests counsel here performed ineffectively on direct appeal. It cannot be denied, however, that ineffective assistance of counsel represents the principal claim pursued in a § 2255 motion. When appellate counsel undertakes to represent his client on a § 2255 motion, he jeopardizes the defendant's opportunity to raise a claim related to counsel's performance on direct appeal. *See* 28 U.S.C. §§ 2255(h), 2244(b). A lawyer acting diligently, honestly, and self-critically nonetheless may miss something important. And if he misses something, he is likely also to miss the fact that he missed it.

*Id.* at *1 (emphasis added).

Given the information before the Court, it appears that a significant conflict of interest may exist between the Movant and the FCDO. The FCDO shall show cause why it should continue in its representation of the Movant. At this time, no response from the Government is necessary.

It is **ordered and adjudged** as follows:

1. On or before, December 7th, 2016, counsel shall file a Response.

2. Counsel shall provide the Court with a detailed list of cases where the FCDO provided legal counsel on both the direct appeal and § 2255 motion to vacate, set aside, or correct sentence to a federal capital defendant

3. If counsel concurs that a conflict of interest does exist, counsel shall provide a proposed course of action for the remainder of the Movant's § 2255 proceedings.

**Done and ordered**, at Miami, Florida, on November 23, 2016.

_____
Robert N. Scola, Jr.
United States District Judge