**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-80693-CV-SCOLA**
**(Case No. 06-80171-Cr-Hurley (s)(s)(s))**

**RICARDO SANCHEZ, JR.,**
          **Petitioner,**

**vs.**

**UNITED STATES OF AMERICA,**
          **Respondent.**

_____/

**GOVERNMENT RESPONSE IN OPPOSITION TO SANCHEZ'S ADOPTION OF**
**TROYA'S MOTION TO REASSIGN CASE PURSUANT TO 28 U.S.C. § 455(a)**

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and hereby submits its response in opposition to Sanchez's Adoption of Daniel Troya's Motion to Reassign (Case No. 16-CV-80700, DE 64).  In his motion, Troya argues that Judge Scola should be disqualified and recused from further proceedings in this matter pursuant to 28 U.S.C. § 455(a).  Troya alleges that Judge Scola had worked, some thirty years ago, with Judge John S. Kastrenakes[1], a former AUSA who tried but is no longer associated with this case, when they were both state prosecutors in the Dade County State Attorney's office.   Section 455(a) requires no such result.

Section 455(a) provides, in relevant part, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned".   This is an objective standard, judged from the perspective of a reasonable person who is "aware of all the surrounding facts and circumstances." *Cheney v. United States District*

---

[1] Former AUSA John S. Kastrenakes was appointed to the Palm Beach County Circuit Court in 2009 by then Governor Charlie Crist.  *See* http://15thcircuit.co.palm-beach.fl.us/web/judge-kastrenakes/bio

*Court for the District of Columbia*, 541 U.S. 913, 924 (2004).  Furthermore, a "motion to change judges is properly denied when it is 'essentially a 'judge shopping' attempt' to have a case reassigned to another judge 'in the hopes of obtaining a more favorable result.'" *United States v. Williams*, 624 F.3d 889, 894 (8th Cir. 2010) (citing *United States v. Urben-Potratz*, 470 F.3d 740, 745 (8th Cir.2006); *Little Rock School Dist. v. Pulaski County Special School Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir.1988) (28 U.S.C. § 455(a), the federal recusal statute, emphatically "does not provide a vehicle for parties to shop among judges")).   As stated in *United States v. Siegelman,* 640 F.3d 1149, 1188 (2011), "a motion for recusal based upon the appearance of partiality must be timely made when the facts upon which it relies are known. The untimeliness of such a motion is itself a basis upon which to deny it." *Id. (citing  Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1472 (11th Cir.1986)). The rule has been applied when the facts upon which the motion relies are public knowledge, even if the movant does not know them. *See National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 957–59 (2d Cir.1978); *Lans v. Stuckey*, 203 Fed. Appx. 956 (11th Cir. 2006 movant failed to move for recusal until after adverse order entered when underlying facts had been known to litigant much earlier).  The purpose of the rule is to "conserve judicial resources and prevent a litigant from waiting until an adverse decision has been handed down before moving to disqualify the judge." *Summers v. Singletary,* 119 F.3d 917, 921 (11th Cir.1997).  Applying the objective standard called for by 28 U.S.C. § 455, no "reasonable and informed observer" would question Judge Scola's impartiality in this matter.  Troya's motion is neither well-grounded in fact nor timely in spirit and should be denied on its merits.

Prior to his confirmation to the federal bench, Judge Scola submitted, under oath, a fifty-six page, single-spaced questionnaire to the United States Committee on the Judiciary.  From this questionnaire, spanning the time period 1980-2011, Troya has cited to just two cases which Judge

2

Scola and Judge Kastrenakes tried together more than thirty years ago, *State of Florida v. Snook* and *State of Florida v. Diaz,* for the premise that Judge Scola cannot be impartial in this matter. *See* CV-DE 64-2 at pp. 48-49.  Troya cites this questionnaire as the sole basis for the historical relationship that supposedly disqualifies the Court.

The question to be answered herein is whether this professional contact thirty years ago between the judge and one of the prosecutors who tried, but is no longer associated with, this case would cause the court's impartiality to be questioned by a well-informed, reasonably objective third party.   On the proffered basis, the United States submits that reassignment is not mandated for the reason that no reasonable observer would question Judge Scola's impartiality in 2016 or 2017.  Furthermore, the timing of the instant motion is suspect.

The connection between Judge Scola and Judge Kastrenakes in 1985 and 1986 has been a matter of public record since at least 2011, when Judge Scola submitted his questionnaire.   The facts underlying the instant motion have been known to Troya and Sanchez since the case was initially assigned to Judge Scola on May 13, 2016 (CIV-DE 16), yet no motion to reassign was filed until the Court entered an order dismissing some of Troya's claims, and later declined to reconsider said order.  (*Compare* CIV-DE 40 Order Dismissing Claims entered October 18, 2016, *and* Order Denying Motion to Reconsider, CIV-DE 60 entered December 2, 2016 *with* Motion to Reassign, CIV-DE 64, filed December 9, 2016, all filed in Case No. 16-80700-CV-Scola).  The Court should not countenance such a blatant attempt at forum shopping.

Although the United States is not arguing that the motion to reassign is procedurally barred as untimely, the timing of the motion is suspect and smacks of disingenuousness.  A recusal issue may not be abused as an element of trial strategy.  *See Phillips* 799 F.2d at 1472 (party may not lie in wait, knowing facts supporting a section 455(a) claim, and raise issue only after court's ruling

3

on merits). In *Phillips,* the party moving for recusal knew of the facts underlying the motion for recusal for some five or six months before moving for recusal, and then only acted to recuse once the Court had taken unfavorable action against it. The Eleventh Circuit cited the timing of the motion as one factor upholding their decision that the District Judge did not abuse his discretion in refusing to recuse himself. *See Phillips*, 799 F.2d at 1472-73. Such a calculated and factually-baseless strategy should not be rewarded in this case.

As acknowledged in Troya's motion, friendships and acquaintances between lawyers and judges are common and such relationships do not warrant recusal. CIV DE 64 at 4 (*citing United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985)). To overcome this hurdle, Sanchez has alleged that former AUSA Kastrenakes is a key witness government whose credibility will have to be judged by the Court. Sanchez alleges that Kastrenakes is a key witness as to two claims that have been dismissed, Issues I and VI (CIV-DE 29), and two remaining claims, Issues VII(E) and VIII(J). Kastrenakes's credibility cannot be at issue on a claim that already has been decided by the Court without the need for testimony. Both of these remaining issues concern the conduct of trial counsel James Eisenberg, and his alleged ineffectiveness in failing to object to the prosecutor's arguments. The heart of those allegations properly focus on Eisenberg's effectiveness, and his credibility and actions, not those of the prosecution team. As to prosecutorial arguments made during the guilt or penalty phases, such statements do not call in to question the *credibility* of the prosecutor. The statements were not evidence as a matter of law, and the issue of whether the statements deprived Sanchez of a fair trial in the context of his Sixth Amendment claim is a purely legal issue capable of being resolved without any factual resolution. The trial transcripts speak for themselves. It is hard to imagine how former AUSA Kastrenakes would be a key witness with regard to the ineffectiveness of Troya's trial counsel. Indeed, Troya

4

makes no specific allegations concerning Troya's testimony in this area.   Kastrenakes is not a key witness.  In fact, at this time, the Government has no intention of calling Judge Kastrenakes as a witness.

The United States asserts that there is no basis for recusal in this matter.   Friendships and professional acquaintances among lawyers and judges are not uncommon and do not, in and of themselves, warrant recusal.  This is especially true where the connection at issue occurred more than thirty years ago.  While recusal may be warranted where a judge's close friend is testifying as to a key matter, that is not the case here.  Judge Scola has been based in Dade County his entire career, whereas Judge Kastrenakes has been in Palm Beach County, close to sixty miles away, for more than twenty years.   This cited work together occurred thirty years ago. Furthermore, Sanchez's claims concerning the necessity of Kastrenakes's testimony as a Government rebuttal witness do not stand up to scrutiny.  Sanchez's inability to meet his burden of proof means that there will likely be no evidentiary hearing on this matter and, even if a hearing is held, the Government does not believe, at this time, that Judge Kastrenakes's testimony would be required. This entire motion to reassign is a thinly-veiled effort to get a new judge assigned to this matter

after counsel have decided they are dissatisfied with the Court's orders to date.    For all the foregoing reasons, the Government respectfully requests that the instant motion be denied.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    /s Stephen Carlton
STEPHEN CARLTON
ASSISTANT UNITED STATES ATTORNEY
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401-6235
Admin. No. A5500011
Tel. (561) 209-1053
Telefax (561) 659-4526
E-mail: Stephen.Carlton@USDOJ.GOV
*Attorney for the United States*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/  Stephen Carlton
     Stephen Carlton
     Assistant United States Attorney

## SERVICE LIST

**Ricardo Sanchez, Jr.  v. United States**
**Case No. 16-80693-CV-SCOLA**
**United States District Court, Southern District of Florida**

**Stephen Carlton**
**Brandy Galler**
**Stephanie Evans**
Assistant U.S. Attorneys
Stephen.Carlton@usdoj.gov
Brandy.Galler@usdoj.gov
Stephanie.D.Evans@usdoj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
Attorney for United States
[Service via CM/ECF]


**Matthew C. Lawry**
**Aren Adjoian**
Federal Community Defender Office for the Eastern District of Pennsylvania Curtis Center
Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
Phone:  (215) 928-0520
Fax:  (215) 928-0826
Matthew_Lawry@fd.org
Aren_Adjoian@fd.org
[Service via CM/ECF]