**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 16-80693-CIV-BLOOM**


RICARDO SANCHEZ, Jr.,
                        Movant


v.


UNITED STATES OF AMERICA,
                        Respondent

_____/


## <u>Order on Motion to Reconsider</u>

THIS CAUSE is before the Court upon Ricardo Sanchez Jr.'s ("Movant") Motion to Reconsider Order Dismissing Claims ("Motion"), ECF No. [32]. On May 26, 2016, the Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ("Amended Motion"),  ECF No. [16-1]. The Movant argued eleven (11) claims for relief with multiple sub-claims. ECF No. [16-1].  When the Amended Motion was filed, it was assigned to the Honorable Robert N. Scola.  Pursuant to Rule 4, *Rules Governing Section 2255 Proceedings*, Judge Scola conducted an initial review of the Movant's claims and determined that certain of his claims, but not all, should be dismissed. ECF No. [29].  The instant Motion followed.

During the pendency of this Motion, Judge Scola recused himself from presiding over the case because "the personal and professional relationship between the undersigned and [the lead prosecutor] could cause 'an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought [to] entertain a significant doubt about the

[undersigned's] impartiality.' *United States v. Kelly*, 888 F.2d 732 (1990)." ECF No. [57] at 1-2. Pursuant to 28 U.S.C. §455(a), the case was reassigned.[1]

On February 24, 2017, the Court entered an Order Substituting Counsel which relieved the Federal Community Defender's Office for the Eastern District of Pennsylvania of any further representation of the Movant. The Federal Defender Services of Eastern Tennessee was appointed as counsel of record. *See* ECF No. [63]. Pursuant to that Order, counsel has until March 17, 2017 to file a proposed briefing schedule.

The Order Dismissing Claims, ECF No. [29], was entered by Judge Scola prior to his recusal in this case.  As such, the Court now considers if such order should be vacated. *See Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864 (1988)(" in determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process."); *see also United States v. South Florida Water Management District*, 290 F. Supp. 2d 1356 (S.D. Fla. 2003).  Upon review of all the facts and circumstances in this case, the Court finds that vacating the Order Dismissing Claims to be in the best interest of all parties and the judicial process.  Therefore, the Motion to Reconsider Order Dismissing Claims is **GRANTED**.

While the Court grants the Motion to Reconsider Order Dismissing Claims, the Court will stay any response from the Government to the reinstated claims and discovery requests until the Court enters a briefing schedule.

---

[1] In the interim period between the filing of the Motion and the date of this order, this matter has been reassigned twice.  On January 13, 2017, Judge Scola recused.  ECF No. [57]. The matter was randomly assigned to the Honorable William Dimitrouleas. (*Id*.).  On February 8, 2017, Judge Dimitrouleas recused. ECF No. [61].  The matter was then reassigned to the undersigned. [*Id*.].

**CASE NO. 16-80693-Civ-BLOOM**

It is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Reconsider Order Dismissing Claims, **ECF No. [32]**, is **GRANTED**.

2. The Order Dismissing Claims, **ECF No. [29],** is hereby **VACATED.**

**DONE AND ORDERED** in Chambers, at Miami, Florida, on February 27th, 2017.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**