UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-80693-CIV-BLOOM

RICARDO SANCHEZ, Jr.,

        Movant

v.

UNITED STATES OF AMERICA,

        Respondent

_____/

## PROPOSED BRIEFING SCHEDULE FOR AMENDED PLEADINGS

Comes now Movant, Ricardo Sanchez, by and through counsel, and, pursuant to this Court's February 27, 2017 Order Substituting Counsel, ECF No. [63], hereby reports that Movant's counsel has conferred, via telephone and email, with counsel for Respondent, Stephen Carlton, Assistant United States Attorney, and based upon the same submits this proposed briefing schedule for amended pleadings.

### Proposed date for amended pleadings.

It is the position of Mr. Sanchez that his newly-appointed counsel should be allowed the same amount of time to submit an amended motion for relief pursuant to 28 U.S.C. §2255 as was afforded to his prior counsel, who—throughout their representation—suffered from an actual and non-waivable conflict of interest. ECF No. [63], p.8. *See generally Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978); *Brown v. French*, 147 F.3d 307, 313 (4th Cir. 1998).

This is a complex case with an extraordinarily lengthy record of trial and direct-review proceedings that will require an equally extraordinary amount of work from newly-appointed counsel. Six defendants were convicted in connection

with this case where the docket contains over 1,100 entries. Four defendants, including Mr. Sanchez, were tried together over a two-month period of time that resulted in over 10,000 transcript pages. Newly-appointed counsel is duty-bound to become fully-acquainted with all prior proceedings and cannot do so within just a few months. ABA Guideline 6.1, commentary, *ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases*, ("ABA Guidelines"), 31 Hofstra L. Rev. 913, 968 (2003) (A capital record must be reviewed "in full and with care.")

New counsel must also investigate any claims or allegations not previously raised by prior conflicted counsel, including allegations of ineffective assistance of appellate counsel.  ABA Guideline 10.8 ("The Duty To Assert Legal Claims"), *id.* at 1028; ABA Guideline10.15.1, commentary, *id.* at 1086 ("As with every other stage of capital proceedings, collateral counsel has a duty in accordance with Guideline 10.8 to raise and preserve all arguably meritorious issues."). Regarding Mr. Sanchez's current §2255 motion (ECF No. [16-1]), there is a recently-vacated (ECF No. [64]) prior order of the court that dismissed—out of eleven original claims—six entire claims and a sub-claim of a seventh claim. ECF No. [29]. Newly-appointed counsel are, therefore, on notice that a prior judge perceived procedural or other deficiencies in more than half of the original §2255 claims. New counsel must scrutinize the entire §2255 motion (195 pages with over 1600 pages of appendix, ECF No. [33]), and rectify any prior pleading deficiencies. Newly-appointed counsel cannot rely on the accuracy and adequacy of prior pleadings in this case and, under these

{2}

circumstances, new counsel must consider Mr. Sanchez's case anew.  *See* ABA Guideline 10.15.1, commentary, 31 Hofstra L. Rev. at 1085-86, ("collateral counsel cannot rely on the previously compiled record but must conduct a thorough, independent investigation"); *see also* note 1, *infra*.

New counsel cannot realistically be expected to accomplish—in less than a year's time—the following non-inclusive list of necessary tasks: (1) review of (a) a two-month trial with over 10,000 transcript pages and thousands more pages in over one-thousand docket entries, (b) pre-trial discovery and trial counsel's files, (c) files from direct-appeal counsel, (d) work product files of prior, conflicted counsel, (e) review of the §2255 proceedings and filings; (2) meet and consult with new client, Ricardo Sanchez; (3) speak with all former counsel and witnesses and experts identified in the current §2255 motion; and, (4) investigate, research and prepare the amended §2255 motion.[1] Accordingly, Mr. Sanchez proposes that he file his amended/revised §2255 motion one year after the date of appointment, i.e., February 27, 2018.

---

[1] ABA Guideline 10.5(A), 31 Hofstra L. Rev. at 1005: "Counsel at all stages of the case should make every appropriate effort to establish a relationship of trust with the client, and should maintain close contact with the client."
ABA Guideline 10.7(A), 31 Hofstra L. Rev. at 1015: ("Counsel at every stage have an obligation to conduct thorough and independent investigations relating to the issues of both guilt and penalty.)
ABA Guideline 10.7(B)(1), *id.*: ("Counsel at every stage have an obligation to conduct a full examination of the defense provided to the client at all prior phases of the case. This obligation includes at minimum interviewing prior counsel and members of the defense team and examining the files of prior counsel.")

It is the position of Respondent that Mr. Sanchez should be allowed 120 days to submit an amended/revised §2255 motion.

As the parties cannot agree, they respectfully request the Court to determine the appropriate filing date for amended pleadings.

**Proposed schedule after the amended §2255 motion is filed.**

It is the joint position of the parties that, after Mr. Sanchez files his amended §2255 motion, the time frame for subsequent proceedings should be governed by provisions (A) through (J) of the Joint Proposed Scheduling Order, ECF No. [17] at pages 3-5, with one alteration to the third paragraph of provision (B) to reflect the triggering event as the filing of the amended §2255 motion, and not the signing of the order.  That prior proposed schedule, effective as of the filing date of the amended §2255 motion, is reproduced here:

(A)     Assignment of the case to a particular track pursuant to Local Rule 16.1(a):

This case is assigned to the Complex track.

(B)     The detailed discovery schedule agreed to by the parties:

The government re-submits its earlier-stated position that discovery is not automatic, "good cause" must be demonstrated, and discovery then proceeds only after an appropriately entered Court order.

If ordered, discovery shall proceed according to the complex track. Movant has provided a  detailed discovery demand from the government sought in this proceeding. The government  notes its disagreement to the defense entitlement to any discovery at this juncture. However,  the government will agree to provide notice of previously-provided evidence concerning cellular telephones, prior shooting incidents, *Giglio* information, and to the extent it exists, evidence in its possession relating to Sanchez's mental condition and background.

Initial discovery requests shall be discussed by the parties within thirty days of [the filing of Mr. Sanchez's amended §2255 motion] and necessary motions for discovery shall be submitted within thirty days of those discussions.

(C)     Any agreements or issues to be decided by the Court regarding the preservation, disclosure, and discovery of documents, electronically stored information, or things:

The Court shall enter an order that the United States shall inform any federal, state, and local law enforcement agency that substantially participated in the case to preserve whatever documentation it still has in its possession related to this investigation and prosecution in whatever form it may exist.

(D)     Any agreements the parties reach for asserting claims of privilege or protection of trial preparation material after production:

Claims of privilege shall be accompanied by a privilege log and submission of the logged materials *ex parte* under seal to the Court to be maintained in the court record of this cause.

(E)     A limitation of the time to join additional parties, amend the pleadings, Government's response to amended pleadings, Mr. Sanchez's traverse and reply memorandum to the Government's response, *memoranda of law submitted by the parties*, proposed date of any necessary evidentiary hearing:

Pleadings shall be amended within 90 days of the close of discovery, if any; 90 days thereafter the Government shall file its response to the amended pleadings, and Mr. Sanchez shall then have 90 days to file any traverse or reply memorandum. Ninety days thereafter both parties shall file their respective memorandums of law, and within 180 days of the respective filings an evidentiary hearing may be scheduled.

(F)     *All pre-trial motions, that is, motions precedent to a scheduled evidentiary hearing, shall be filed at least 10 days prior to date of the hearing*:

(G)     A space for insertion of a date certain for resolution of all pretrial motions by the Court:

(H)     Any proposed use of the Manual on Complex Litigation and any other need for rule variations, such as on deposition length or number of depositions:

Depositions are not contemplated at this time.

(I)      A final pre-trial conference shall be held by the Court within two weeks of the  scheduled evidentiary hearing.

(J)      A space for insertion of the date certain for trial:

If deemed necessary, the Court could schedule an evidentiary hearing after the timetable set out in (E) of the Scheduling Order.

**WHEREFORE**, the parties' positions on scheduling are:

(1) <u>The parties cannot agree</u> on a filing date for amended pleadings and respectfully request the Court to determine the due date. Mr. Sanchez requests a due date of one year from the appointment of new counsel, i.e., February 27, 2018. Respondent's position is that Mr. Sanchez should be allowed 120 days to file.

(2) <u>The parties agree</u> upon, effective as of the filing date of the amended §2255 motion, the proposed schedule for subsequent proceedings set forth above on pages 4-6 and respectfully request the Court to adopt this agreed-upon schedule.

Respectfully submitted,

<u>s/Stephen M. Kissinger</u>
Stephen M. Kissinger
WY Bar #5-2342, FL Bar #979295 (inactive)
Stephen_Kissinger@fd.org
Asst. Federal Community Defender
Federal Defender Services
 of Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Phone: (865) 637-7979
Fax: (865) 637-7999

Attorney for Movant Ricardo Sanchez, Jr.

Dated: March 17, 2017

{6}

{7}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by the Court's CM/ECF service on this the 17th day of March, 2017, on all counsel or parties of record on the Service List below.

s/Stephen M. Kissinger
Stephen M. Kissinger

## SERVICE LIST

Stephen Carlton, Assistant United States Attorney
Stephen.Carlton@usdoj.gov
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 820-8711
Fax: (561) 659-4526
Attorney for Respondent United States of America

Stephanie D. Evans, Assistant United States Attorney
Stephanie.D.Evans@usdoj.gov
United States Attorney's Office
Southern District of Florida
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 820-8711
Fax: (561) 659-4526
Attorney for Respondent United States of America