UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-80693-CIV-BLOOM

RICARDO SANCHEZ, Jr.,

        Movant

v.

UNITED STATES OF AMERICA,

        Respondent

_____/

**MOVANT'S UNOPPOSED MOTION TO CONTINUE FOR 60 DAYS
THE TIME FOR FILING SANCHEZ'S AMENDED §2255 MOTION
AND SUBSEQUENT DEADLINES
IN THE SCHEDULING ORDER (ECF No. 69)**

Movant, Ricardo Sanchez, by and through undersigned counsel, respectfully requests that this Court continue the deadlines set out in the Scheduling Order entered March 23, 2017, ECF No. [69:3], and grant him a 60-day extension of time within which to file his Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. In support thereof Mr. Sanchez states:

1.      The Government has been consulted about this motion and does not object to an extension of 60 days for the filing of Sanchez's Amended §2255 Motion.

2.      Undersigned counsel have been working diligently to learn about and investigate this case and write the Amended §2255 Motion in order to meet the October 20th deadline for filing. Substantial progress has been made but more time is required to competently prepare and file an adequate amended motion. Some uncommon circumstances have impeded the preparation of Sanchez's Amended §2255, including:

    a.  the existence of an extraordinarily lengthy trial court record due to the number of codefendants (five), a trial spanning two months and over 9,800 pages of *trial* transcript alone, and over 1,000 docket entries (including transcript from other court proceedings), together with files from prior counsel total over 209,800 pages;[1]

    b.  a prior court order finding defects in the initial §2255 Motion that must be addressed in the amendment, *see* ECF No. [29];

    c.  the inability to completely rely upon the work of prior habeas counsel due to those prior findings; the disorganized nature of the approximately 1,700-page appendix, *see* ECF No. [33, *et seq.*] & No. [52-1];

    d.  the absence of citations in the initial §2255 Motion to the factual record;

    e.  a natural disaster that has impeded investigation; and,

    f.  an unfortunate convergence of an unusually high amount of time-consuming demands in counsel's pre-existing workload.

3.    Undersigned previously advised the Court of the work that was anticipated in amending Sanchez's §2255 Motion:

> New counsel must also investigate any claims or allegations not previously raised by prior conflicted counsel, including allegations of ineffective assistance of appellate counsel. ABA Guideline 10.8 ("The

---

[1] To complete a review of the entire case file within the 182 days allotted for preparing the amendment would have required counsel to read about 1,152 pages every day, without exception. Counsel's inability to do so means that review of this case will continue for many more months.

Duty To Assert Legal Claims"), *id.* at 1028; ABA Guideline10.15.1, commentary, *id.* at 1086 ("As with every other stage of capital proceedings, collateral counsel has a duty in accordance with Guideline 10.8 to raise and preserve all arguably meritorious issues."). Regarding Mr. Sanchez's current §2255 motion (ECF No. [16-1]), there is a recently-vacated (ECF No. [64]) prior order of the court that dismissed—out of eleven original claims—six entire claims and a sub-claim of a seventh claim. ECF No. [29]. Newly-appointed counsel are, therefore, on notice that a prior judge perceived procedural or other deficiencies in more than half of the original §2255 claims. New counsel must scrutinize the entire §2255 motion (195 pages with over 1600 pages of appendix, ECF No. [33]), and rectify any prior pleading deficiencies. Newly-appointed counsel cannot rely on the accuracy and adequacy of prior pleadings in this case and, under these circumstances, new counsel must consider Mr. Sanchez's case anew. *See* ABA Guideline 10.15.1, commentary, 31 Hofstra L. Rev. at 1085-86, ("collateral counsel cannot rely on the previously compiled record but must conduct a thorough, independent investigation"); *see also* note 1, *infra.*

New counsel [must] accomplish … the following non-inclusive list of necessary tasks: (1) review of (a) a two-month trial with over 10,000 transcript pages and thousands more pages in over one-thousand docket entries, (b) pre-trial discovery and trial counsel's files, (c) files from direct-appeal counsel, (d) work product files of prior, conflicted counsel, (e) review of the §2255 proceedings and filings; (2) meet and consult with new client, Ricardo Sanchez; (3) speak with all former counsel and witnesses and experts identified in the current §2255 motion; and, (4) investigate, research and prepare the amended §2255 motion.

ECF No. [68:1-3].

Having worked on Sanchez's case for approximately six months, counsel can represent that the above-stated description actually underrepresents the breadth and depth of work that has been, and is being, undertaken to prepare the Amended §2255 Motion.

4.     One task not initially anticipated has been identifying support in the record for previously alleged facts. Much time has been consumed identifying and inserting citations to the record that support factual allegations in the original

§2255, because such citations are largely absent from the fact-intensive claims. Identifying records in the appendix filed by prior counsel has been complicated by the manner in which the records were filed. The appendix was filed on two separate dates and is broken into 17 parts. ECF No. [33, *et. seq.*] & No. [52-1]. Although each page was Bates Stamped with an "A-00000" number, the number is illegible on several documents. The index to the appendix does not indicate the range of Bates-stamped documents in each filed sub-part and some documents have been split among two different filings. Another complication to the factual review of the case and citation thereto is that Sanchez's special education records are not entirely in chronological order and contain duplicates. Undersigned believe that including accurate citations to the appendix is critical to this Court's review of Sanchez's claims. Counsel have spent a considerable amount of time locating facts, determining the best way to direct the Court and opposing counsel to the facts, inserting citations to the facts previously pled, and checking those cites in a diligent attempt at accuracy.

5.      In addition, the original §2255 Motion includes citation to the law and legal principles governing Sanchez's claims and counsel are—consistent with their standards of practice—adding brief discussions covering the application of the law to the facts in the case to aid the Court in its preliminary review of the claims presented.

6.      Sanchez's counsel and investigator have met with him at USP Terre Haute, reviewed the prior involvement of, and then contacted, almost a dozen

experts, and have had discussions with more than five defense attorneys and numerous lay witnesses regarding their involvement in the case.

7.    In an unfortunate coincidence of timing, a week's worth of investigation had been scheduled in the West Palm Beach area before Hurricane Irma was even a tropical depression. As that week approached, conditions in South Florida were declared unsafe, airlines cancelled flights to West Palm Beach, and the investigation was necessarily postponed as Hurricane Irma neared and then hit the area. (The federal courthouse was closed on Thursday, September 7th and did not reopen to the public until Monday September 18th). The subjects of the cancelled investigation have since been consumed with clean-up efforts and catching-up with their daily demands. This investigation, therefore, remains outstanding and is currently being rescheduled.

8.    In addition to diligently working on Mr. Sanchez's case counsel, during the same time period, have in other death penalty cases:

a.    prepared and filed in the United States Supreme Court three petitions for writ of certiorari in *West v. Parker*, No.17-6024, *Lott v. State*, No. 17-5627, and *LaMar v. State*, No. 17-5626 and two replies to briefs in opposition;

b.    prepared and filed in the federal court of appeals a petition for panel rehearing and prepared and filed a successful motion to hold the appeal in abeyance in *King v. Westbrooks*, No. 13-6387 (6th Cir.), and

engaged in supplemental briefing in *Miller v. Westbrooks*, No. 14-6445 (6th Cir.);

c.  prepared and filed in federal district court a supplement to an amended habeas petition in *Suttles v. Westbrooks*, No. 1:11-cv-356 (E.D. Tenn.), a successful motion for relief under Rule 60(b) in *Runyon v. United States*, No. 4:08-cr-16 (E.D. Va.), and prepared and litigated successfully a motion to intervene on behalf of Keith LaMar in *Robb v. Ishee*, No. 2:02-cv-535 (S.D. Ohio).

9.      Finally, undersigned counsel represent that this motion is not made solely for delay but for the purpose of providing additional time needed to fully and adequately amend Sanchez's §2255 Motion. Counsel initially requested twelve months from the date of appointment within which to file the amended motion. ECF No. [68:6]. The Government agreed to a filing date within four months. *Id.* The Court scheduled the filing date so as to provide counsel six months (182 days) to prepare the amendment. ECF No. [69]. The instant request for an additional two months remains four-months' short of the time counsel originally requested.

WHEREFORE, Mr. Sanchez respectfully requests that the Court continue the deadlines set forth in the Scheduling Order. ECF No. [69], and to add an additional 60 days to the present deadlines, resulting in the following suggested dates:

1.      On or before December 19, 2017, the Movant shall file a Motion for Leave to Amend.

6

2.     On or before January 29, 2018, the Respondent shall file a response with an incorporated memorandum of law to the Amended Motion.

3.     On or before February 27, 2018, the Movant may file a reply with an incorporated memorandum of law to the response.

4.     The Movant shall file any amended discovery motions on or before January 9, 2018.

5.     The Respondent shall file a response to the amended discovery motions on or before February 13, 2018.

6.     The Movant may file a reply to the response to the amended discovery motions on or before March 9, 2018.

Respectfully submitted,


/s/Stephen M. Kissinger
STEPHEN M. KISSINGER, WY Bar No. 5-2342
Stephen_Kissinger@fd.org
Asst. Federal Community Defender
Federal Defender Services
 of Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Phone: (865) 637-7979
Fax: (865) 637-7999

/s/Dana C. Hansen Chavis
DANA C. HANSEN CHAVIS, TN Bar No. 19098
Dana_Hansen@fd.org
Asst. Federal Community Defender
Federal Defender Services
 of Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Phone: (865) 637-7979
Fax: (865) 637-7999

Attorneys for Movant Ricardo Sanchez, Jr.

Dated: October 2, 2017

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served

electronically by the Court's CM/ECF service on this the 2nd day of October, 2017,

on all counsel or parties of record on the Service List below.

/s/Stephen M. Kissinger
STEPHEN M. KISSINGER

## SERVICE LIST

Stephen Carlton, Assistant United States Attorney
Stephen.Carlton@usdoj.gov
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 820-8711
Fax: (561) 659-4526
Attorney for Respondent United States of America

Stephanie D. Evans, Assistant United States Attorney
Stephanie.D.Evans@usdoj.gov
United States Attorney's Office
Southern District of Florida
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Phone: (561) 820-8711
Fax: (561) 659-4526
Attorney for Respondent United States of America