UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-80693-CIV-BLOOM
Capital Case – no execution date scheduled


RICARDO SANCHEZ, Jr.,

        Movant

v.

UNITED STATES OF AMERICA,

        Respondent

_____/

**MOTION FOR LEAVE TO AMEND SANCHEZ'S § 2255 MOTION
THAT EXCEEDS THE PAGE LIMIT IN L.R. 7.1(c)(2)
AND INCORPORATED MEMORANDUM OF LAW
AND REQUEST FOR HEARING**

Movant, Ricardo Sanchez, files this motion pursuant to the Court's order of

March 23, 2017, ECF No.[69], and requests leave to amend his Motion to Vacate,

Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No.[16-1].

Sanchez's Amended § 2255 Motion is attached to this motion in accordance with

Local Rule 15.1 and Section 3I(1) of the CM/ECF Administrative Procedures. The

Amended § 2255 Motion exceeds the 20-page limitation set forth in Local Rule

7.1(c)(2), Respondent does not oppose a waiver of this rule, and permission of the

Court is sought to file this over-length motion. Lastly, pursuant to Local

Rule7.1(b)(2), oral argument on this motion is requested.

Sanchez requests leave to file the attached Amended § 2255 Motion as provided by Fed. R. Civ. P. 15(a)(2), (c)(1)(B) and (d). The Amended § 2255 Motion has been prepared within approximately ten months after the Court ordered the filing of any amended pleading.[1] Any and all amendments to Sanchez's § 2255 Motion are timely.

## I.     Procedural History.

Ricardo Sanchez is a person with intellectual disability that limits his ability to understand and process information, to engage in logical reasoning, and to understand when situations are risky or dangerous. Prior counsel litigated Sanchez's direct appeal and then requested—and was granted—a continuation of their representation for the § 2255 proceeding.

Upon further consideration, the Court inquired into the conflict of interest created by representing Sanchez at both stages of litigation. The conflict precluded an objective review of appellate counsel's performance and, in fact, the original § 2255 Motion did not raise any claims of ineffective assistant of appellate counsel. *See* ECF No.[54:6 of 12] (prior counsel responded that the Court's concerns regarding a conflict were based on "the theoretical possibility that the FCDO may have missed or defectively presented direct appeal claims."). Prior counsel produced no evidence that Sanchez had waived the conflict created by counsel's continued representation and the Court then determined, based on counsel's representations

---

[1] The need to change counsel arose after the Court learned that prior counsel also represented Sanchez on direct appeal and, therefore, suffered from an actual and non-waivable conflict of interest. ECF No.[63:8]; [69:1-2].

in another context, that it is unclear that Sanchez's alleged intellectual disability would enable him to make a knowing, intelligent, and voluntary waiver of the conflict. The Court, in any event, found a waiver would be insufficient to cure the conflict of interest. The conflict extended not only to claims missed or defectively presented on direct appeal but also extended to claims that were identified for the § 2255 Motion and previously dismissed as well as claims that were not identified for the § 2255 Motion. ECF No.[63:7].

Finding that Sanchez's prior collateral counsel had been operating under an actual conflict of interest, the Court appointed undersigned counsel in February 2017, and allowed for an opportunity for new counsel to seek amendment of the original § 2255 Motion. ECF No.[69].

## II.    Request for leave to amend.

The amended motion contains changes in organization and style. For ease of any comparison, the claim numbers and main headings from the initial § 2255 Motion are retained. Material changes in organization are noted where they occur. Paragraph numbering has been removed. Factual and legal discussion and citations are supplemented. The amended motion also contains supplemental substantive content.

The amendment contains new allegations that counsel on direct appeal rendered constitutionally ineffective assistance. Appellate counsel's ineffectiveness is alleged as a substantive claim. It is also asserted as cause to overcome any procedural concerns based on a failure to raise an issue on direct appeal.

3

The entirety of the Sanchez's Amended § 2255 Motion is timely. An explanation of specific changes and the basis for amending is included, claim by claim, within the Amended § 2255 Motion itself. This motion discusses overarching bases for the amended content.

Timeliness of an amendment can be based on any of four grounds.

**A.      The date of finality.**

First, the one-year limitations period runs from the *latest* of four triggering events, of which the finality of conviction may be the *earliest*:

(1)      the date on which the judgment of conviction becomes final;

(2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A claim added by amendment is thus timely if it is filed within one year of the latest of these triggering events. See *Holland v. Florida*, 560 U.S. 631, 647 (2010) (the habeas statute "does contain multiple provisions relating to the events that *trigger* its running.").

Subsection (f)(4) applies to Sanchez's Amended § 2255 Motion because prior, conflicted counsel were unable to objectively evaluate their own effectiveness on

direct appeal and their failure to miss issues on direct appeal affected the discovery of claims for collateral review. Thus, Sanchez can raise claims within one year of the date that un-conflicted counsel was appointed and could exercise due diligence on Sanchez's behalf.

### B. The relation back principle.

Second, applications for habeas corpus relief "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Fed. R. Civ. P. 81(a)(4); Rule 12 of the Rules Governing Section 2255 Proceedings. Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. As applied to this case, Rule 15 provides for amendment with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The mandate that leave be freely granted is "to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). If facts alleged in the amendment may be a basis for relief, the movant "ought to be afforded an opportunity to test his claim on the merits." *Id.*

A claim that is supplemented and/or added to a § 2255 motion by amendment, even after expiration of the applicable statute of limitations, will be deemed timely if it relates back to a claim that was timely presented. Fed. R. Civ. P. 15(c)(1)(B) and (d). An amendment relates back unless "it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). As stated in Rule 15, relation back occurs when an "amendment asserts a claim or defense that arose out

5

of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). The relevant "occurrence" with respect to all civil complaints—including habeas petitions—is the specific claim being asserted. *Mayle v. Felix*, 545 U.S. at 664. In *Mayle v. Felix*, the Supreme Court explained that the term "occurrence" cannot be over-generalized as the legal proceeding itself since this expansive definition would encompass any pretrial, trial, or post-trial error. 545 U.S. at 661-62. Instead, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664. This narrower definition, the Court held, is consistent with the general application of Rule 15 in civil cases, with Habeas Corpus Rule 2(c) and with the habeas statute's "tight time line." *Id.*

The Court provided examples of amendments raising new legal theories and factual allegations that related back to a set of facts in the original motion:

> For example, in *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (C.A.8 2003), the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back. And in *Woodward v. Williams*, 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted. See also 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], p. 15–82 (3d ed.2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

*Id.* at 664 n.7.

The comparison of legal theory and facts in both the original and amended complaint required by the relation back inquiry addresses fairness to the defending party. The underlying issue is whether the original complaint gave the defendant notice of the claim asserted in the amendment. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (denying an amendment alleging a doctor's negligence during and after surgery where the original complaint focused on the doctor's actions regarding informed consent before the surgery took place).

In addition, Rule 15(c)(1)(B) provides relation back for claims originally asserted as well as claims that were "attempted to be set out." An amendment that serves to expand facts or cure deficiencies in an original claim relates back to the original claim. *Dean v. United States*, 278 F.3d 1218, 1223 (11th Cir. 2002); *see also Williams v. Florida Dep't of Corr.*, 391 F. App'x 806, 810-11 (11th Cir. 2010) (court should consider additional facts asserted to establish cause in reply to a procedural default defense). In *Dean*, an original § 2255 motion alleged "almost no facts." The district court denied an amendment reasoning that "there can be no 'core facts' on which to base a finding of relation back." 278 F.3d at 1221-22. The court of appeals reversed that determination and held that amended claims which expand facts or serve to further specify original claims are "precisely the sort of amendment contemplated by Rule 15(c)." *Id.* at 1222; *see also* Fed. R. Civ. P. (15)(d) ("The court may permit supplementation even though the original pleading is defective in stating a claim or defense."). The court explained:

> The key consideration is that the amended claim arises from the same conduct and occurrences upon which the original claim was based.

> This may be the case even if one or both claims do not explicitly state supporting facts. When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it. One purpose of an amended claim is to fill in facts missing from the original claim.

*Dean*, 278 F.3d at 1222. *See also United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999) ("Certainly the court could have permitted an amendment to clarify a claim initially made.").

Sanchez's Amended § 2255 Motion arises out of the same conduct or occurrence set forth in the original motion. It adds facts, clarity and specificity to original claims. The amended motion also adds citations to facts contained in the record. The factual bases of original claims have been expanded to include facts contained in the previously filed appendix as well as newly obtained facts. Also added are new instances of violations alleged in original claims. *Wolfe v. Clarke*, 691 F.3d 410, 422 (4th Cir. 2012) ("new evidence-related issues" that fall within the parameters of a previously alleged violation can be considered without the need to amend).

Sanchez's Amended § 2255 Motion contains additional facts, including newly discovered facts, in support of the *Brady* claim pled in the original § 2255. Both the amended and original motions allege the Government failed to disclose evidence favorable to the defense. ECF No.[16-1:65 of 195, ¶213]. For instance, the original § 2255 alleges that the Government failed to disclose exculpatory information about: (a) Danny Varela; (b) third party guilt; (c) the alleged drug deal preceding the killing; (d) information about persons who were or were not present at the Garden

Court house after the killing; (e) benefits provided to co-defendant and cooperating witness Kevin Vetere; and, (f) Sanchez's lessened culpability for the killings. ECF No.[16-1:66, 75, 76, 78, 79 of 195]. The amended motion contains additional, specific facts that connect to the factual predicates of the original *Brady* claim.

Sanchez's Amended § 2255 Motion contains additional facts in support of the ineffective assistance of counsel claims pled in the original § 2255. The facts contained in the original and amended motions differ not in kind, but in specificity. *Cowan v. Stovall*, 645 F.3d 815, 819 (6th Cir. 2011). The inclusion of additional facts in support of, and to buttress, the originals claims "is of no moment." *Ciccotto v. United States*, 613 F. App'x 855, 859 (11th Cir. 2015).

### C.    Equitable tolling.

Third, limitations periods in collateral cases are subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

### 1.    Diligence

Sanchez is an intellectually disabled person and, therefore, ineligible for the death penalty. *See* ECF No.[16-1:27-30 of 195]. Sanchez's reduced mental capacity diminishes his ability to understand and process information and to engage in logical reasoning. *Atkins v. Virginia*, 536 U.S. 304, 320 (2002). Sanchez reads at the level of a young primary school student. ECF No.[16-1:34 of 195, ¶107]. He is

9

unable to understand when situations are risky or dangerous; multistep instructions are impossible for him to understand or follow. ECF No.[16-1:34 of 195, ¶105]. Due to his intellectual disability, Sanchez is "less able to give meaningful assistance to [his] counsel[.]" *Atkins*, 536 U.S. at 320. His impairments make it quite difficult, if not impossible, to read and understand the law as well as to advocate for his legal interests. This placed him in a particularly vulnerable situation when his legal representatives labored under a conflict of interest and did not include issues in his original § 2255 Motion.

In *Holland v. Florida, supra*, the Supreme Court applied for the first time the equitable tolling doctrine to a case of professional misconduct by a habeas petitioner's attorney. There, the attorney did not file the state prisoner's habeas petition before the federal statute of limitations expired and thus forfeited the defendant's statutory right to federal court review. The defendant, Holland, had a record of his attempts to communicate with his attorney and otherwise assert his right to federal habeas review. In fact, Holland had worked in the prison library conducting legal research and had accurately interpreted the law regarding the statute of limitations in his letters to counsel. *Holland*, 560 U.S. at 639-40. The Court easily determined that he exercised "reasonable diligence" and, therefore, had met the first prong of the test for equitable tolling. *Id.* at 653.

Requiring Sanchez to make a similar showing of reasonable diligence would violate equitable principles because his mental incapacity justifies his reliance upon counsel. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (assuming, but not

deciding, that a defendant's mental incapacity was a factor favoring equitable tolling); *see also Ryan v. Gonzales*, 568 U.S. 57, 67 n.6 (2013) (noting the Ninth Circuit's holding that habeas petitioners may invoke equitable tolling if they are mentally incompetent); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, ___ U.S. ___, 134 S. Ct. 1962, 1975 n.17 (2014) (noting that appropriate circumstances, such as a party's infancy or mental disability, tolls the time for commencing a civil action). Because Sanchez is intellectually disabled, he lacks the capacity to demonstrate diligence in the manner described in *Holland v. Florida, supra*.

An exercise in equity is inherently flexible and "enables courts 'to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct ... particular injustices.'" *Holland*, 560 U.S. at 650 (citations omitted). Keeping in mind that the two-prong test for equitable tolling set out in *Pace v. DiGuglielmo*, 544 U.S. at 418, is a *general* rule, this Court should consider Sanchez's reduced mental capacity in his favor when addressing the diligence prong for equitable tolling.[2]

### 2.    Extraordinary circumstances

Addressing the second prong for equitable tolling (extraordinary circumstances), the *Holland* Court found that the attorney—who had violated fundamental canons of professional responsibility—was "the central impediment to

---

[2] *See Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) ("A petitioner is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.").

the pursuit of [the defendant's] legal remedy[.]" *Holland*, 560 U.S. at 652-63.

Acknowledging the burden that must be met to establish equitable tolling, the

Court remarked, "circumstances of a case must be 'extraordinary' before equitable

tolling can be applied," *Holland*, 560 U.S. at 652, but, "at least sometimes,

professional misconduct … could nonetheless amount to egregious behavior and

create an extraordinary circumstance that warrants equitable tolling." *Id*. at 651;

*see also id*. at 659 (Alito, J., concurring) (attorney misconduct is not constructively

attributable to a petitioner).

In particular, bad faith, dishonesty and divided loyalty constitute attorney

misconduct of a different character than negligence, and that misconduct is relevant

to the extraordinary circumstances test.[3] *Thomas v. Attorney General, Florida*, 795

F.3d 1286, 1294 (11th Cir. 2015) (citing *Christeson v. Roper*, ___ U.S. ___, 135 S. Ct.

891, 894 (2015)), for the proposition that equitable tolling is reserved for serious

instances of attorney misconduct). In this case, prior habeas counsel were working

under a disabling conflict of interest because they also represented Sanchez on

direct appeal. ECF No.[63:8]; [69:1-2]. This conflict is directly connected to

allegations not raised in the original § 2255 Motion. For example, the motion did

not contain allegations of counsel's ineffectiveness on direct appeal; neither as a

substantive claim nor as cause to overcome a procedural default.[4] "Advancing such

---

[3] Mental impairment is another factor that may warrant equitable tolling, but it is not relevant to an evaluation of prior counsel's conduct in this case.

[4] A previous order of the court, now vacated, dismissed some claims in the initial § 2255 Motion on procedural default grounds. ECF No.[29].

12

a claim would have required [previous counsel] to denigrate their own performance. Counsel cannot reasonably be expected to make such an argument, which threatens their professional reputation and livelihood." *Christeson*, 135 S. Ct. at 894. These factors indicate Sanchez "should not be held responsible for [prior counsel's] error[s], or may otherwise constitute circumstances that are extraordinary and rare enough to warrant equitable tolling." *Thomas*, 795 F.3d at 1294.

At bottom, Sanchez is constrained by virtue of his intellectual limitations and had been burdened during the filing of his initial § 2255 Motion with counsel whose loyalty was so conflicted as to require removal from his case. He should, therefore, be granted leave to amend so that he may be afforded an adequate opportunity for collateral review of his unconstitutional convictions and sentences.

As necessary, Sanchez further discusses the timeliness of his amended allegations within the individual claims of the attached Amended § 2255 Motion.

### III. Unopposed request for permission to file an Amended § 2255 Motion that exceeds the page limit of Local Rule 7.1(c)(2).

Sanchez's initial § 2255 Motion contains 195 pages. ECF No.[16-1]. The attached Amended § 2255 Motion also exceeds the 20-page limitation set forth in Local Rule 7.1(c)(2), and contains 358 pages. Undersigned counsel are unable to meaningfully address Sanchez's constitutional claims without exceeding this limit, and therefore request permission to file the oversized motion.[5]

---

[5] It is noted that co-defendant Daniel Troya filed a § 2255 Motion that contains 455 pages. Case No. 9:16-cv-80700, ECF No.[25].

13

Undersigned counsel conferred with opposing counsel regarding this request to exceed the page limitation and opposing counsel does not object to the filing of an oversized motion.

Sanchez's Amended § 2255 Motion re-organizes the original motion and raises 13 Claims, including allegations of ineffective assistance of appellate counsel which could not have been raised in the original motion due to prior counsel's conflict of interest. The amended motion also includes factual allegations based upon materials withheld by the Government until after the original motion had been filed. *See* Claim VI. The amended motion contains supplemental factual and legal arguments which do not fundamentally alter the nature of the original claims but clarify entitlement to relief. The addition of record citations, which were absent from the original motion, further contributes to the length of the amended motion. The Amended § 2255 Motion, although lengthier, aids the efficient administration of justice and more closely complies with the requirements of Rule 2, Rules Governing Section 2255 Proceedings.

## IV.   Request for hearing.

Local Rule 7.1(b) provides that no hearing will be held on motions unless requested by counsel and set by the Court. If the Court is inclined, in any manner, to deny this motion, Sanchez requests an opportunity to address the Court's concerns at a hearing. It is more efficient to speak to—and cure at oral argument—any deficiencies perceived by the Court than to engage in reconsideration motions or

14

other litigation after an adverse order is entered. Counsel estimates no more than thirty minutes per side would be needed for such a hearing.

## V. Conclusion.

WHEREFORE, Ricardo Sanchez respectfully requests that the Court grant him leave to file the attached oversized Amended § 2255 Motion to Vacate, Set Aside or Correct the Judgment, and to grant argument on this motion before any adverse determination may be rendered.

Respectfully submitted,

s/Stephen M. Kissinger
Stephen M. Kissinger, WY Bar No.5-2342
Asst. Federal Community Defender
Stephen_Kissinger@fd.org

s/Dana C. Hansen Chavis
Dana C. Hansen Chavis (TN Bar No.019098)
Asst. Federal Community Defender
Dana_Hansen@fd.org
Federal Defender Services
 of Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone: (865) 637-7979
Facsimile: (865) 637-7999

Attorneys for Movant Ricardo Sanchez, Jr.

Dated: January 24, 2018

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by the Court's CM/ECF service on January 24, 2018, on all counsel or parties of record on the Service List below.

<u>s/Stephen M. Kissinger</u>
Stephen M. Kissinger

## SERVICE LIST

Stephen Carlton, Assistant United States Attorney
Stephen.Carlton@usdoj.gov
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
Attorneys for Respondent United States of America

Stephanie D. Evans, Assistant United States Attorney
Stephanie.D.Evans@usdoj.gov
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
Attorneys for Respondent United States of America