**U.S. Department of Justice**
Drug Enforcement Administration

| REPORT OF INVESTIGATION | | | **Page 1 of 3** |
|---|---|---|---|
| 1. Program Code | 2. Cross File   Related Files | 3. File No. | 4. G-DEP Identifier |
| 5. By: TFO David Weeks     At: West Palm Beach RO | ☐ ☐ ☐ ☐ ☐ | 6. File Title | |
| 7. ☐ Closed  ☐ Requested Action Completed    ☐ Action Requested By: | | 8. Date Prepared   06-06-2007 | |
| 9. Other Officers: WPBPD Agent Richard Birch | | | |
| 10. Report Re: Debrief of I.C.E. Confidential Source on 05-23-2007. | | | |

### SYNOPSIS

On May 23, 2007, West Palm Beach Police Department (WPBPD) Agent Richard Birch and Assistant United States Attorney (AUSA) Steve Carlton debriefed a Immigration and Customs Enforcement (ICE) Confidential Source (CS) in Brownsville, Texas, in reference to his/her knowledge of the murder of the ESCOBEDO family on 10-13-06 in Florida.

### DETAILS

1. On May 23, 2007, WPBPD Agent Birch and AUSA Steve Carlton debriefed an ICE CS in Brownsville, Texas.  The following is a summary of the CS' statements and is not purported to be a verbatim account.

2. The CS stated in approximately 1999, he/she was buying a half to a whole kilogram of cocaine from Jose Luis ESCOBEDO every two to three days.  The CS stated he/she was paying ESCOBEDO $12,000 per kilogram of cocaine.  The CS stated he/she would also buy marijuana from ESCOBEDO.  After purchasing drugs from ESCOBEDO for a period of time, the CS stated he/she lost contact with ESCOBEDO for unknown reasons.

3. The CS stated in approximately 2001, he/she was purchasing kilograms of cocaine from an individual named Carlos Garcia (NOI).  The CS stated that during this time period he/she learned that Garcia was a middleman/broker for ESCOBEDO.  After learning this, the CS stated he/she went around Garcia and began purchasing directly from

| 11.  Distribution:     Division  MFD     District     Other    SARI | 12. Signature (Agent)     TFO David Weeks | 13. Date |
|---|---|---|
| | 14. Approved (Name and Title)   Larry J. Reavis   Group Supervisor | 15. Date |

**DEA** Form    - 6
(Jul. 1996)
      DW

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

Attachment B to Discovery Motion

**U.S. Department of Justice**
Drug Enforcement Administration

| | |
|---|---|
| **REPORT OF INVESTIGATION**<br>*(Continuation)* | 1. File No. \| 2. G-DEP Identifier |
| | 3. File Title |
| 4.<br>**Page   2   of   3** | |
| 5. Program Code | 6. Date Prepared<br>06-06-2007 |

ESCOBEDO.  The CS stated he/she had not seen ESCOBEDO in the past five years.

4. The CS stated that after the murder of the ESCOBEDO family, Felipe Guerrero (Yessica ESCOBEDO'S father) asked him/her to find out information about the homicides.

5. The CS stated that he/she spoke to one of his/her associates in Matamoros, Mexico who told him/her that the murder of the ESCOBEDO family was not committed by anyone in Mexico.  The associate told the CS that the murders were the result of a rip (robbery) committed by someone in Florida.  The associate also told the CS that someone from Matamoros had allegedly picked up $100,000 to $300,000 from Jose ESCOBEDO the day before the murders.  The CS identified his/her "associate" as a member of the Los Zetas cartel.

6. The CS stated that approximately two weeks before the murders, occupants of a green Chevrolet Suburban met with Jose ESCOBEDO in Florida to pickup money.  The CS stated the occupants of the Suburban were concerned that they may have been seen on video surveillance as a result of the homicide investigation.

7. The CS identified Martin Sosa (NOI) as a source of supply of cocaine for Jose Escobedo.

8. The CS provided the following information concerning other individuals he/she was involved with in drug trafficking.
   - The CS stated he/she previously delivered cocaine to individuals in Tampa, Bonita Springs, and Naples, Florida.  The CS stated he/she would fly on commercial airlines and would strap the cocaine to his/her body.
   - The CS stated Martin Sosa (NOI) would supply 20 to 30 kilograms of cocaine to an individual named Adolfo LNU in Naples, Florida. The CI stated he/she and several other unknown individuals would strap approximately 4 kilograms of cocaine on their person and travel to Florida.  The CS stated Adolfo would pick them up at the airport.

DEA Form      - 6a
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

Attachment B to Discovery Motion

**U.S. Department of Justice**
Drug Enforcement Administration

| | | 1. File No. | 2. G-DEP Identifier |
|---|---|---|---|
| **REPORT OF INVESTIGATION**<br><br>*(Continuation)* | | 3. File Title | |
| 4.<br>**Page   3   of   3** | | | |
| 5. Program Code | | 6. Date Prepared<br>06-06-2007 | |

- The CS stated Adolfo was previously a customer of the Gulf Cartel located in Matamoros, Mexico.  The CS believes Adolfo was arrested in Florida on either State or Federal charges and spent approximately one year in prison.  The CS stated Adolfo's brother, Robert LNU, owned a car wash in Naples, FL.
- The CS stated that he/she also delivered cocaine to a female in Bonita Springs, Florida, known only to the CS as FNU Cisneros. According to the CS, Cisneros lived in a trailer park.
- The CS stated that he/she also delivered cocaine to a second male in Naples, Florida, known only to the CS as Cesar LNU.  The CS stated Cesar was arrested in Naples approximately five years ago.


2. ESCOBEDO, Jose Luis
   No new information.

3. ESCOBEDO, Yessica
   No new information.

DEA Form        - 6a
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

Attachment B to Discovery Motion