UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80693-CIV-BLOOM
(CASE NO. 06-80171-CR-HURLEY)

RICARDO SANCHEZ, JR.,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

**UNITED STATES' UNOPPOSED MOTION FOR A SECOND EXTENSION
OF TIME TO FILE A RESPONSE TO SANCHEZ'S
AMENDED  28 U.S.C. § 2255 PETITION**

The United States files this unopposed motion for a second extension of time within which to file its response to Movant Ricardo Sanchez, Jr.'s Amended 28 U.S.C. § 2255 Petition, and its corresponding memorandum of law.[1]  We seek an additional unopposed extension  until Monday, May 21 , 2018 and in support thereof state:

1.        On February 14, 2008, a federal grand jury in the Southern District of Florida returned a 16-count third superseding indictment against appellants Daniel Troya and Ricardo Sanchez, Jr., and co-defendants Danny Varela and Liana Lopez.[2]  All of the defendants were

---

[1]  (CV-DE 80; CV-DE 81).  References to DE are to entries contained in the criminal case, 06-80171-CR-Hurley, and CV-DE refers to this case, 16-80693-CV-Bloom.
[2]  (DE 305).

1

charged with non-capital drug trafficking and firearms offenses, and Troya and Sanchez were additionally charged with capital offenses involving the shooting deaths of two small children and their parents.[3]

2.　　Specifically, the grand jury charged Troya and Sanchez with:  conspiring to possess with intent to distribute at least 50 grams of crack cocaine and at least five kilograms of cocaine, in violation of 21 U.S.C. " 846 and 841(b)(1)(A) (Count 1); conspiring to carjack a motor vehicle, in violation of 18 U.S.C. " 371 and 2119(3) (Count 5); carjacking a motor vehicle with the intent to cause serious bodily harm and death, in violation of 18 U.S.C. " 2119(3) and 2 (Count 6); using and carrying a firearm during and in relation to a crime of violence and a drug trafficking crime and causing the death of a person by murder with malice aforethought, in violation of 18 U.S.C. " 924(j)(1), 1111, and (2) (Count 7 (murder of Luis Damian Escobedo); Count 8 (murder of Luis Julian Escobedo); Count 9 (murder of Yessica Guerrero Escobedo); and Count 10 (murder of Jose Luis Escobedo)); possessing with intent to distribute at least 50 grams of crack cocaine and at least 500 grams of cocaine, in violation of 21 U.S.C. " 841(a)(1), (b)(1)(A), (B), and 18 U.S.C. ' 2 (Count 4 (Sanchez only) and Count 13); possessing firearms after previously having been convicted of a felony offense, in violation of 18 U.S.C. " 922(g)(1), 924(a)(2), and 2 (Count 3 (Troya only) and Count 14); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. ' 924(c)(1)(A)(i) (Count 15).[4]

---

[3]　*Id.*  The grand jury had charged codefendants Juan C. Gutierrez and Kevin Vetere with non-capital drug trafficking offenses in earlier iterations of the indictment (DE 30; DE 113; DE 170).
[4]　(DE 305).

3.      On January 6, 2009, Troya and Sanchez and codefendants Varela and Lopez proceeded to a jury trial.[5] After two months of trial, the jury found all of the defendants guilty of all counts of the third superseding indictment, as charged.[6]

4.      Between March 16 and 31, 2009, Troya and Sanchez proceeded to the penalty phase of the jury trial.[7] At the conclusion of the penalty phase, the jury found that a sentence of death should be imposed on both defendants as to Counts 7 and 8 of the third superseding indictment, the counts charging the murders of Luis Damian Escobedo and Luis Julian Escobedo, respectively, and that a sentence of life imprisonment without the possibility of release should be imposed on both defendants as to Counts 6, 9, and 10.[8]

5.      On May 13, 2009, the district court conducted sentencing hearings and imposed on both Troya and Sanchez the death sentences pronounced by the jury as to Counts 7 and 8 and the life imprisonment sentences pronounced by the jury as to Counts 6, 9, and 10, with the life imprisonment sentences to run consecutively to all other sentences.[9] In addition, the court sentenced both defendants to concurrent terms of life imprisonment as to Counts 1 and 13 and 120 months of imprisonment as to Counts 5 and 14, and a consecutive term of 60 months of imprisonment as to Count 15;[10] Troya received a concurrent term of 120 months of imprisonment as to Count 3, and Sanchez received a concurrent term of 480 months of imprisonment as to Count

---

[5]  (DE 648).  Before the trial, codefendants Vetere and Gutierrez pleaded guilty, respectively, to the drug trafficking conspiracy charged in Count 1 of the first and second superseding indictments (DE 268; DE 291).
[6]  (DE 791-93; DE 796; DE 774 at 7694-7703).
[7]  (DE 818; DE 823-25; DE 845-48; DE 855-57).
[8]  (DE 859; DE 860; DE 857 at 9813-42).
[9]  (DE 895; DE 898; DE 899; DE 900; DE 955 at 30-34; DE 956 at 16-23).
[10]  (*Id.*).

4.[11]  The court sentenced each defendant to a total term of 60 months of supervised release and a special assessment of $1,100.[12]

6.       Both Sanchez and Troya filed direct appeals of their convictions and death sentences which were all ultimately affirmed.  *United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013), *cert. denied*, ___ U.S. ___, 135 S.Ct. 2048 (2015).

7.       As noted above, the trial in this case lasted 18 trial days.[13]  Jury selection began on January 9, 2009, evidence presentation began on January 27, 2009, and guilt-phase closings ended on February 26, 2009.  Guilty verdicts were returned on March 5, 2009.   This was followed by the penalty phase which lasted 14 days.[14]  Penalty opening statements began on March 16, 2009, evidence and closings ended on March 25, 2009; jury instructions were given on March 26, 2009, followed by the jury's verdict which came in on April 1, 2009.  All told, the trial lasted from January 9 through April 1, 2009, one fourth of the entire calendar year.  The docket sheet consists of well over 1,000 docket entries and the record contains thousands of pages, including hundreds of exhibits admitted at trial.[15]

8.       Beginning on May 3, 2016, Sanchez filed several motions collaterally attacking his conviction and death sentence.  On May 31, 2016, Sanchez filed "Ricardo Sanchez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255," on May 31, 2016.[16]  The 188-page motion contained roughly 116 separate issues and sub-issues – and could be interpreted

---

[11]  (*Id.*).
[12]  (*Id.*).  The district court imposed sentences of imprisonment on the codefendants as follows: Vetere, 144 months (DE 301), later reduced to 42 months upon the United States' motion (DE 970, 1058-59); Gutierrez, 216 months (DE 936); Lopez, 180 months (DE 937); Varela, life (DE 924).
[13]  (*See e.g.*, DE 751-54; DE 756-58; DE 764-67; DE 771-74)
[14]  (*See e.g.*, DE 818; DE 823-25; DE 845-48; DE 855-57).
[15]   (*See* Docket Sheet, *United States v. Varela, et al.*, Case No. 06-80171-CR-HURLEY; *See also* DE 814; DE 815; DE 849).
[16]  (CV-DE 16).

as containing even more given the peculiar way in which the motion was organized.[17]  While the trial and penalty phases of these proceedings had been presided over by United States District Judge Daniel T. Hurley, the collateral litigation was, as explained in greater detail below, first-assigned to United States District Judge Robert N. Scola and later ultimately re-assigned to this Court.[18]

9.       Judge Scola ordered the United States to respond to Sanchez's first aforementioned § 2255 Petition on or before October 12, 2016.[19]  The United States filed a detailed motion for extension of time, which was denied and granted in part.[20]  The apparent reason for this ruling was because before ruling on the motion for extension, Judge Scola had *sua sponte* denied various claims presented by Sanchez, and had thus "substantially narrowed" the substance of Sanchez's § 2255 Petition.[21]

10.      In the meantime, Judge Scola issued an order to show cause on November 23, 2016, as to why the "Federal Community Defender Office for the Eastern District of Pennsylvania (FCDO)" should not be recused in these § 2255 proceedings, given its prior representation of Sanchez.[22] Sanchez responded to the Order to Show Cause on December 19, 2016, noting that substitution of counsel was unnecessary.[23]

---

[17]  Codefendant Troya, who as noted was also convicted and sentenced to death, likewise filed collateral attack motions.  *See e.g*, *Troya v. United States*, Case No. 16-80700-CV-Scola, Civil Docket Entry 25.  Troya's motion was 455-pages in length, and was filed with a corresponding Appendix that contained 1,250 pages, *see id.*, Civil Docket Entries 5-1 through 5-25 and Civil Docket Entries 6-1 through 6-41.

[18]  (*See e.g.,* CV-DE 1; CV-DE 8; CV-DE 61).

[19]  (CV-DE 21 at 1).

[20]  (CV-DE 28; CV-DE 30; CV-DE 31).

[21]  (CV-DE 30).  Sanchez moved for reconsideration of Judge Scola's order, the United States responded and Sanchez then replied.  (CV-DE 32; CV-DE 40; CV-DE 42).

[22]  (CV-DE 45).

[23]  (CV-DE 54).

11.     On December 12, 2017, Judge Scola filed an Order directing Sanchez to take a position with regard to whether Judge Scola should recuse himself in this case.[24]  On January 11, 2017, Sanchez filed a motion requesting that Judge Scola recuse himself because of his previous working relationship and history with former Assistant United States Attorney (AUSA) John Kastrenakes.[25]  Two days later, Judge Scola recused himself and the case was reassigned to U.S. District Judge William P. Dimitrouleas.[26]  Shortly thereafter, Judge Dimitrouleas entered a Notice and Request for Response informing the parties that one of his close friends shared office space with one of the former trial attorneys that represented Sanchez's co-defendant, Daniel Troya.[27]  Sanchez responded by requesting that Judge Dimitrouleas recuse himself from this matter, and the judge promptly did so.[28]  When Judge Dimitrouleas recused himself, this case was subsequently assigned to this Court.[29]

12.     On February 24, 2017, this Court ordered that the FCDO be relieved of Sanchez's representation and that new substitute counsel be appointed.  Shortly thereafter, on March 17, 2017, Sanchez submitted a proposed briefing schedule, which amongst other things, requested that he be

---

[24] (CV-DE 48).  This direction was given by Judge Scola as a consequence of a recusal motion filed in the habeas case of Sanchez's co-defendant, Daniel Troya, *see* Civil Docket Entry 64, in *Daniel Troya v. United States*, Case No. 16-80700-CIV-Bloom, wherein Troya's counsel requested that Judge Scola recuse himself in that case because he had been co-counsel in a death penalty case with one of the federal prosecutors in Troya and Sanchez's cases, that is, Assistant United States Attorney (AUSA) John Kastrenakas.  The motion filed in Troya's case also alleged that Judge Scola and former AUSA Kastrenakas defended themselves against prosecutorial misconduct allegations in that case, as has been alleged here.

[25] (CV-DE 56).

[26] (CV-DE 57).

[27] (CV-DE 58).

[28] (CV-DE 60; CV-DE 61).

[29] (CV-DE 61).  Additionally, the proceedings pertaining to Daniel Troya's § 2255 Petition were also transferred to this Court.  *See* Civil Docket Entries 79, 80, 81, and 84 in *Daniel Troya v. United States*, Case No. 16-80700-CIV-Bloom.

given one year, that is, until February 27, 2018, within which to file an amended § 2255 Petition.[30] This Court issued an order on March 23, 2017, which awarded Sanchez 182 days, up to and including October 20, 2017, within which to file an amended § 2255 Petition.[31]   In that order, the Court also directed the United States to respond to the Amended petition within about 40 days, that is, on or before November 30, 2017, and also gave Sanchez until December 29, 2017, to reply.[32]   On October 2, 2017, Sanchez requested an unopposed 60-day continuance within which to file his amended § 2255 Petition.[33]   The Court granted the request and provided: Sanchez up to and including December 19, 2017 within which to file the amended petition, the United States until January 29, 2018, within which to respond, and until February 27, 2018 for Sanchez to reply.[34] On December 4, 2017, Sanchez filed another unopposed request for extension, requesting an additional 30 days, up to and including January 18, 2018, within which to file the amended § 2255 Petition, and this Court granted the request.[35]   The United States was given until February 28, 2018, within which to respond, and Sanchez until March 29, 2018, to reply.[36]   On January 16, 2018, Sanchez filed an unopposed motion requesting an additional 6 days within which to file the Amended Petition.[37]   Consequently, this Court issued a revised scheduling order, permitting Sanchez until January 24, 2018, to file his amended § 2255 Petition, providing the United States until March 6, 2018, to respond, and giving Sanchez up to and including April 4, 2018, to file a

---

[30]   (CV-DE 68 at 3).  The United States had suggested Sanchez be provided with 120 days within which to do so.  (*Id.* at 4).
[31]   (CV-DE 69 at 2-3).
[32]   (CV-DE 69 at 3).
[33]   (CV-DE 71).
[34]   (CV-DE 72).
[35]   (CV-DE 73; CV-DE 74).
[36]   (CV-DE 74).
[37]   (CV-DE 75).

reply.[38]

13.     On January 24, 2018, Sanchez filed his First Amended § 2255 Petition, along with a

concomitant Notice and proposed order regarding excess page numbers.[39]  This Court then issued

an order granting Sanchez's request on February 13, 2018, to file the Amended § 2255 Petition,

and ordered him to do so in accordance with the local rules and the CM/ECF Administrative

Procedures, on or before February 14, 2018.[40]  The Order reiterated that the United States had until

March 6, 2018, within which to respond.[41]  On February 13, 2018, Sanchez filed the Amended §

2255 Petition, as per the Court's Order.[42]

14.     The Amended § 2255 Petition numbers some 355 pages, and ostensibly raises the following

issues in broad fashion: 1) juror misconduct in violation of the Fifth, Sixth and Eighth

Amendments;[43] 2) impropriety of his convictions under 18 U.S.C. § 924(c);[44] 3) his ineligibility

for the death penalty[45]; 4) his incompetency to stand trial;[46] 5) improper testimony of the medical

examiner under the Fifth, Sixth and Eighth Amendments;[47] 6) violations of the obligations set forth

in *Brady v. Maryland*, 373 U.S. 83 (1963;[48] 7) ineffective assistance of counsel during the guilt

phase of his trial;[49] 8) ineffective assistance of counsel during the penalty phase of his trial;[50] 9)

---

[38]  (CV-DE 76).  As had the Court's previous orders, this one also addressed various discovery deadlines as well.  (*Id.*).
[39]  (CV-DE 77; CV-DE 77-1; CV-DE 77-2).
[40]  (CV-DE 79).
[41]  (CV-DE 79 at 2).
[42]  (CV-DE 80).
[43]   (CV-DE 80 at 11-23).
[44]   (CV-DE 80 at 23-49).
[45]  (CV-DE 80 at 49-94).
[46]  (CV-DE 80 at 94-105).
[47]  (CV-DE 80 at 105-12).
[48]  (CV-DE 80 at 112-46).
[49]  (CV-DE 80 at 146-92).
[50]  (CV-DE 80 at 192-283).

inappropriateness of the imposition of the death penalty given its imposition in violation of the Eighth Amendment;[51] 10) the security measures employed during trial violated Sanchez's rights;[52] 11) the cumulative impact of the violations of Sanchez's rights entitle him to relief;[53] 12) the administered jury instructions were incorrect and thus violated Sanchez's various rights;[54] and 13) Sanchez's lawyer was constitutionally ineffective for failing to raise the issue of duplicitous counts in the charging instrument.[55]  Depending on how they are parsed these issues contain over 70 sub-parts that must be addressed by the United States.

15.     Significantly Sanchez has filed an extensive motion seeking discovery in a number of categories.[56]  The United States has prepared a detailed response to the discovery request, but the fact remains that it must continue to investigate and respond to the accusations that the United States did not disclose evidence, made in both the Amended § 2255 Petition and the discovery request, as well as the other claims broadly asserted by Sanchez.

16.     This case proceeded to trial with three prosecutors representing the United States, one of whom had minimal participation and was from the Department of Justice in Washington, D.C.  Of the other two primary AUSAs that were assigned and working on this case from the investigatory through the penalty stages, only one, the undersigned, remains in the U.S. Attorney's Office.  That means that the facets of the trial that were not handled by the undersigned must be examined carefully in order to acquire a more detailed knowledge of the record to respond appropriately and thoroughly to Sanchez's allegations pertaining to those areas.  Additionally, the undersigned has

---

[51]  (CV-DE 80 at 283-99).
[52]  (CV-DE 80 at 299-306).
[53]  (CV-DE 80 at 306-08).
[54]  (CV-DE 308-50).
[55]  (CV-DE 80 at 350-57).
[56]  (CV-DE 83).

recently been made the Chief of the Fort Pierce Office of the United States Attorney's Office for the Southern District of Florida, and must balance those responsibilities with the critical task of completing the responses in this case. Managing supervisory responsibilities in an office remote from West Palm Beach, FL while working on the government's response has proved difficult and time-consuming, more than originally anticipated.

17.     The United States has endeavored to comply with this Court's order requiring a response by March 5, 2018, in part by assigning a number of other AUSAs to address various facets of this matter. These individuals are diligently working to comply with the Court's deadlines. Nevertheless, after a review of the record and the specific claims made by Sanchez, the United States has determined that it will need an additional period of time to provide this Court with an adequate response to Sanchez's petition, and to ensure that the prosecution's responses are consistent with those arguments made in response to the lengthy 2255 petition filed by Sanchez's trial co-defendant, Daniel Troya. Our requirement to coordinate with the Capital Crimes section of the Criminal Division, Department of Justice in Washington, D.C. has further complicated our efforts in this capital litigation.

18.     Given the scope of the 365-page Amended Petition, the complicated procedural history of this case, the fact that Sanchez makes allegations regarding all phases of the proceedings, that extensive discovery has been requested, and that Sanchez was sentenced to death, the additional time is necessary in order to prepare an appropriate response.

19.     This request is not made for purposes of delay or for any other improper purpose; we have tried to comply with our original extended response, and regrettably concluded that we simply could not meet it. Rather, the requested extension of time is short given the factors enumerated herein and is necessary for the due administration of justice. The request is reasonable given the

extenuating circumstances, and should not cause Sanchez any undue prejudice.[57]  Absent the granting of this motion, the United States will of course comply with the Court's order by filing an incomplete response to the amended § 2255 petition; and our ability to ensure consistency with our previously-filed response in Troya, Case No. 16-80700-CV-Bloom, will be compromised.  The United States has contacted Sanchez's counsel, who has indicated they have no objection to the relief sought in this motion.

WHEREFORE the United States respectfully requests that this Court grant its motion and allow the United States' response to be filed on or before May 21, 2018.


Respectfully submitted,


BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY


By:     /s Stephen Carlton
        STEPHEN CARLTON
        ASSISTANT UNITED STATES ATTORNEY
        500 S. Australian Ave., Suite 400
        West Palm Beach, Florida 33401-6235
        Admin. No. A5500011
        Tel. (561) 209-1053
        Telefax (561) 659-4526
        E-mail: Stephen.Carlton@USDOJ.GOV

---

[57]  Indeed, with regard to any prejudice that Sanchez may suffer, Sanchez does not request vacation of all the counts of conviction and that he be released, but instead notes that he would be entitled to a new trial and/or penalty phase proceeding.  (*See generally*, CV-DE 80).

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on  May 4, 2018,  I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/  Stephen Carlton
     Stephen Carlton
     Assistant United States Attorney

## SERVICE LIST

**Ricardo Sanchez, Jr. v. United States**
**Case No. 16-80693-CV-SCOLA**
**United States District Court, Southern District of Florida**

**Stephen Carlton**
**Stephanie Evans**
Assistant U.S. Attorneys
Stephen.Carlton@usdoj.gov
Stephanie.Evans@usdoj.gov
U.S. Attorney's Office
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526
**Attorney for United States**
[Service via CM/ECF]

**Stephen M. Kissinger**
**Dana Hansen**
**Counsel for Ricardo Sanchez, Jr.**
**Stephen_kissinger@fd.org**
**Dana_hansen@fd.org**
**Counsel for Ricardo Sanchez, Jr.**
Asst. Federal Community Defenders
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone: (865) 637-7979
Facsimile:  (865) 637-7999
[Service via CM/ECF]