*USA Response to Amended Sanchez Petition*

# USA Exh. 13

# Delayed Giglio Disclosure, Protective Order

**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

*500 Australian Ave.*
*West Palm Beach, FL 33401*
*(561)820-8711*

December 22, 2008

L. D. Murrell, P.A.                                 James L. Eisenberg
400 Executive Center Dr Ste 201                    250 Australian Avenue South
West Palm Beach, Florida    33401-2922             West Palm Beach, FL 33401

Gershman & Goldstein                               Ruben Maurice Garcia 1209 SE 3rd Avenue
1675 Palm Beach Lakes Boulevard                    Fort Lauderdale, FL 33316-1905
Suite 700
West Palm Beach, FL 33401

                                                   Gregg Stuart Lerman
Michael B. Cohen                                   330 Clematis Street
6400 N Andrews Ave. Suite 460,                     West Palm Beach, FL 33401
Ft. Lauderdale, FL   33309

                 Re: <u>United States v. Danny Varela, et al.</u>,
                     Case No. 06-80171-Cr-Hurley (s)(s)(s)

Dear Counsel:

Pursuant to a previously-entered Protective Order, the government is making delayed discovery disclosures as follows:

   1. Copies of unredacted affidavits submitted in support of search warrants:
        (a)   for Garden Court search warrant #1;
        (b) for Garden Court search warrant #2;
        (c)   for the burgundy van.

The government previously provided redacted copies of these affidavits in discovery.

Second, delayed photographic lineup information is enclosed.

Third, enclosed please find delayed *Giglio* information concerning potential government witnesses.  All defense counsel should contact James Eisenberg to obtain copies of these disclosures.  Pursuant to our earlier discovery agreement, we are providing him with the original copy of this disclosure, and he will be responsible for providing copies to all defense counsel.

Fourth, we are providing to Mr. Eisenberg a CD-ROM that has various items on it as follows:

    a. copy of two  jpeg photographs recently provided to the government by the person who first saw the victims lying on the side of the road, and contacted 911;

    b. copy of a Google map image of the vicinity of the Sanchez stop of July 10, 2006;

    c. copy of a Google map image of the Escobedo residence located at 1244 Olympic Circle, West Palm Beach, FL;

    d. two sets of T-Mobile business records recently received by the United States: (1) an Excel spreadsheet entitled *VLR_List.xls* which contains a list of telephone switches; and (2) an Excel spreadsheet entitled *florida_041907(1) - T-Mobile Cell Site Locationsl.xls* which contains a listing of cellular tower site locations;

Fifth, the government may seek to introduce business records concerning the purchase of a vehicle (Jaguar) by Danny Varela ; they are enclosed with the packet given to Mr. Eisenberg.

Sixth a latent lift card containing the identified latent of Danny Varela was recently provided to the United States; we earlier disclosed the underlying expert examination results on that latent. Contact me directly if anyone wants to see the latent card.

Seventh, we obtained last week from the Florida Department of Transportation a VHS-formatted tape of the Ft. Pierce and West Palm Beach exits; we have converted that to CD-ROM format as well, and a copy of that has been provided to Mr. Eisenberg; contact him for copies. This download bears time stamps from the original Turnpike tape.   We also intend to use still photographs taken from those tapes. Copies have been provided to Mr. Eisenberg.

Eighth, we intend to introduce as evidence in the case a friction lock baton that was seized from the vehicle in which defendants Varela and Troya were stopped on June 10, 2006, an incident charged in one of the indicted counts; contact John Kastrenakes if you want to view that item.

Last, we are providing another copy of the subscriber and cell site location records for (786) 853-8416.  We sent these out earlier but one or more photocopies may have been blocked when copying due to a post-it pad not being removed. We are correcting that inadvertent oversight.

Please contact me if you have questions.

Sincerely,

    /s  Stephen Carlton

By:     Stephen Carlton
        Assistant U.S. Attorney

Jesus Alonso
    a. See enclosed NCIC rap sheet;
    b. Case No. 00-1091-Cr-Highsmith, (plea agreement & J&C enclosed);
    c. state convictions, 84-CF-004374A (Miami-Dade County, Fla.); 93-CF-010688
    (Miami-Dade County, Fla.); 93-CF-022211  (Miami-Dade County, Fla.)(all enclosed)

Harold Anderson:
    a. NCIC rap sheet enclosed;
    b Case No. 01-1160–Cr-Gold (S.D. Fla.) (plea agreement and Judgment & Conviction
    enclosed);
    c. state convictions: 92-013865 (Miami Dade County); 92-017046 (Miami Dade County);
    92-021522 (Miami Dade County); 93-025957 (Miami Dade County)

Richardson Boco
    a. See enclosed NCIC rap sheet;
    b. Case No. 01-08023-Cr-DTH (S.D. Fla.)(Judgment & Conviction copy enclosed);

Mario Calderon
    a. See enclosed NCIC rap sheet;
    b. Case No. 06-80117-Cr-DMM (USDC SD Fla.); Calderon received benefit of oral
    5K1.1 motion made by AUSA Kim Abel for cooperation unrelated to the Varela matter.
    Plea agreement and Judgment/Conviction in Case No. 06-80117-Cr-DMM (USDC S.D.
    Fla.) enclosed.

    c.. Uttering forged bills, 01-008790CFA02 (15th Jud. Circuit), 9/20/01
    d.  use immunity agreement dated 9/12/2006;

Patrick Charles
    a. See enclosed NCIC rap sheet;
        i. Case No. 06-CF-06301 (15th Jud. Circuit), 12/13/2006 (Judgment & Conviction
        copy enclosed);
        ii. Case No. 06-CF-10454 (15th Jud. Circuit), 12/13/2006   (Judgment &
        Conviction copy enclosed);;
        iii. Case No. 07-CF-003870, 5/08/2007, (15th Jud. Circuit),(Judgment &
        Conviction copy enclosed);
        iv. Case No. 08-CF-014786 (15th Jud. Circuit), 10/17/2008, (Judgment &
        Conviction copy enclosed);
        v. Case No. 08-CF-004333 (15th Jud. Circuit), 10/17/2008, (Judgment &
        Conviction copy enclosed);

D:\Giglio notes FINAL2.wpd

Thomas Colon
> a. See NCIC rap sheet enclosed;
>> i. Case No. 06-60349-Cr-Cohn (USDC S.D. Fla.), (Judgment & Conviction copy enclosed and plea agreement);

Steven Michael Doran
> a. See NCIC rap sheet enclosed;
>> i. Case No. 97-7704 (15th Jud. Circuit), 1/27/98 (enclosed)
>> ii. Case No. 97-319 (15th Jud. Circuit), 6/04/1997 (enclosed);
>> iii. Case No. 94-7096 (15th Jud. Circuit)(violation of F.S. 316.062.316.04), 3/16/95(enclosed);
>> iv. Case No. 94-7097 (15th Jud. Circuit), 3/16/1995 (enclosed);
>> v. Case No. 95-4435 (15th Jud. Circuit), 8/03/1995 (enclosed);

Miguel Garcia Guerrero
> a. See enclosed NCIC rap sheet;  prior convictions;
>> i. Case No. 98-Cr-1365 (District Court, Brownsville, TX), sentenced 1/19/1999;

Byron Todd Hamrick
> a.  See enclosed NCIC rap sheet;
>> i. Case No. 07-Cr-81-001 (USDC N.D. Fla.), judgment entered on1/15/2008, (plea agreement and Judgment & Conviction enclosed)

Kassandra Lower
> a.  See NCIC rap sheet enclosed;
>> i. Case No. 02-1459 (15th Jud. Circuit), adjudication withheld on 12/23/2002 (copy enclosed).

Malik Mullino
> a. See NCIC rap sheet enclosed;
>> i.  Case No. 93-8564-CF (17th Jud. Circuit)(Judgment & Conviction enclosed);
>> ii.  Case No. 93-3659,(Judgment & Conviction copy enclosed);
>> iii. Case No. 96-205282-CF-1 (17th Jud. Circuit), sentenced May 9, 1997 (Judgment & Conviction copy enclosed);
>> iv. Case No. 07-20414-Cr-King,  (Judgment & Conviction copy enclosed);

> b. additional criminal conduct:

>> i.  on July 19, 2006 Mullino was stopped in Ft. Lauderdale in possession of one half kilogram of cocaine. No charges have been filed in connection with that case, but Mullino does not have immunity for that conduct.  After this stop, Mullino began

D:\Giglio notes FINAL2.wpd

cooperating with the DEA as a confidential informant. He has no cooperation agreement with the government concerning this case.

c. due to concerns for witness safety after October 25, 2006, federal funds were provided to Mullino to re-locate his business as follows:
      i. 11-01-06  $4,250.00 Relocation of business
      ii. 03-02-07  $2,650.00 Moving expenses

Benito Rodriguez
    a. See NCIC rap sheet enclosed

Carlos Rodriguez
    a. See NCIC rap sheet enclosed;
      i. Case No. 07-6004-WJZ (S.D. Fla.) (copy of Judgment & Conviction, and plea agreement enclosed).

Demetrio Roman Salgado
    a. See NCIC rap sheet enclosed;
      i. Case No. 06-80121-Cr-Marra, (copy of Judgment & Conviction, and plea agreement enclosed).

Robert Wade
    a. See NCIC rap sheet enclosed;
      i. Case No. 06-Cr-35 (M.D. Fla.)(copy of Judgment & Conviction, and plea agreement enclosed);
      ii. 96-Cr-00267 (Wayne County District Court, Goldsboro, NC).

Kevin Vetere;
    a. See NCIC rap sheet enclosed;

4/14/03  Dkt. #02-013449CFA02 (15th Jud. Circuit)(Judgment enclosed)

4/14/03, Dkt. #02014130CFB02, (15th Jud. Circuit) (Judgment enclosed)

12/12/04, Dkt. #04015345CFA02 (15th Jud. Circuit)  (Judgment enclosed)

1/23/2008, Case No. 06-80171-Cr-Hurley (Judgment and plea agreement enclosed)

D:\Giglio notes FINAL2.wpd

**Additional Giglio data:**

1. Letter use immunity agreement dated March 6, 2007

2. due to a confirmed witness threat against Kevin Vetere and his family, the following benefits have been provided :

      a. certain family members of Kevin Vetere have been re-located outside of Palm Beach County at government expense due to a confirmed threat of physical violence against them; pursuant to this re-location $7,500 in federal funds were provided to the family.

      b. Kevin Vetere told law enforcement that following the homicides, he slept with a small .40 caliber handgun, which belonged to Varela, under his pillow. Vetere stated that he did this out of fear that they, referring to Varela and crew, would try to kill him. Vetere stated that at one point Varela asked him for the gun because he (Varela) wanted to give the gun to Daniel Juarbe, a.k.a. "PR", who had recently been robbed. Vetere stated he later saw Juarbe in possession of the gun. Juarbe told law enforcement under a use immunity proffer agreement that he received a small handgun, unknown caliber, from someone associated with Varela, on behalf of Varela. Juarbe recalled receiving the gun from Varela two to three months prior to their arrest.

      c. Kevin Vetere was using various controlled substances during the time period September-October 2006;

Shameca Walters
      a. See enclosed NCIC rap sheet;
          i. Case No. 96-CF-007771 (4th Jud. Circuit), sentenced to 3 months confinement on 7/23/1996
          ii. Case No. 04-028-CF (15th Jud. Circuit)(copy enclosed)
          vi. Case No. 03-CF-00402 (15th Jud. Circuit);
          vii. Case No. 06-60266-Cr-Moreno (S.D. Fla.)(copy of plea agreement and Judgment & Conviction enclosed).