*USA Response to Amended Sanchez Petition*

# USA Exh. 14

# Special Administrative Measures, ("SAM") Imposed Upon Daniel Troya Pre-Trial



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

*500 Australian Ave.*
*West Palm Beach, FL 33401*
*(561)820-8711*

April 9, 2008

Ruben Maurice Garcia
1209 SE 3rd Avenue
Fort Lauderdale, FL 33316-1905

James L. Eisenberg
250 Australian Avenue South
West Palm Beach, FL 33401

Re: <u>United States v. Daniel Troya,</u>
    Case No. 06-80171-Cr-Hurley (s)(s)(s)

Dear Counsel:

I am enclosing with this letter a Memorandum from the Attorney General setting forth Special Administrative Measures he has authorized with regard to defendant Daniel Troya. Limitations on contacts with outsiders and defense counsel are set forth in the memorandum. Please note that I am enclosing a separate written acknowledgment form that must be executed by each of you and returned to this office before attorney contact will be permitted by the Bureau of Prisons.

Please send me the original form executed by you and I will submit it to the appropriate authorities to minimize any delay in contacting or seeing your client.

If anyone has any questions please feel free to contact me or John Kastrenakes.

Sincerely,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY


/s *Stephen Carlton*

By:   Stephen Carlton
      Assistant U.S. Attorney



# Office of the Attorney General

Washington, D.C.
April 2, 2008

## LIMITED OFFICIAL USE

MEMORANDUM FOR HARLEY G. LAPPIN
       DIRECTOR
       FEDERAL BUREAU OF PRISONS

FROM:     THE ATTORNEY GENERAL

SUBJECT:   Origination of Special Administrative Measures (SAM) Pursuant to 28
       C.F.R. § 501.3 for Federal Bureau of Prisons Inmate Daniel Troya

   Bureau of Prisons (BOP) inmate Daniel Troya (Troya) has been indicted in connection with his participation in a quadruple homicide involving the brutal slaying of Jose Escobedo, his wife, Yessica Escobar, and their two minor children, Julian and Damian. All four Escobedo family members were found shot to death on October 13, 2006, in St. Lucie County, Florida. Each victim had been shot multiple times by handguns. Troya is charged with four counts of murder, participating in a conspiracy to possess with intent to distribute more than five kilograms of cocaine powder and more than fifty grams of crack cocaine, conspiracy to commit an armed carjacking resulting in death, and multiple firearms counts in connection with a crime of violence and drug trafficking. Troya faces five death penalty counts.

   Based upon information provided to me of Troya's proclivity for violence, I find that there is substantial risk that his communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of serious bodily injury to persons. Therefore, I am requesting that you, pursuant to 28 C.F.R. § 501.3, implement Special Administrative Measures (SAM) to restrict Troya's access to the mail, the media, the telephone, and visitors. Implementation of this SAM will commence immediately upon notice to the inmate, and the SAM will be in effect for one year from the date of my approval, subject to my further direction.

## LIMITED OFFICIAL USE

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 2

LIMITED OFFICIAL USE

1.   **General Provisions:**

   a.   **Adherence to Usual United States Marshals Service (USMS), Bureau of Prisons (BOP) and Detention Facility (DF) Policy Requirements** - In addition to the below-listed SAM, the inmate must comply with all usual USMS, BOP, and non-BOP DF policies regarding restrictions, activities, privileges, communications, etc. If there is a conflict between USMS/BOP/DF policies and the SAM, as set forth herein, where the SAM is more restrictive than usual USMS/BOP/DF policies, then the SAM shall control. If usual USMS/BOP/DF policies are more restrictive than the SAM, then USMS/BOP/DF policies shall control.

   b.   **Interim SAM Modification Authority** - During the term of this directive, the Director, Office of Enforcement Operations (OEO), Criminal Division, may modify the inmate's SAM as long as any SAM modification authorized by OEO:

      i.   Does not create a more restrictive SAM;

      ii.   Is not in conflict with the request of the U.S. Attorney for the Southern District of Florida (USA/SDFL), Drug Enforcement Administration (DEA), or USMS/BOP/DF, or applicable regulations; and

      iii.   Is not objected to by the USA/SDFL, DEA, or USMS/BOP/DF.

   c.   **Inmate Communications Prohibitions** - The inmate is limited, within USMS/BOP/DF's reasonable efforts and existing confinement conditions, from having contact (including passing or receiving any oral, written or recorded communications) with any other inmate, visitor, attorney, or anyone else except as outlined and allowed by this document that could reasonably foreseeably result in the inmate communicating information (sending or receiving) that could circumvent the SAM's intent of significantly limiting the inmate's ability to communicate (send or receive) information relating to threats of violence against witnesses and others.

   d.   **Use of Interpreters/Translators by USMS/BOP/DF** - Translator approval requirement:

      i.   USMS/BOP/DF may use Department of Justice (DOJ) approved

LIMITED OFFICIAL USE

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 3

LIMITED OFFICIAL USE

translators as necessary for the purpose of facilitating communication with the inmate.

ii.  No person shall act as a translator without prior written clearance/approval from USMS/BOP/DF, which shall only be granted after consultation with the DEA and USA/SDFL.

iii.  Translators utilized by USMS/BOP/DF shall not be allowed to engage in, or overhear, unmonitored conversations with the inmate. Translators shall not be alone with the inmate, either in a room or on a telephone or other communications medium.

2.  **Attorney/Client Provisions:**

a.  **Attorney[1] Affirmation of Receipt of the SAM Restrictions Document** - The inmate's attorney (or counsel) – individually by each if more than one – must sign an affirmation acknowledging receipt of the SAM restrictions document. By signing the affirmation, the attorney acknowledges his/her awareness and understanding of the SAM provisions and his/her agreement to abide by these provisions, particularly those that relate to contact between the inmate and his attorney and the attorney's staff. The signing of the affirmation does not serve as an endorsement of the SAM or the conditions of confinement, and does not serve to attest to any of the factors set forth in the conclusions supporting the SAM. However, in signing the affirmation, the inmate's attorney, and precleared staff, acknowledge the restriction that they will not forward third-party messages to or from the inmate.

i.  The USA/SDFL shall present, or forward, the attorney affirmation of receipt of the SAM restrictions document to the inmate's attorney.

ii.  After initiation of SAM and prior to the inmate's attorney being permitted to have attorney/client-privileged contact with the inmate, the inmate's

---

[1]The term "attorney" refers to the inmate's attorney of record, who has been verified and documented by the USA/SDFL, and who has received and acknowledged receipt of the SAM restrictions document. As used in this document, "attorney" also refers to more than one attorney where the inmate is represented by two or more attorneys, and the provisions of this document shall be fully applicable to each such attorney in his/her individual capacity.

LIMITED OFFICIAL USE

APR. 3. 2008 2:05PM                                                    NO.0505 P. 6 5/4

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 4

LIMITED OFFICIAL USE

attorney shall execute a document affirming receipt of the SAM restrictions document and return the original to the USA/SDFL.

iii.     The USA/SDFL shall maintain the original of the SAM acknowledgment document and forward a copy of the signed document to OEO in Washington, D.C. and the USMS/BOP/DF.

b.     **Attorney Use of Interpreters/Translators -**

i.     Necessity Requirement - No interpreter/translator (translator) shall be utilized unless absolutely necessary where the inmate does not speak a common language with the attorney.  Any translator shall be precleared.[2]

ii,     Attorney Immediate Presence Requirement - Any use of a translator by the attorney shall be in the physical and immediate presence of the attorney - in the same room.  The attorney shall not patch through telephone calls, or any other communications, to or from the inmate.

iii.     Translation of Inmate's Correspondence - An attorney of record may only allow a federally approved translator to translate the inmate's correspondence as necessary for attorney/client privileged communication.

c.     **Attorney/Client Privileged Visits -** May be contact or non-contact, at the discretion of the USMS/BOP/DF.

d.     **Attorney May Disseminate Inmate Conversations -** The inmate's attorney may disseminate the contents of the inmate's communication to third parties for the sole purpose of preparing the inmate's defense — and not for any other reason — on the understanding that any such dissemination shall be made solely by the inmate's attorney, and not by the attorney's staff.

---

[2]"Precleared" refers to a translator, who is actively assisting the inmate's attorney with the inmate's defense, who has submitted to a background check by the DEA and USA/SDFL, who has successfully been cleared by the DEA and USA/SDFL, and who has received a copy of the inmate's SAM and has agreed — as evidenced by his/her signature – to adhere to the SAM restrictions and requirements.

LIMITED OFFICIAL USE

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 5

LIMITED OFFICIAL USE

e. **Unaccompanied Attorney's Precleared Paralegal(s)[3] May Meet With Client -** The inmate's attorney's precleared paralegal(s) may meet with the inmate without the necessity of the inmate's attorney being present. An investigator or translator may not meet alone with the inmate. These meetings may be contact or non-contact, at the discretion of the USMS/BOP/DF.

f. **Simultaneous Multiple Legal Visitors -** The inmate may have multiple legal visitors provided that at least one of the multiple legal visitors consists of the inmate's attorney or precleared paralegal. These meetings may be contact or non-contact, at the discretion of the USMS/BOP/DF.

g. **Legally Privileged Telephone Calls -** The following rules refer to all legally-privileged telephone calls or communications:

i. Inmate's Attorney's Precleared Staff May Participate in Inmate Telephone Calls - The inmate's attorney's precleared staff are permitted to communicate directly with the inmate by telephone, provided that the inmate's attorney is physically present and participating in the legal call as well.

ii. Inmate's Initiation of Legally-Privileged Telephone Calls - Inmate initiated telephone communications with his attorney or precleared staff are to be placed by a USMS/BOP/DF staff member and the telephone handed over to the inmate only after the USMS/BOP/DF staff member confirms that the person on the other end of the line is the inmate's attorney. This privilege is contingent upon the following additional restrictions:

(1) The inmate's attorney will not allow any non-precleared person to

---

[3]"Precleared" when used with regard to an attorney's staff, or "precleared staff member," refers to a co-counsel, paralegal, or an investigator who is actively assisting the inmate's attorney with the inmate's defense, who has submitted to a background check by the DEA and USA/SDFL, who has successfully been cleared by the DEA and USA/SDFL, and who has received a copy of the inmate's SAM and has agreed – as evidenced by his/her signature – to adhere to the SAM restrictions and requirements. As used in this document, "staff member" also refers to more than one staff member, and the provisions of this document shall be fully applicable to each such staff member in his/her individual capacity. A "paralegal" will also be governed by any additional DF rules and regulations concerning paralegals.

LIMITED OFFICIAL USE

APR 3 2008 2:06PM

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 6

LIMITED OFFICIAL USE

communicate with the inmate, or to take part in and/or listen to or overhear any communications with the inmate.

(2)    The inmate's attorney must instruct his/her staff that:

   (a)    The inmate's attorney and precleared staff are the only persons allowed to engage in communications with the inmate.

   (b)    The attorney's staff (including the attorney) are not to patch through, forward, transmit, or send the inmate's communications to third parties.

(3)    No telephone call/communication, or portion thereof, except as specifically authorized by this document:

   (a)    Is to be overheard by a third party.[4]

   (b)    Will be patched through, or in any manner forwarded or transmitted to a third party.

   (c)    Shall be divulged in any manner to a third party, except as otherwise provided in Section 2(d).

   (d)    Shall be in any manner recorded or preserved.[5]  The inmate's attorney may make written notes of attorney/client -privileged communications.

(4)    If USMS/BOP/DF, DEA or USA/SDFL determines that the inmate has used or is using the opportunity to make a legal call to speak

---

[4]For purposes of the SAM, "third party" does not include officials of the USMS/BOP/DF, DEA, DOJ, or other duly authorized federal authorities when acting in connection with their official duties. This section does not allow monitoring of attorney/client privileged communications.

[5]Except by USMS/BOP/DF, DEA, DOJ or other duly authorized federal authorities. This section does not allow monitoring of attorney/client privileged communications.

LIMITED OFFICIAL USE

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 7

<u>LIMITED OFFICIAL USE</u>

with another inmate or for any other non-legal reason that would circumvent the intent of the SAM, the inmate's ability to contact his attorney by telephone may be suspended or eliminated.

h.   **Documents Provided by Attorney to Inmate** - The inmate's attorney may provide his/her client with or review with the inmate, documents related to his defense, including discovery materials, court papers (including indictments, court orders, motions, etc.), and/or material prepared by the inmate's attorney, so long as any of the foregoing documents are translated, if translation is necessary, by a precleared translator. Any document not related to the inmate's defense must be sent to the inmate via general correspondence and will be subject to the mail provisions of subparagraphs 2 (I) and 3(g). Documents previously reviewed and cleared for receipt by the inmate, and already in the inmate's possession at the outset of the visit, may be discussed or reviewed by the inmate and the inmate's attorney during the visit.

   i.   None of the materials provided may include inflammatory materials, materials inciting to violence or military training materials, or materials that may be used to pass messages from inmate to inmate, unless such materials have been precleared by the USA/SDFL and the DEA.

   ii.   The USA/SDFL may authorize additional documents to be presented to the inmate. If any document not listed or described above needs to be transmitted to the inmate, consent for the transmission of the document can be obtained from the USA/SDFL without the need to formally seek approval for an amendment to the SAM.

i.   **Legal Mail** - The inmate's attorney may not send, communicate, distribute, or divulge the inmate's mail, or any portion of its contents (legal or otherwise), to third parties.[6]

   i.   In signing the SAM acknowledgment document, the inmate's attorney and

---

[6]Legal mail is defined as properly marked correspondence (marked "Legal Mail") addressed to or from the inmate's attorney of record. All other mail, including that otherwise defined by the USMS/BOP/DF as Special Mail, shall be processed as "non-legal mail."

<u>LIMITED OFFICIAL USE</u>

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 8

LIMITED OFFICIAL USE

precleared staff will acknowledge the restriction that only inmate case-related documents will be presented to the inmate, and that neither the attorney nor his/her staff will forward third-party mail to or from the inmate.

3. **Inmate's Non-legal Contacts:**

  a. **Non-legal Telephone Contacts -**

   i. The inmate is limited to non-legal telephone calls with his immediate family members.[7]

   ii. The quantity and duration of the inmate's non-legal telephone calls with his immediate family members shall be set by the USMS/BOP/DF, with a minimum of one call per month, unless otherwise agreed upon by USMS/BOP/DF, DEA and USA/SDFL to allow more calls.

  b. **Rules for Telephone Calls -** For all non-legally privileged telephone calls or communications, no telephone call/communication, or portion thereof:

   i. Is to be overheard by a third party.[8]

   ii. Is to be patched through, or in any manner forwarded or transmitted, to a third party.

   iii. Shall be divulged in any manner to a third party.

   iv. Shall be in any manner recorded or preserved.[9]

---

[7]The inmate's "immediate family members" are defined as the inmate's (USMS/BOP/DF, DEA-verifiable) spouse, natural children, parents, and siblings.

[8]For purposes of the SAM, "third party" does not include officials of the USMS/BOP/DF, DEA, DOJ, or other duly authorized federal authorities when monitoring in connection with their official duties. This section does not allow monitoring of attorney/client communications.

[9]Except by USMS/BOP/DF, DEA, DOJ, or other duly authorized federal authorities.

LIMITED OFFICIAL USE

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 9

<u>LIMITED OFFICIAL USE</u>

All telephone calls shall be in English unless a fluent DEA, USMS/BOP/DF approved translator is available to contemporaneously monitor the telephone call. Arranging for a translator may require at least fourteen days advance notice.

c.   **Telephone SAM Restriction Notifications** - For all non-legal telephone calls to the inmate's immediate family member(s):

    i.   USMS/BOP/DF shall inform the inmate of the telephone SAM restrictions prior to each telephone call.

    ii.   USMS/BOP/DF shall verbally inform the inmate's immediate family member(s) on the opposite end of the inmate's telephone communication of the telephone SAM. USMS/BOP/DF is only required to notify the inmate's communication recipient in English.

    iii.   USMS/BOP/DF shall document each such telephone notification.

d.   **Family Call Monitoring** - All calls with the inmate's immediate family member(s) shall be:

    i.   Contemporaneously monitored by the DEA.

    ii.   Contemporaneously recorded (as directed by the DEA) in a manner that allows such telephone calls to be analyzed for indications the call is being used to pass messages soliciting or encouraging acts of violence or other crimes, or to otherwise attempt to circumvent the SAM.

    iii.   A copy of each inmate/immediate family member telephone call recording shall be provided by USMS/BOP/DF on a single, individual cassette tape (per call) for forwarding to the DEA. These recordings shall be forwarded on a call-by-call basis as soon as practicable.

e.   **Improper Communications** - If telephone call monitoring or analysis reveals that any call or portion of a call involving the inmate contains any indication of a discussion of illegal activity, the soliciting of or encouraging of acts of violence, or actual or attempted circumvention of the SAM, the inmate shall not be permitted any further calls to his immediate family members for a period of time to be determined by USMS/BOP/DF. If contemporaneous monitoring reveals such inappropriate activity, the telephone call may be immediately terminated.

<u>LIMITED OFFICIAL USE</u>

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 10

<u>LIMITED OFFICIAL USE</u>

f.  **Non-legal Visits –**

i.  **Limited Visitors** – The inmate shall be permitted to visit only with his immediate family members. The visitor's identity and family member relationship to the inmate will be confirmed by the USMS/BOP/DF and DEA in advance.

ii.  **English Requirement** – All communications during non-legal inmate visits will be in English unless a fluent DEA, USMS/BOP/DF approved translator is readily available to contemporaneously monitor the communication/visit.

iii.  **Visit Criteria** – All non-legal visits shall be:

(1)  Contemporaneously monitored by USMS/BOP/DF and/or DEA, in a manner that allows such visits to be analyzed for indications the visit is being used to pass messages soliciting or encouraging acts of violence or other crimes, or to otherwise attempt to circumvent the SAM.

(2)  Permitted only with a minimum of 14 calendar days advance written notice to the USMS/BOP/DF facility where the inmate is housed.

(3)  Without any physical contact. All such meetings shall be non-contact to protect against harm to visitors or staff should the inmate attempt to take hostages.

(4)  Limited to one adult visitor at a time. However, DEA-verified children of the inmate may visit with a pre-approved adult visitor.

g.  **Non-legal Mail** – Any mail not clearly and properly addressed to/from the inmate's attorney and marked "Legal Mail" (incoming or outgoing). Non-legal mail is limited to only the inmate's immediate family, U.S. courts, federal judges, U.S. Attorney's Offices, members of U.S. Congress, BOP, other federal law enforcement entities, and, if the inmate is a citizen of a foreign country, a verified consular representative of that country.

<u>LIMITED OFFICIAL USE</u>

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 11

## LIMITED OFFICIAL USE

i.    **General correspondence with limitations:** correspondence is restricted to only immediate family members. Volume and frequency of outgoing general correspondence with immediate family members only may be limited to three pieces of paper (not larger than 8 ½ x 11), double-sided, once per calendar week to a single recipient, at the discretion of the USMS/BOP/DF. The identity and family member relationship to the inmate will be confirmed by USMS/BOP/DF and DEA.

ii.   **General correspondence without limitations:** correspondence to U.S. courts, federal judges, U.S. Attorney's Offices, members of U.S. Congress, BOP, and other federal law enforcement entities. There is no volume nor frequency limitation on mail to/from these parties unless there is evidence of abuse of these privileges, threatening correspondence is detected, circumvention of the SAM is detected, or the quantity to be processed becomes unreasonable to the extent that efficient processing to protect the security, good order or discipline of the institution, the public or national security may be jeopardized .

iii.  All non-legal mail will be:

(1)   **Copied** - Shall be copied (including the surface of the envelope) by the warden, or his/her designee, of the facility in which the inmate is housed.

(2)   **Forwarded** - Shall be forwarded, in copy form, to the location designated by the DEA.

(3)   **Analyzed** - After government analysis and approval, if appropriate, the inmate's incoming/outgoing non-legal mail will be forwarded to the USMS/BOP/DF for delivery to the inmate (incoming); or directly to the addressee (outgoing).

The federal government will forward the inmate's non-legal mail to the USMS/BOP/DF for delivery to the inmate or directly to the addressee after a review and analysis period of:

(a)   A reasonable time not to exceed fourteen (14) business

## LIMITED OFFICIAL USE

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 12

LIMITED OFFICIAL USE

days for mail which is written entirely in the English language.

(b)     A reasonable time not to exceed sixty (60) business days for any mail which includes writing in any language other than English, to allow for translation.

(c)     A reasonable time not to exceed sixty (60) business days for any mail where the Federal Government has reasonable suspicion to believe that a code was used, to allow for decoding.

iv.     **Mail Seizure** - If outgoing/incoming mail is determined by USMS/BOP/DF or DEA to contain overt or covert discussions of or requests for illegal activities, the soliciting or encouraging of acts of violence, or actual or attempted circumvention of the SAM, the mail shall not be delivered/forwarded to the intended recipient but referred to the DEA for appropriate action. The inmate shall be notified in writing of the seizure of any mail.

4.   **Communication With News Media:**

a.     The inmate will not be permitted to talk with, meet with, correspond with, or otherwise communicate with any member, or representative, of the news media, in person, by telephone, by furnishing a recorded message, through the mail, through his attorney, through a third party, or otherwise.

5.   **No Group Prayer:**

a.     The inmate shall not be allowed to engage in group prayer with other inmates.

b.     If an DEA and/or USMS/BOP/DF approved religious representative is to be present for prayer with the inmate, the prayer shall be conducted as part of a contact or non-contact visit, at the discretion of the USMS/BOP/DF.

6.   **No Communal Cells and No Communication Between Cells:**

a.     The inmate shall not be allowed to share a cell with another inmate.

LIMITED OFFICIAL USE

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 13

b. The inmate shall be limited within the USMS/BOP/DF's reasonable efforts and existing confinement conditions, from communicating with any other inmate by making statements audible to other inmates or by sending notes to other inmates, except as permitted in Section 1 (c), above.

## 7. Recording Conversations Between Cells:

a. USMS/BOP/DF, DEA are hereby authorized to place microphones in the hallways and elsewhere outside the inmate's cell to record any statements made by the inmate to other inmates or staff.

b. The Notice of SAM given to the inmate shall notify the inmate that he is subject to such recording.

## 8. Cellblock Procedures:

a. The inmate shall be kept separated from other inmates as much as possible while in the cellblock area.

b. The inmate shall be limited, within USMS/BOP/DF's reasonable efforts and existing confinement conditions, from communicating with any other inmate while in the cellblock area.

## 9. Commissary Privileges:

a. The USMS/BOP/DF shall restrict access to commissary items or any other objects determined by USMS/BOP/DF to be capable of being converted into dangerous instruments.

## 10. Access to Mass Communications and other Materials

a. The inmate is authorized to have viewing, listening, or reading privileges with respect to television, radio, newspapers, periodicals, books, and educational materials, in accordance with standard and applicable USMS/BOP/DF policies and procedures.

b. Termination or Limitation - If the DEA/USMS/BOP/DF determines that the inmate or third parties are using commonly available publications or broadcasts as a vehicle to send messages in circumvention of the SAM, the inmate's access to

**SPECIAL ADMINISTRATIVE MEASURES (SAM)**
Pursuant to 28 C.F.R. § 501.3
Inmate -Troya, Page 14

<u>LIMITED OFFICIAL USE</u>

such materials may be terminated for a period to be determined by the DEA/USMS/BOP/DF.

11.     **Frequent Cell Searches:**

a.      USMS/BOP/DF is hereby directed to search the inmate's cell frequently and to take appropriate disciplinary action for any infractions.

12.     **Transfer of Custody:**

In the event that the inmate is transferred to or from the custody of the USMS, BOP or any other DF, the SAM provisions authorized for this inmate will continue in effect, without need for any additional DOJ authorization.

<u>LIMITED OFFICIAL USE</u>

## **Affirmation**

By signing below, I acknowledge receipt of the SAM restrictions document for Daniel Troya, dated April 2, 2008.  By signing the affirmation, I acknowledge my  awareness and understanding of the SAM provisions and my agreement to abide by these provisions, particularly those that relate to contact between the inmate and his attorney and the attorney's staff.  The signing of the affirmation does not serve as an endorsement of the SAM or the conditions of confinement, and does not serve to attest to any of the factors set forth in the conclusions supporting the SAM.  However, in signing the affirmation, I  acknowledge the restriction that neither I or my staff will forward third-party messages to or from the inmate.

Signed: _____

Ruben Garcia, Esq.
Attorney for Daniel Troya

Date:  _____

## **Affirmation**

By signing below, I acknowledge receipt of the SAM restrictions document for Daniel Troya, dated April 2, 2008. By signing the affirmation, I acknowledge my awareness and understanding of the SAM provisions and my agreement to abide by these provisions, particularly those that relate to contact between the inmate and his attorney and the attorney's staff. The signing of the affirmation does not serve as an endorsement of the SAM or the conditions of confinement, and does not serve to attest to any of the factors set forth in the conclusions supporting the SAM. However, in signing the affirmation, I acknowledge the restriction that neither I or my staff will forward third-party messages to or from the inmate.

Signed: _____
James Eisenberg, Esq.
Attorney for Daniel Troya

Date: _____