**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 16-80693-Civ-BLOOM**


RICARDO SANCHEZ, Jr.,
                    Movant


v.


UNITED STATES OF AMERICA,
                    Respondent
_____/

## ORDER ON AMENDED MOTION FOR DISCOVERY AND CONSOLIDATED MEMORANDUM OF LAW

THIS CAUSE is before the Court upon the Movant's Amended Motion for Discovery and Consolidated Memorandum of Law ("Amended Discovery Motion"), ECF No. [83]. The Movant is in the custody of the United States Bureau of Prisons after having been sentenced to death for the October 13, 2006, murders of two young children: Luis Damian Escobedo (three years old) and Luis Julian Escobedo (four years old). (Case No. 06-CR-80171 (Hurley, J), ECF No. [796]). The Movant was also sentenced to life imprisonment for the murder of the children's parents, Jose Luis Escobedo and his wife Yessica Escobedo.  The Movant's convictions and sentences were affirmed on direct appeal. *United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013).  The United States Supreme Court has denied a writ of certiorari.  *Sanchez v. United States*, 135 S.Ct. 2048 (2015).  On May 3, 2016, the Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. [1]. On May 4, 2016, the Movant sought leave to file a "corrected" motion because the original Motion was filed without a verification. ECF No. [6]. The Court, citing Fed. R. Civ. P. 15(a), granted the Movant leave to file an amended motion.  ECF No. [9].  On May 26, 2016, the Movant filed an Amended

Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("First Amended § 2255 Motion")  ECF No. [16-1].

During the course of these proceedings, the Court learned that the Movant was represented by the same counsel in both his direct appeal and his § 2255 proceedings. The Court issued an order to show cause to the Movant's counsel to respond to the Court's concern regarding the conflict of interest. ECF No. [45].  Following a review of the response, the Court determined that a conflict of interest existed and counsel should be substituted. ECF No. [63]. On February 24, 2017, the Court relieved the Federal Community Defender Office for the Eastern District of Pennsylvania of any further representation and appointed the Federal Defender Services of Eastern Tennessee to represent the Movant. *Id.*  Counsel sought, and was granted, an extended period of time in which to "become fully-acquainted with all prior proceedings" and "rectify any pleading deficiencies."  ECF No. [68] at 2.  On February 13, 2018, the Movant filed his Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §  2255 and Incorporated Memorandum of Law ("Second Amended § 2255 Motion"). ECF No. [80]. In support of the Second Amended § 2255 Motion, the Movant seeks discovery as to three claims  ("Amended Discovery Motion").  ECF No. [83].  The Government has filed a Response in Opposition to the Motion for Discovery ("Response")  ECF No. [91].   On May 31, 2018, the Movant filed his Reply ("Reply").   ECF No. [107].   After careful consideration of the parties' arguments and written submissions, the Amended Discovery Motion is **DENIED**.

### *Standard of Review*

Unlike the usual civil litigant in federal court, the Movant is not entitled to discovery as a matter of course. *Wellons v. Hall*, 554 F.3d 923, 925 (11th Cir. 2009)(vacated, on other grounds, 558 U.S. 220 (2010)) (Rule 6(a) provides that "[a] party shall be entitled to invoke the processes

of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."). A movant shows such "good cause" for discovery by making specific allegations that establish reason to believe that, if the facts are fully developed, he will be able to demonstrate entitlement to habeas relief. *Id*. at 925. What constitutes "good cause" is expounded upon in the Advisory Committee Notes to Rule 6 of the RULES GOVERNING SECTION 2254 PROCEEDINGS[1] to include reasons that are based, not in fantasy, but in specific allegations that give the court reason to believe that the movant's allegations, if proven, show that the movant is illegally incarcerated. However, "good cause for discovery cannot arise from mere speculation." *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006).

Therefore, when considering entitlement to discovery pursuant to Rule 6, the Court must consider the underlying § 2255 claims as plead in the Second Amended § 2255 Motion, in conjunction with the specific proposed discovery requests. *See Prada v. United States*, 692 Fed. Appx. 572, 575 (11th Cir. 2017). To be sure, certain discovery could be appropriate and demonstrate an entitlement to relief based on the factual allegations in claims asserted in the Second Amended § 2255 Motion but the discovery, *as requested here*, may not be such discovery. *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) ("The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production."), *cert. denied*, 567 U.S. 952, 133 S.Ct. 65, 183 L.Ed.2d 711 (2012). Without good cause, discovery must be denied. Denying a party discovery does not decidedly mean that the underlying claim is entirely without merit; perhaps, the discovery request is not drafted such that it would advance the claim past the factual allegations alleged in the Second

---

[1] The Advisory Committee Notes to Rule 6 of the RULES GOVERNING SECTION 2255 PROCEEDINGS state that the discussion in the Advisory Committee Notes for Rule 6 of the RULES GOVERNING SECTION 2254 apply fully to both § 2254 and § 2255 proceedings.

Amended § 2255 Motion.  Nothing contained herein should be construed as a determination on the merits, or lack thereof, of the Movant's underlying claims for Section 2255 relief.

### *Section 2255 Claims*

The Second Amended § 2255 Motion contains thirteen claims for relief with each claim containing multiple sub-claims: (I) juror misconduct, (II) death sentence based on impermissibly vague statute (carjacking), (III) ineligible for the death penalty (mental retardation, brain dysfunction, mental disorders), (IV) trial counsel was ineffective for failing to investigate competency to stand trial, (V) trial counsel was ineffective for failing to object when the government substituted a medical examiner who had not conducted the autopsy of the victims, (VI) *Brady* violations (six specific instances and one cumulative effect), (VII) trial counsel was ineffective during the guilt phase for failing to: challenge the composition of the jury, investigate and challenge "toolmark" evidence,  investigate and present the testimony of cellular forensic expert, object to the charges in counts 7-10 and jury instructions, and object to prosecutor's closing arguments,  (VIII) trial counsel was ineffective during the penalty phase for failing to: investigate and present personal background and psychological and social development, present evidence of neurological impairments, investigate psychiatric disorders, to investigate intellectual disability, investigate competence to stand trial,  properly consult with mental health experts,  identify the Movant's traumatic background and disabilities,  impeach the testimony of government expert, investigate aggravation evidence, object to prosecutorial misconduct, object to jury instructions, and cumulative effects of errors, (IX) death sentence violates the Eighth Amendment, (X) security measures used during trial denied the Movant due process, a jury trial, and the presumption of innocence, (XI) cumulative effects of errors, (XII) erroneous jury

instructions, and (XIII) ineffective assistance of counsel for failing to object to duplicitous counts in the indictment. ECF No. [80] at 2-7.

### *Amended Discovery Motion*

In the Amended Discovery Motion, the Movant "asks for leave to request the production of documents, to propound interrogatories, to inspect physical evidence and to issue subpoenas to third parties." ECF No. [83] at 4. The Movant is seeking to serve in excess of 110 individual Requests for Production and propound 95 Interrogatories[2] on the United States Government. In addition, the Movant requests authorization to issue third-party subpoenas to unknown persons or entities for any of the aforementioned documents deemed beyond the control of the Government. The Movant would also like to conduct depositions of those same third-parties who have information responsive to the interrogatories. *Id*. at 30. Finally, the Movant seeks an order giving its expert witness, James Gannalo, access to certain physical evidence "for the purpose of inspection and non-destructive testing." *Id*. at 44.

In response, the Government argues that "[m]uch of what [Movant] seeks would not have made a difference in the trial or penalty phases . . . and for this reason discovery should not be ordered." ECF No. [91] at 4. The Government asserts that the Movant seeks discovery in the "speculative hope" that a broad search of the files of the United States might develop claims for which there is currently no factual basis. *Id*. It is the Government's position that "[a] § 2255 proceeding is not a second opportunity to have a full-blown trial on the merits." *Id.*

The Movant has replied that the Government failed to raise any "[t]raditional objections to discovery." ECF No. [107] at 3. Further, the Movant argues that the "Government's

---

[2] *"Unless otherwise stipulated or ordered by the court, a party may serve on any other party *no more than 25 written interrogatories,* including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1) (emphasis added). The Movant did not seek leave to serve additional interrogatories in excess of those allotted in the Federal Rules of Civil Procedure.

opposition is premised [] entirely on the assertion that not one juror would have altered their guilt or penalty phase verdicts had they known of the evidence in the Government's possession. . ." *Id.* at 4. Finally, the Movant asserts that because the allegations set forth in his habeas petition establish a prima facie case for relief, he is entitled to discovery. *Id.* at 5.

### *Analysis*

The Court's analysis of the Amended Discovery Motion is two-fold. First, the Court conducts a general review of the Amended Discovery Motion including an analysis of the sufficiency of the pleadings and compliance with the RULES GOVERNING SECTION 2255 PROCEEDINGS. Second, the Court conducts an individual analysis of the Movant's discovery requests.

### *Rule 6 Discovery Motions*

An evaluation of the parties' respective arguments shows that the Movant and the Government both misapprehend the law and the RULES GOVERNING SECTION 2255 PROCEEDINGS. Rule 6 is clear.

 (a) Leave of Court Required. A judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

(b) Requesting Discovery. A party requesting discovery must *provide reasons for the request*. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

(c) Deposition Expenses. If the government is granted leave to take a deposition, the judge may require the government to pay the travel expenses, subsistence expenses, and fees of the moving party's attorney to attend the deposition.

Rule 6, RULES GOVERNING § 2255 PROCEEDINGS. (emphasis added).

A Rule 6 discovery motion requires the moving party to establish good cause in order for the Court to grant leave to serve discovery. "Good cause" is a two phase assessment: (1) establishment of a prima facie claim for relief and (2) establishment that the discovery requested will aid in the prosecution of his claim. *See Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004). The establishment of good cause to grant a party leave to conduct discovery is a threshold inquiry. In keeping with the well-settled principle that habeas petitioners are not entitled to go on a fishing expedition in search of damaging evidence, the good cause standard requires the Movant to attempt to identify what he expects to uncover through his discovery requests. *See Williams v. Bagley*, 380 F.3d 932, 976 (6th Cir. 2004).

A Rule 6 discovery motion is not a vehicle for the opposing party to object to the substance of the proposed discovery attached to the motion. "Once a court determines that a party has demonstrated good cause to conduct discovery, the Federal Rules of Civil Procedure apply, and the parties are entitled to serve discovery requests and lodge objections thereto pursuant to the ordinary rules of civil discovery." *Thomas v. Yates*, 2009 WL 2424683, at *4 (E.D. Cal. Aug. 7, 2009)(citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rather, in response to a Rule 6 discovery motion, the opposing party would argue that the moving party has not established good cause; therefore, it may not serve the proposed discovery.[3] The purpose of attaching the proposed discovery is so that the Court may assess whether or not the Movant has established good cause to serve the proposed discovery. The specific discovery sought to be served must lead to evidence which will aid in proving the Movant's claim.

---

[3] The Court does not in any way limit Respondent's ability to object to any discovery request in a manner consistent with the Federal Rules of Civil Procedure. In this Order, the Court simply addresses whether Petitioner has shown good cause under Rule 6 and such ruling leaves open the possibility that Petitioner could later challenge the discovery requests under the Federal Rules of Civil Procedure but not under Habeas Rule 6.

Likewise, a Rule 6 discovery motion is not a vehicle to argue the substantive merits of the underlying claim.  At issue is whether or not the Movant made a prima facie claim in his § 2255 motion; an analysis akin to a Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS analysis.  However, at this stage of the proceedings, the Court does not make a merits determination of the claims.

Nonetheless, both parties devoted the entirety of their pleadings to arguing the substantive merits (or lack thereof) of the claims; instead of arguing whether a prima facie claim for relief had been made.  By way of example, the Government's first argument against discovery is "[d]iscovery is not warranted on the undisclosed DEA-6 Reports because there was no violation of *Brady*."  ECF No. [91] at 6.  Whether or not there was a *Brady* violation is not a determination that is made at this juncture.  Instead, the question for the Court is did the Movant establish a prima facie case for a *Brady* claim in the Second Amended § 2255 Motion.[4]  In other words, did the Movant allege: (1) that the government possessed evidence favorable to the defense, (2) that the defendant did not possess the evidence and could not obtain it with any reasonable diligence, (3) that the prosecution suppressed the evidence, and (4) that a reasonable probability exists that the outcome of the proceeding would have been different had the evidence been disclosed to the defense." *United States v. Schier*, 438 F.3d 1104, 1106 n. 1 (11th Cir. 2006) (citing *Moon v. Head*, 285 F.3d 1301, 1308 (11th Cir. 2002)).[5]

---

[4]  Determining whether the Movant is entitled to conduct discovery on his claim usually begins with identifying the essential elements of this claim.  *See Brady*, 520 U.S. at 904.

[5] A similar analysis is applied to the Movant's *Strickland* claims.  There is a two part test: First, a defendant "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  Second, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  The Court defines a "reasonable probability" as one "sufficient to undermine confidence in the outcome." *Id*.

The issue before the Court is not whether the Movant proved the four *Brady* elements but whether he sufficiently alleged factual allegations which, if proven, would satisfy the four elements. Once a prima facie claim is established, the remaining question for the Court is could the proposed discovery attached to the Rule 6 discovery motion aid the Movant in establishing one or more of those four elements. If so, "good cause" has been established.

The Movant has failed to provide the Court with the requisite information to make an assessment of the second prong of the Rule 6 good cause analysis. The Movant appears to argue that if he has established a prima facie claim, that is the end of the inquiry. This is not the case. The Court's consideration when making a good cause determination is whether the proposed discovery will aid in the prosecution of the pending claim. The Movant has given the Court little information to consider. The burden of demonstrating the materiality of information requested is on the moving party. *See Murphy v. Johnson*, 205 F.3d 809, 813–15 (5th Cir. 2000).

*Individual Discovery Requests*

The Movant seeks discovery in two specific areas: (1) information regarding drug cartel involvement and/or third-party involvement in the murders of the Escobedo family, and (2) information regarding ballistics and toolmark evidence. ECF No. [83] at 2-3. The Movant contends that discovery is warranted in these two areas because "[t]he requested information is calculated to lead to the discovery of evidence relevant" to three of his thirteen § 2255 claims. *Id*. at 13. First, the Movant seeks discovery to support his *Brady* claim (Claim VI). Second, the Movant seeks discovery to support his claim of ineffective assistance of counsel during the guilt phase (Claim VII). Lastly, the Movant seeks discovery to support his claim of ineffective assistance of counsel during the penalty phase (Claim VIII). *Id.* As the mode of discovery

correlates to the claim asserted, in conjunction with the area of inquiry, the Court will consider the Movant's establishment of the requisite good cause per mode of discovery request.

### A.  Drug Cartel/Alternate Suspect Evidence

In the Second Amended § 2255 Motion, the Movant asserts three claims where a connection between a member of Mexican drug cartel and the victims is relevant to the resolution of the claim.  Claim VI of the Second Amended §2255 Motion is a *Brady* claim.  The Movant asserts that the Government withheld "substantial evidence" that the victim Jose Luis Escobedo and his brother were one of the main connections between a notorious drug cartel from Mexico (*Los Zetas* cartel) and its drug distribution ring in South Florida.  *See* ECF No. [80] at 122-27.   The Movant maintains that the Government withheld evidence which would have placed members of that Mexican drug cartel in South Florida at the time of the murders and would have shown that Jose Luis Escobedo owed the cartel significant sums of money.  *Id.*

In response, the Government argues that this claim is "procedurally barred" but also fails on its merit. ECF No. [102] at 201.  While the Government concedes certain points to the Movant, the sum of their argument is that "the email and reports do not establish anything not already known at the time of the trial concerning the drug debts stemming from the Varela seizures." *Id*. at 206.  The Government concludes that the email and reports "do not add anything that the defense did not already know and were able to argue to the jury." *Id*. at 207.[6]   In other words, the Movant has failed to show prejudice; a key element of a *Brady* claim.[7]

---

[6]  The Movant's substantive reply to the Government's response is due on June 25, 2018.  *See* ECF No. [98].

[7]  In the response to the Amended Discovery Motion, the Government advised that, regarding Manny Escobedo's cell phone use, it believed a "spreadsheet was actually produced by the service provider" and that it had previously disclosed related toll records of Jose Luis Escobedo. ECF No. [91] at 21.

1.  Requests for Production

The Movant seeks to serve requests for production on the Government.[8]  ECF No. [83] at 14-30.  The Court must deny the Movant's request to serve the requests for production because he has failed to establish good cause to conduct discovery.

The Movant seeks the production of documents to enable him to investigate and prove Claim VI of his Second Amended §2255 Motion. The Movant also raised in a footnote that "[t]o the extent that counsel was ineffective for failing to investigate and present the information requested, this discovery request is properly granted because it is reasonably calculated to lead to the discovery of evidence relevant to Claims VII and VIII of [Movant's] § 2255 Motion."  ECF No. [83] at 12, n. 2.

The primary basis for the Movant's *Brady* argument is six previously undisclosed DEA-6 Report of Investigation forms and three pages of emails from the 19th Judicial Circuit Chief Assistant State Attorney.[9]  ECF No. [80] at 134.  On July 20, 2016, the Government disclosed six DEA-6 Reports which summarized debriefings of confidential sources and others known to authorities in Brownsville, Texas related to the *Los Zetas* cartel.   While the Government voluntarily produced these reports during the pendency of these proceedings, it contends that these reports were not *Brady* material because they were not "materially favorable to the defendants."  ECF No. [78-1] at 8.  Substantively, the Government contends that the DEA-6 Reports contained information deemed "irrelevant, immaterial, and not exculpatory" and,

---

[8]  Review of the attached requests for production show that they are overbroad, unduly burdensome, or objectionable on their face.  Therefore, even if the Court were to find that the Movant had shown good cause for discovery, the Court would likely sustain objections following the service of the requests on the Government.

[9]  The Government alleges that "[b]efore defense counsel made the United States aware of these emails, the undersigned Assistant United States Attorney was personally unaware of the contents or existence of these emails." ECF No. [102] at 202.

therefore, were not disclosed.  ECF No. [102] at 202.  The Movant argues that this information

would have supported an actual innocence defense at trial; at a minimum, it would have created

reasonable doubt.  ECF No. [80] at 119-133.  The Movant maintains that this information is

*Brady* evidence that was material to both phases of his trial.[10] *Id*. at 142.

The obstacle presented here is that the Movant fails to identify how any of the documents

he seeks in his Amended Discovery Motion will aide him in the prosecution of Claim VI.  The

Movant replied to the Government's response by speculating that there must be additional

information in possession of the Government because the newly disclosed DEA-6 Reports "did

not appear out of thin air. . ." ECF No. [107] at 33.   The Movant's substantive argument

supporting 119 requests for production, 95 interrogatories and corresponding third-party

discovery for the issuance of subpoenas duces tecum was made on a single page of his Amended

Discovery Motion.  It lacks detail, fails to state what information the Movant hopes to find

specific to the request, and provides no real insight as to how discovery would help him

prosecute the claims in his Second Amended § 2255 Motion.  It reads as follows:

> The requested information is calculated to lead to the discovery of evidence
> relevant to those allegations set forth in Claim VI(A), and directly undercutting the
> prosecution's theory of the case and substantially supported the defense, so much
> so, that confidence in the guilty verdict is undermined.
>
> Moreover, as set forth in Claim VI(A)(3), there is a reasonable probability
> that the withheld evidence would have caused one or more of [Movant's] sentencing
> jurors to reject the statutory aggravator of pecuniary gain. Also undermined would
> have been aggravating factors including: substantial planning and premeditation;
> intentional killing of multiple victims; and, witness elimination. On the other side of
> the sentencing scale, this withheld evidence could have established the statutory
> mitigating factors of duress, minor participant and equally-culpable defendants. 18
> U.S.C. § 3592(a)(2), (3) & (4). This information could have also added substantial
> weight to the mitigating factor that Escobedo's criminal conduct contributed to his

---

[10] The Movant has not sought to expand the record to include either the six DEA-6 Reports or the emails from the 19th Judicial Circuit Chief Assistant State Attorney.  *See* Rule 7(b) of RULES GOVERNING SECTION § 2254 PROCEEDINGS (providing that documents predating the filing of the Petition may be included in the record).

family's death (Mitigator #7), found by eleven jurors. ECF No.[860:13]. Had the jurors received specific evidence supporting the uncharged third-party defense it is likely proposed Mitigator #43 ([Movant's] exact role in the offense is not sufficient to justify the death penalty) would have been accepted (as opposed to rejected). ECF No. [860:16]. In addition, evidence demonstrating a reasonable possibility that [Movant] was not involved in the actual killings may have undermined eligibility factors, including: intentional killing; and intentional infliction of serious injury resulting in death. There is a reasonable probability that such evidence would have changed the sentencing balance for at least one of [Movant's] jurors.

If the facts set forth in Claim VI are true, [Movant] is entitled to a new guilt phase trial and/or a new sentencing hearing.

ECF No. [83] at 13-14. The Movant is making the case for how the facts he asserts, in Claim VI, if proven, will entitle him to relief. The issue here, however, is whether the discovery he seeks will assist him in proving his claim. The Movant must advise the Court how the documents he seeks would aid him in establishing his claim for relief. This enables the Court to evaluate whether the discovery would lend factual support to adequately articulated claims.

In his requests for production, the Movant seeks additional documents and information related to the subjects of the DEA-6 Reports. However, in his Amended Discovery Motion, the Movant does not explain why the persons referenced in the documents are relevant to his § 2255 claim nor does he explain why information about them would have been material or prejudicial. For example, one request seeks "[a]ll documents, reports, and other materials (whether personal or professional documents) in the possession or control of Officers and/or Government Agents Involved related to the subject matter documented in Request Exhibit B." ECF No. [83] at 21. The Movant has not advised why *all* information relating to the subject matter of Request Exhibit B would be relevant to proving Claim VI. Request Exhibit B is a three page document which references multiple persons and incidents, some of which may be wholly unrelated to the Movant. *See* ECF No. [83-2] at 1-3.

13

Indeed, nothing in the Amended Discovery Motion provides the Court with any specific correlation as to how the information sought in the 119 requests for production are relevant to the facts alleged in his *Brady* claim.  Requests for production must be related to a constitutional claim raised in the Movant's petition. "The court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his or her habeas corpus petition." *Renis v. Thomas*, 2003 WL 22358799, at *1 (S.D.N.Y. Oct. 16, 2003)(internal citations omitted).  This means that each request must seek to discover evidence relevant to proving a claim before the Court. *See Stearns-Miller v. McNeil*, 2008 WL 4164110 (N.D. Fla. September 5, 2008).

While the Movant has asserted a broad and generalized argument about undermining the prosecution's theory of the case, he has failed to explain *how* any of the requested documents would, in fact, do that.   For the Amended Discovery Motion and the discovery requests to cohere, the Court must: (1) read the Movant's Second Amended § 2255 Motion in conjunction with the Amended Discovery Motion and attached Request Exhibits, (2) extrapolate - while considering the defense strategy - how his 119 document requests could prove his claims, and (3) then find good cause.[11]   It is not the Court's burden to do so.  "Discovery in collateral proceedings attacking a criminal conviction requires a showing of good cause, and the burden to show good cause rests with the petitioner or movant." *Arthur v. Allen*, 459 F.3d 1310, 1310 (11th Cir. 2006).

While providing good cause for individual discovery admittedly is a cumbersome task for 119 document requests; ultimately, it is what is required. "Discovery in '[a] habeas proceeding

---

[11] In the Amended Discovery Motion, the Movant did not cite or reference the specific allegations in his Second Amended § 2255 Motion that would be supported by or corresponded to any of the discovery requests.  ECF No. [83] at 11.

is not a fishing expedition[,]' and 'good cause for discovery cannot arise from mere speculation' or be based on 'hypothesis.'" *Arthur*, 459 F.3d at 1311. (internal citations omitted).

## 2.   Interrogatories

In addition to the requests for production, the Movant also seeks to serve interrogatories on the Government. ECF No. [83] at 30-40.  As was the case with the requests for production, the Movant has failed to advise the Court as to how and why these interrogatories would aid in establishing a *Brady* violation.[12]  The Movant's argument seeking leave to serve interrogatories on the Government is a single sentence. "For the reasons set forth above, [Movant] requests that the Government provide written answers to the following interrogatories and he anticipates this discovery will show the information was in the prosecution's possession or control and was favorable and material to [Movant's] defense." ECF No. [83] at 30.

The Government responded and argued that the information sought in the interrogatories would not "undermine confidence in the verdicts" and should be denied for lack of good cause. ECF No. [91] at 24.  Nonetheless, the Government responded as follows: *Request K* ("[n]o undisclosed United States report remotely mentions, suggests or implies that any of those persons were in Florida the night of the murders, involved in the murders, or that any of them even knew Escobedo"), *Request L* ("reports do not establish any linkage between Cortinas and the Escobedos. . ."), and *Request M* (this issue has been addressed previously in the response and will not be repeated).  *Id.* at 23.  Further, as to *Request N* ("DEA reports do not purport to establish that she knew Escobedo or that she herself was involved in drug trafficking") and *Requests O & P* ("[t]here is no stated connection by any of these persons to any Escobedo family member…[and] [t]here has been no showing as to how any of these people are connected to the

---

[12] Similar to the requests for production, the interrogatories are overbroad, unduly burdensome, or otherwise objectionable.

Escobedo murders"). *Id*. at *24*. In other words, the Government raised substantive objections as opposed to Rule 6 arguments. This was misplaced.

The proposed interrogatories seek information such as "[p]rovide the identity of persons who have interacted with Martin Sosa regarding illegal drug activity in Florida, including any gang or cartel affiliations." *Id*. at 33. In the Amended Discovery Motion, the Movant has failed to provide the Court with the most basic of information needed to show good cause. Such as, who is Martin Sosa and why is he relevant to the Movant's *Brady* claim? Without this information, the Movant has not established "good cause that the evidence sought would lead to relevant evidence regarding his petition." *Payne v. Bell*, 89 F. Supp. 2d 967, 970 (W.D. Tenn. 2000)("vague and conclusory assertions are not sufficient under Rule 6 and a petitioner may not embark on a fishing expedition intended to develop claims for which there is no factual basis."). Indeed, the Movant has not attempted to show good cause by explaining the relevance of the interrogatory to the constitutional claim raised in his Second Amended § 2255 Motion. Absent good cause, he is not entitled to serve this discovery.

### 3. Third-Party Discovery

Hopeful that there may be favorable documents or responses not within the possession or control of the United States Government, the Movant has filed "catch-all requests" seeking third-party discovery:

> To the extent that such evidence responsive to [Movant's] Requests for Production of Documents subsection A through subsection I, is beyond the control of the Government, [Movant] requests authorization for issuance of third-party subpoenas.

ECF No. [83] at 30.

> To the extent that such information is beyond the control of the Government, [Movant] requests authorization to conduct depositions of any party identified as having possession of the same.

*Id*. at 40.

With such minimal information, the Court is unable to ascertain the establishment of good cause. The Court cannot determine if the Movant's request could lead to the discovery of evidence in support of his claims when the Court has not been advised as to whom or what organization the Movant seeks this information. Absent the requisite indispensable information, the Movant has failed to establish good cause. *See Green v. Artuz*, 990 F.Supp. 267, 271 (S.D.N.Y.1998) (Petitioner's "generalized statements about the possible existence of material [in support of a habeas petition] do not constitute 'good cause' [for discovery under Rule 6].")

### B. Ballistics and Toolmark Evidence

In the Second Amended § 2255 Motion, the Movant asserts two claims of ineffective assistance of counsel; one during the guilt phase (Claim VII) and another during the penalty phase (Claim VIII). *See* ECF No. [80].

In Claim VII, the Movant asserts that his trial counsel was ineffective for failing to investigate and present available evidence supporting counsel's chosen defense: (1) trial counsel failed to "fully investigate and present exculpatory cell phone record evidence;" (2) trial counsel failed to fully investigate and challenge the Government's shell casings evidence; (3) trial counsel failed to properly challenge the admissibility of the testimony of the Government's toolmark experts; (4) trial counsel failed to present available expert testimony to rebut Government experts; (5) trial counsel failed to object to the prosecutor's misconduct in guilt phase closing arguments; and (6) trial counsel failed to timely challenge the composition and selection of the grand and petit jury venires. ECF No. [80] at 153-96.

In Claim VIII, the Movant contends that he was also deprived the effective assistance of counsel at the penalty phase of trial. ECF No. [80] at 199.  Specifically, the Movant argues that his counsel's pre-trial and penalty phase investigations were deficient.  The Movant asserts that counsel:  (1) failed to adequately: (*a*) investigate mental health issues, (*b*) investigate education records, (*c*) investigate his classmates, friends and family, (*d*) deficiently utilized and prepared experts, and (*e*) conducted a deficient preparation of the prosecution's penalty phase expert and failed to establish his impaired mental state and reduced culpability;  (2) failed to adequately investigate and present evidence that he is intellectually disabled; (3) failed to adequately investigate and present evidence that he has neuropsychological impairments and the resulting effect on his mental state and behavior; (4) failed to investigate and present evidence of his psychiatric disorders and symptoms and the resulting effects upon his functioning; (5) failing to object to the prosecution's misconduct curing the penalty phase closing argument where the prosecutor: (*a*) vouched for witnesses and made reference to non-record facts, (*b*) disparaged the defense suggesting that it was fabricated, and (*c*) diluted the jurors' individual sense of responsibility and urged the imposition of the death penalty for improper reasons; and (6) the cumulative effects resulted in prejudice.   ECF No. [80] at 199-289.   This single claim encompasses almost one-quarter of the entire Second Amended § 2255 Motion.   The claim asserts a multitude of factual and legal arguments; it is broad in both its scope and depth.

Here, the Movant seeks to inspect physical evidence as to Claim VII and serve requests for production and third-party discovery as to Claims VII and VIII.  The Movant failed to cite specific sub-claims, arguments, or related page numbers from his Second Amended § 2255 Motion which would correlate to these discovery requests.   Rather, the Movant argues generically that he "anticipates this discovery will show counsel rendered ineffective assistance."

ECF No. [83] at 43.  This generalized statement regarding ineffective assistance of counsel fails to provide the Court with the specific factual allegations that this proposed discovery would support.  It is the Movant's obligation to present the Court with the claim he is seeking § 2255 relief and the reasonably fashioned discovery procedure he seeks to prove that claim.  While a district court may exercise its discretion and grant a discovery request where a habeas petitioner can point to specific evidence that might be discovered that would support his constitutional claims, without such a showing, a federal court will not order discovery. *See Marshall v. Hendricks*, 103 F. Supp. 2d 749, 763-64 (D. N.J. 2000) (rev'd, in part, on other grounds, 307 F.3d 36 (3d Cir. 2002)).

### 1.   Inspection of Physical Evidence

The Movant seeks an order from the Court permitting "[the Movant's] expert to physically inspect evidence."  ECF No. [83] at 43. According to a declaration from the Movant's expert, James Gannalo, he needs to inspect and conduct non-destructive testing "[i]n order to perform a comprehensive evaluation, and to reach reliable forensic conclusions." *Id*.  The Movant argues that this discovery is required because he has asserted that his counsel was ineffective for failing to "properly challenge the admissibility of the Government's toolmark experts and [] to present available expert testimony." *Id*. at 40.   The Movant maintains that his counsel's performance was deficient and he was prejudiced because the jury should have learned "that the testimony of Government's toolmark 'experts' was materially false, that no physical evidence existed to connect [Movant] or any other defendant to the weapons used in the murders of the Escobedo family, and that the ballistic/toolmark evidence collected at the crime scene tended to demonstrate that someone other than [Movant] was responsible for those murders." *Id*. According to the Movant, [i]t is anticipated that physical inspection of the ballistics evidence and

production of the documents requested [] will support the claim that [Movant's] defense was prejudiced by counsel's failure to investigate." *Id*. at 42.

The Government responds that the Movant's argument "falls short." ECF No. [91] at 25. The Government contends that the Movant's expert declaration is "filled with speculation" and a review of the original evidence by a newly-hired expert is not warranted. *Id*. at 25.   The Government further responds that the "instant discovery is based on pure speculation that the requested items will produce a different expert opinion nine years after trial." *Id*. at 26.

The Movant replies that his claim sets forth facts which, together with the reasonable inferences that [he] is entitled at this point, create a reasonable probability of a different outcome.  ECF No. [107] at 27.   Further, the Movant argues that the question to be answered is "[i]f trial counsel had demonstrated the unreliability of the Government's toolmark experts, is there a reasonable probability of a different result." *Id*. at 28.

Claim VII contains six distinct sub-claims.  Of those six sub-claims, three appear likely related to this discovery request.  However, all or none of these sub-claims may be applicable to the request for physical inspection.  The Court has no way of knowing.  Moreover, it is not inclined to guess.  It is not enough to say that the Movant needs discovery to provide factual support for his claim but he must show that he requires this discovery in order to prove his claim. "Merely claiming discovery is necessary is insufficient." *United States v. Tuakalau*, 562 Fed.Appx. 604, 610 (10th Cir. 2014) (unpublished).   "'Nor is it sufficient to offer general, conclusory or speculative assertions that discovery would provide the factual basis for a claim.' *See Wallace v. Ward*, 191 F.3d 1235, 1245–46 (10th Cir. 1999)." *Scott v. United States*,  2015 WL 10877548, at *14 (D. Wyo. Apr. 29, 2015).

In other words, does the Movant need to *conduct an inspection of the weapons, projectiles and cartridge casings* in order to demonstrate his entitlement to relief on his claim of ineffective assistance of penalty phase counsel?  The only information before the Court is the statement of the newly retained expert who says that he needs to conduct physical testing "to perform a comprehensive evaluation, and to reach reliable forensic conclusion about the firearms and toolmark evidence in this case" but the Movant has not explained why a comprehensive evaluation is required in order to demonstrate either the deficiency or prejudice prong of *Strickland*.[13]  ECF No. [83-8] at 2.  Rule 6 requires that the party seeking leave of court provide reasons for the request.   "Doing so enables the Court to evaluate whether the discovery would lend support to adequately articulated claims involving specific factual allegations. Discovery is not to be used for 'fishing expeditions to investigate mere speculation' or for a prisoner to 'explore [his] case in search of its existence.'" *Calderon v. U.S. District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) (citations omitted).  *United States v. Swisher*, 272 F.R.D. 553, 555 (D. Idaho 2011).

### 2.  Request for Production

Similar to the prior request, the Movant failed to cite any specific sub-claim, argument, or corresponding page number in his Second Amended § 2255 Motion relevant to this specific discovery request.  The Movant generally states that his request supports Claims VII and VIII. In support of these two claims, the Movant seeks to serve the Government with a single document request. *Id*. at 44-45.

---

[13]   Mr. Gannalo was able to reach an expert opinion regarding the procedures used by the Government's experts at trial without the inspection of physical evidence. In his Declaration, he stated that "[i]f I had been called to testify as a pretrial *Daubert* hearing or at trial, I would have testified to the same regarding the unreliability of the toolmark identification in this case." ECF No. [83-8] at 8.

> All documents containing information that [Movant] did not fire a weapon at the time of the murders of the Escobedo family and/or had a lessor role in the murders.

ECF No. [83] at 45.   Rather than dispute establishment of good cause, the Government has provided a substantive answer; obviating the need for the Court to make a good cause determination.   In response to this request, the Government stated "[t]o the United States' knowledge no such documents exist."   ECF No. [91] at 30.   As such, the Government has responded to the request and stated that there are no responsive documents.   This request for discovery is moot.

### 3.   Third-Party Discovery

Similar to the prior request for third-party discovery, the Movant seeks to insure that if the Government is not in possession of certain documents or information that the Court will grant him leave to issue third-party subpoenas or conduct depositions to obtain the information.   *See id*. at 44-45.   As previously stated when denying his prior request to conduct third-party discovery, the Court is unable to ascertain the establishment of good cause.   The Court cannot determine if the Movant's request could lead to the discovery of admissible evidence supporting his claims when the Court has not been advised as to who or what organization or agency the Movant seeks to obtain this information.   "Petitioner does not explain who in this group may have information or what specific evidence he hopes to discover. This type of request does not constitute good cause but is more properly characterized as a 'fishing expedition.'" *Marshall,* 103 F. Supp. 2d at 763-64 (internal citations omitted).   Without more, the Movant has failed to establish good cause.

It is **ORDERED AND ADJUDGED** that the Movant, Ricardo Sanchez, Jr.'s Amended Motion for Discovery and Consolidated Memorandum of Law, ECF No. [83], is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on this 12th day of June, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

23