UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-80693-CIV-BLOOM
Capital Case – no execution date scheduled

RICARDO SANCHEZ, Jr.,

        Movant

v.

UNITED STATES OF AMERICA,

        Respondent

_____/

**SECOND MOTION FOR EXTENSION OF TIME
TO FILE A REPLY TO THE RESPONSE
TO SANCHEZ'S AMENDED §2255 MOTION
AND INCORPORATED MEMORANDUM OF LAW**

Movant Ricardo Sanchez, through undersigned counsel, respectfully requests that this Court continue the deadline for Sanchez's reply to the response to his amended §2255 motion. *See* ECF No. [110]. On May 21, 2018, the Government filed a response to Sanchez's Amended § 2255 Motion. ECF No. [102]. Sanchez requested and received additional time to file his reply and it is currently due on September 24, 2018. ECF No. [110]. New circumstances warrant an extension to ensure Sanchez's ability to fully and fairly pursue his one opportunity for post-conviction review.

Sanchez has consulted with counsel for the Government about this motion. The Government takes no position on Sanchez's request for extension. The Government, however, advises counsel that it shares Sanchez's interests in the promotion of judicial economy and in bringing Sanchez's and Troya's respective pending §2255 motions into a similar procedural posture.

**I.    DEA records related to this case are the subject of a FOIA lawsuit. Records from the FBI and ATF are likely to become part of that suit.**

There remains to be disclosed a wealth of information relevant to the issues pled in Sanchez's amended §2255 motion. Recently, undersigned became aware of—and have moved to intervene in—co-defendant Daniel Troya's lawsuit under the Freedom of Information Act (FOIA) and the Privacy Act (PA) for disclosure of Drug Enforcement Agency (DEA) and Department of Justice documents relevant to the investigation and trial of this case.[1] *See Troya v. United States*, No. 16-80700-civ-Bloom, ECF No. [141] (Troya's unopposed request for extension of time pending the outcome of FOIA/PA litigation). Daniel Troya and Ricardo Sanchez were charged with essentially the same crimes, and after a joint, two-month trial in this district, they were convicted of essentially the same crimes and received the same sentences. *See United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013). The records at issue in Troya's FOIA lawsuit relate to the criminal case and prosecution shared by Troya and Sanchez.[2] They are relevant to several claims in Sanchez's amended §2255 motion.[3]

---

[1] The post-conviction cases for Troya and Sanchez are separate; each has its own case number and docket. A review of Troya's docket alerted undersigned to new circumstances.

[2] This motion refers to "Troya's" FOIA lawsuit although the plaintiff in that case is a paralegal who works on Troya's case. It will also refer to actions by Sanchez although they are undertaken by an investigator who works on Sanchez's case.

[3] *See, e.g.*, ECF No. [80] at 11, 49, 255, 94, 112, 146, Claim I (juror misconduct); Claims III & VIII(F) (intellectual disability and counsel's failure to present evidence of the same); Claim IV (incompetence to stand trial); Claim VI (*Brady* claims);

2

Troya is litigating denials and redactions of FOIA requests for "all documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of" Troya in criminal case number 9:06-cr-80171. *Troya*, No. 9:16-cv-80700, ECF No. [141] at 2. That criminal case includes the joint investigation and indictment of Troya, Sanchez, and co-defendants Danny Varela, Juan Gutierrez, Liana Lee Lopez, and Kevin Vetere, as well as, the joint trial of Troya, Sanchez, Varela, and Lopez. Troya's FOIA requests and litigation include documents concerning Sanchez and the other co-defendants.[4] *Id*. at 3.

Separately, Troya is pursuing FOIA requests for records—including records specific to Sanchez—from the FBI and ATF. *Id*. at 7, 11, 12.

---

Claim VII (counsel's failure to adequately investigate and challenge the criminal investigation and the government's evidence of guilt).

[4] Specifically, the requested documents include:

> (3) all public documents, files, records, etc. pertaining to any investigation, arrest, indictment, conviction, sentencing, investigation, arrest, indictment, conviction, sentencing, incarceration, and/or parole of Co-Defendant (2) Ricardo Sanchez (a/k/a "Rick"), DOB: 04/22/1983, who was charged on April 18, 2007, with violations of 21 U.S.C. § 846, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), 18 U.S.C. § 922(g), 18 U.S.C. §§ 924(c), and 924(j)), 18 U.S.C. § 2119(3), 18 U.S.C. § 3591(a)(2)(A) and 3592(c)(5), 3592(c)(8), (3592(c)(9), (3592(c)(11), and 3592(c)(16), in criminal case number 9:06-Cr-80171 in the U.S. District Court for the Southern District of Florida[.]

Following up on the recent filing by Troya's counsel, undersigned reviewed the records-collection activities of Sanchez's prior §2255 counsel.[5] A closer investigation of the file possessed by prior counsel and transferred to undersigned reveals that documents labeled as "FOIA" records were not obtained through FOIA requests initiated by prior counsel. Instead, Troya's counsel had shared records they previously had obtained through FOIA requests. FOIA requests made on behalf of Sanchez to several federal agencies, including the DEA, received either blanket denials or were unanswered by government agencies. Prior counsel did not further pursue the document requests.

New FOIA/PA requests have been made on behalf of Sanchez. The DEA has not made a determination within the statutory time frame and Sanchez has filed a motion to intervene in Troya's FOIA lawsuit.

## II.    The government's recent disclosure of information to Troya but not Sanchez.

The United States Attorney's Office recently provided Troya with records related to Troya's mental health. It also revealed that electronic communications related to this case, including information about the defendants' mental health, has been destroyed. *Troya*, No. 9:16-cv-80700, ECF No. [141] at 17, ECF No. [137-1] at 2-4. *Pro bono* counsel will be pursuing legal remedies for the destruction of this information. *Id.* ECF No. [141] at 17.

---

[5] Former §2255 counsel labored under a conflict of interest and were removed from the case approximately a year and a half ago. Undersigned counsel were thereafter appointed to represent Sanchez. ECF No. [63].

The government's revelation is contained in its response to Troya's request for production of documents. In that response, the government indicates it is producing "documents regarding mental health evidence reviewed or analyzed by a mental health expert [and] contained in either the mental health expert's file or the Assistant United States Attorneys (past, present, or firewalled) files." *Id.* at ECF No. [137-1]. In general, those documents include records by government experts Dr. Brannon and Dr. Carter, along with records related to critical events in Troya's life and Troya's medical records and prison incident reports.[6] *Id.* at 2-3.

Like Troya, Sanchez has pled claims based on his mental health.[7] Sanchez's prior §2255 counsel, like Troya's counsel, served a request for production of documents on the government requesting records related to Sanchez's mental health and mitigation. Unlike their response to Troya's request, the government did not disclose records to Sanchez's counsel. ECF No. [25-1] at 11.[8] Recently,

---

[6] Dr. Brannon did not testify against Troya but did testify against Sanchez. Dr. Carter was retained by the government to assist in the cross examination of defense mental health experts.

[7] For example, Claim III asserts Sanchez is intellectually disabled, Claim IV alleges that Sanchez was incompetent to stand trial, and Claim VIII contends trial counsel failed to investigate and present mitigating evidence of Sanchez's mental and emotional impairments. ECF No. [80]. The government objected to prior counsel's discovery request related to Claims IV and VIII. ECF No. [35] at 6, 16. Internal communications about Sanchez's cognitive abilities, mental state, and mitigation evidence, as well as trial accommodations for Sanchez, likely would be contained in email. The government now admits any email communications older than three years have been destroyed. *Troya*, No. 9:16-cv-80700, ECF No. [137-1] at 2-5.

[8] The government responded:
> USAO does not have any of these documents. Note as stated earlier, Dr. Michael Brannon was the only mental health professional engaged by

undersigned counsel contacted counsel for the government to request disclosure of information related to Sanchez's mental health similar to that disclosed to Troya's counsel. The government will not provide Sanchez with the same information.

Undersigned will prepare a motion to compel the government to produce information in its possession that relates to mental health mitigation for Sanchez. For example, the government produced to Troya: notes from their expert, Dr. Brannon, who performed a pre-trial examination of Troya; notes of cross-examination consultation sent by Dr. Carter who the government retained to assist in their cross-examination of defense experts; medical records of custodial authorities; and, prison incident reports from detention facilities. *Troya*, No. 9:16-cv-80700, ECF No. [137-1] at 2-3. Production of the same records in the government's possession that relate to Sanchez's mental health mitigation is equally relevant to Sanchez's claims.

## III.    Other discovery issues remain outstanding.

Counsel previously notified the Court of the intention to move for discovery related to Claims VI (*Brady* claims) and VII (ineffectiveness of counsel at the guilt phase), in accordance with the constructive remarks provided in the Court's order of June 12th. *See* ECF No. [109] at 4-5, ¶¶5, 6. Substantial progress on this motion has been made, however, it is not yet complete due to counsel's work on a case with

---

the United States. He is the only person who interacted with Ricardo Sanchez for the issues cited above. We disclosed all discoverable information on this issue prior to calling him as a witness in the penalty phase.

an imminent execution date. The stay litigation counsel referenced in the first motion for additional time, ECF No. [109] at 2-3, has progressed at an exceptional speed. The trial court in that case entered a final order two days following a ten-day evidentiary hearing. Undersigned had to file an appellate brief fifteen days after the appellate record was filed, and has only seven days to file a reply brief. Oral argument in that case is scheduled for October 3, 2018. Accordingly, counsel require additional time to re-file Sanchez's discovery motion.

**IV.**    **The interests of justice are served by the simultaneous resolution of claims related to the convictions of both Troya and Sanchez. Allowing Sanchez and Troya to simultaneously resolve their FOIA-related litigation promotes those interests.**

As Sanchez has already set forth above, Sanchez and Troya were tried together. Essentially the same set of operative facts underlie their convictions. Additionally, during the course of their respective §2255 motions, they have shared much, even if not all, of the information they have obtained via discovery and their investigative endeavors. It is believed that their respective §2255 motions will ultimately share many of the same issues as to the guilt phase of their capital trials. As they are set forth in Sanchez's current §2255 motion, those issues will require extensive factual development and a significant expenditure of judicial resources. Allowing Sanchez and Troya to simultaneously resolve the pending FOIA litigation would serve to bring the two post-conviction motions into a more similar procedural posture and permit Sanchez, Troya, the Government and the Court to consider ways in which that expenditure of resources will not have to be made twice.

7

## V.      Conclusion

Because Sanchez bears the burden of proof throughout these proceedings—to establish both the need for discovery and ultimately his right to habeas relief—Sanchez requires the opportunity to develop facts through both formal and informal processes. Sanchez intends, as soon as possible, to file to separate motions for discovery. The government has disclosed categories of information to Troya but not to Sanchez and the case should not advance on the pleadings until Sanchez receives the same information and discovery is complete. Separate litigation over the improper withholding of agency documents is pending and the outcome will impact Sanchez's ability to prove the claims before the court. Additional time will not prejudice the government as it has consented to additional time in Troya's case for the same reasons. Accordingly, an extension of time to reply to the government's §2255 response is warranted.

WHEREFORE, Sanchez respectfully requests this Court follow the procedure it has set forth in *Troya v. United States*, No. 16-80700-Civ-Bloom, ECF No. [142], to wit:

1.      To extend the deadline for filing Sanchez's reply to the Government's Response to Sanchez's Amended § 2255 Motion. ECF No. [102] until the conclusion of FOIA litigation currently proceeding *sub nom Kowal v. Department of Justice and Drug Enforcement Agency*, Civil Action No. 1:18-cv-938-TJK, United States District Court, District of Columbia, and to thereafter set a new date for Sanchez's reply; and,

2.      To direct Sanchez to report to the Court every sixty (60) days of the status of such proceedings and to immediately inform the Court of the conclusion of such proceedings.

Respectfully submitted,

s/Stephen M. Kissinger
Stephen M. Kissinger, WY Bar No.5-2342
Asst. Federal Community Defender
Stephen_Kissinger@fd.org

s/Dana C. Hansen Chavis
Dana C. Hansen Chavis, TN Bar No.019098
Asst. Federal Community Defender
Dana_Hansen@fd.org

Federal Defender Services
 of Eastern Tennessee, Inc.
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone: (865) 637-7979
Facsimile: (865) 637-7999

Attorneys for Movant Ricardo Sanchez, Jr.

Dated: September 20, 2018

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by the Court's CM/ECF service on September 20, 2018, on all counsel or parties of record on the Service List below.

s/Stephen M. Kissinger
Stephen M. Kissinger

## SERVICE LIST

Stephen Carlton, Assistant United States Attorney
Stephen.Carlton@usdoj.gov
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526


Stephanie D. Evans, Assistant United States Attorney
Stephanie.D.Evans@usdoj.gov
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526

Attorneys for Respondent United States of America