UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-80693-CIV-BLOOM
Capital Case – no execution date scheduled

RICARDO SANCHEZ, Jr.,

        Movant

v.

UNITED STATES OF AMERICA,

        Respondent

_____/

## **STATUS REPORT**

COMES NOW Movant, Ricardo Sanchez, Jr., through undersigned counsel and pursuant to this Court's order, ECF No. [112], provides the following status report:

A motion to intervene in *Kowal v. DEA, et al.*, No. 1:18-CV-938 (D.D.C. 2018), has not been filed. Instead, Sanchez is currently pursuing his own independent FOIA action.[1] This change in circumstances arises from recent action by the DEA and it is the reason this status report is filed before the due date of January 22nd.

The DEA responded to Sanchez's outstanding FOIA request before undersigned was able to file a renewed motion to intervene in the *Kowal* case. Sanchez must now actually exhaust administrative remedies for the DEA's deficient response before filing any lawsuit or seeking to intervene in *Kowal*. Actual exhaustion is required because, although the DEA's response was outside the required statutory time period, the agency responded before a lawsuit was filed.[2]

---

[1] The FOIA request was made by investigator Michael Chavis in the course of his representation and on behalf of Ricardo Sanchez. For ease of reference, the FOIA request, administrative appeal, and (if necessary) subsequent litigation is designated as belonging to Sanchez.

[2] Exhaustion was not previously an issue because FOIA provides for constructive exhaustion and allows a FOIA requestor to file a lawsuit when an agency fails to make a determination on the records request within the statutory time period. *See* 5 U.S.C. § 552(a)(6)(C).

*Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 63 (D.C. Cir. 1990) ("[A]n administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed.").

On Friday January 4, 2019, undersigned received from the DEA a letter dated December 18, 2018, that responds to Sanchez's FOIA request. The agency located 332 pages; it withheld two-thirds of those documents in their entirety (225 pages) and released 107 pages which are heavily redacted. Attachment A, DEA letter 12/18/18 pp.1-4. Undersigned reviewed the redacted pages and the FOIA exemptions claimed by the agency and have determined that records and information have been improperly withheld. On Tuesday, January 8, 2019, Sanchez filed an administrative appeal of the DEA's determination regarding the FOIA request.[3] Attachment B, appeal confirmation.

Sanchez will pursue disclosure of the records and information related to him not simply to vindicate rights under FOIA but because the information is relevant to and supports his claims before this Court. For example, Claim VI in the amended §2255 motion ECF No. [80] at 112-53 of 365, describes proof of third-party guilt that was withheld from Sanchez's trial attorneys and that was not revealed to Sanchez's jury. Evidence of telephonic communications was a large part of the prosecution's case against Sanchez and codefendant Troya, and telephone communications are also important to the *Brady* claim. The DEA possesses and has withheld evidence of telephone communications between several people that includes telephone numbers (contacts, dialed, received and missed), call times, caller identities, as well as text and voice messages for times before, during and after the crimes. *See, e.g.*, Attachment C, redacted DEA-6 pp. 57-60.

---

[3] The FOIA allows for an appeal within 90 days of an agency response. *See* 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

The agency also possesses and has withheld the same type of information that was obtained from Sanchez's phone. *See, e.g.*, Attachment D, redacted DEA-6 pp. 53-56. Accordingly, Sanchez is currently administratively appealing his FOIA action.

Sanchez's next status report will be filed with this Court on Monday March 11, 2019.[4]

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

s/Stephen M. Kissinger
Stephen M. Kissinger, TN Bar No. 037082
Asst. Federal Community Defender
Stephen_Kissinger@fd.org

s/Dana C. Hansen Chavis
Dana C. Hansen Chavis, TN Bar No.019098
Asst. Federal Community Defender
Dana_Hansen@fd.org

800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Telephone: (865) 637-7979
Facsimile: (865) 637-7999


Attorneys for Movant Ricardo Sanchez, Jr.

Dated: January 9, 2019

---

[4] Sixty days from today falls on Sunday, March 10, 2019, therefore, pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the Status Report will be filed by the "end of the next day that is not a Saturday, Sunday, or legal holiday."

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by

the Court's CM/ECF service on January 9, 2019, on all counsel or parties of record on the

Service List below.

<u>s/Stephen M. Kissinger</u>
Stephen M. Kissinger

## SERVICE LIST

Stephen Carlton, Assistant United States Attorney
Stephen.Carlton@usdoj.gov
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526


Stephanie D. Evans, Assistant United States Attorney
Stephanie.D.Evans@usdoj.gov
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: (561) 820-8711
Facsimile: (561) 659-4526

Attorneys for Respondent United States of America

4